# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

October 16, 2003

Abid Qureshi
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, NY 10022-2524

Natalie M.K. DeVooght
Sidley Austin Brown & Wood LLP
Bank One Plaza
10 S. Dearborn Street
Chicago, IL 60603

Alan Shapiro
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044

**Re: United States v. State Street Bank & Trust Co.
Adv. Proc. No. 01-4605**

Dear Counsel:

As a follow up to my ruling of October 1, 2003 regarding <u>in camera</u> review of privileged documents and in response to Mr. Qureshi's October 9, 2003 transmittal letter and Ms. DeVooght's October 14, 2003 transmittal letter this is my ruling on the production of those documents.

With one exception, I find the documents delivered by Mr. Qureshi on behalf of the Debtor contain information, including

2

recapitalization strategies, consistent with the scenario I postulated on the record at the October 1, 2003 hearing (see transcript pp. 43-44) regarding the first Chapter 11 case being a first step to the tax avoidance result sought to be effected by the plan in the second Chapter 11 case. Consequently, for the reasons stated on the record at the October 1 hearing, I am directing that all of the identified documents be turned over to Mr. Shapiro pursuant to his discovery request, except the document identified as "Log 3, Item 81." That document addresses matters which I find completely irrelevant to the issue at hand.

With respect to the documents produced by Ms. DeVooght on behalf of Allstate Insurance Co., I would first observe that it is not apparent to me that any of these documents constitute attorney-client communications or attorney work product. Indeed, I conclude that the first two documents could not possibly be deemed attorney-client communications or attorney work product since both of them simply deal with financial determinations to write down Allstate Insurance Co.'s investment in the cable company. With respect to the third and fourth documents, for the reasons stated above regarding the two-step reorganization scenario, I believe they should also be produced. Thus, the four identified documents should be produced.

3

I assume that counsel will forthwith deliver copies of the subject documents to Mr. Shapiro.

Very truly yours,

Peter J. Walsh

PJW:ipm

cc: Peter J. Duhig, Esq.
Francis A. Monaco, Jr., Esq.
Peter W. Benner, Esq.
Virginia W. Guldi, Esq.
Joe Handlon, Esq.
Guy Neal, Esq.