UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SCOTT CABLE COMMUNICATIONS, INC. | : | Case No. 3:02-CV-1725 (AWT) |
| | : | |
| d/b/a AMERICAN CABLE ENTERTAINMENT, | : | (consolidated bankruptcy appeals) |
| | : | Bankr. Ct. Case No. 98-51923) |
| | : | |
| | : | |
| Debtor. | : | |

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Appellant, | : |
| | : |
| v. | : |
| | : |
| SCOTT CABLE COMMUNICATIONS, INC., | : |
| STATE STREET BANK AND TRUST CO. | : |
| as Indenture Trustee for certain note holders, and | : |
| AKIN GUMP STRAUSS HAUER & FELD LLP, | : |
| | : |
| Appellees. | : |

---

### REPLY OF SCOTT CABLE COMMUNICATIONS, INC. AND AKIN GUMP STRAUSS HAUER & FELD LLP TO THE UNITED STATES' OPPOSITION TO THEIR REQUEST FOR AN EXTENSION OF TIME TO FILE THEIR APPELLEES' BRIEF IN THE CASH COLLATERAL/INTERIM-FEES APPEAL

AKIN GUMP STRAUSS
HAUER & FELD LLP
Daniel H. Golden
Shuba Satyaprasad (*pro hac vice* application pending)
590 Madison Avenue
New York, New York 10022
(212) 872-1000

Attorneys for Appellees
SCOTT CABLE COMMUNICATIONS, INC. AND
AKIN GUMP STRAUSS HAUER & FELD LLP

WEST 5721512 v3

## REPLY OF SCOTT CABLE COMMUNICATIONS, INC. AND AKIN GUMP STRAUSS HAUER & FELD LLP TO THE UNITED STATES' OPPOSITION TO THEIR REQUEST FOR AN EXTENSION OF TIME TO FILE THEIR APPELLEES' BRIEF IN THE CASH COLLATERAL/INTERIM-FEES APPEAL

### INTRODUCTION

The United States insists on the one hand that the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") should not be paid for its services as counsel to Scott Cable Communications, Inc. (the "Debtor"), and demands on the other that Akin Gump incur substantial expense briefing the Cash Collateral and Interim-Fees Appeal[1] that may well become moot – even though the United States concedes that this Court's stay "makes it unnecessary to expedite a determination" of these issues.  (Opposition at 14.)  The United States' strident arguments opposing the extension request filed by Appellees Akin Gump and the Debtor (collectively, "Appellees") are unavailing.

First, the United States' argument that the Cash Collateral/Interim-Fees Appeal cannot be severed from the Conversion Appeal is belied by its own opening brief on appeal, which splits the appeals neatly into two distinct parts, each with its own separate list of issues.

Next, the United States' argument that it would be "convenient" to resolve "jurisdictional issues" is a nonstarter because the "jurisdictional issues" to which it refers concern the Connecticut Bankruptcy Court's interlocutory order transferring the Adversary Proceeding to the Delaware Bankruptcy Court and that Court's

---

[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the *Application of Scott Cable Communications, Inc., et al. for an Extension of Time to File Their Appellees' Brief in the*

WEST 5721512 v3

**ZEISLER & ZEISLER, P.C.  •  ATTORNEYS AT LAW**
558 CLINTON AVENUE  •  P. O. BOX 3186  •  BRIDGEPORT, CONNECTICUT 06605-0186  •  (203) 368-4234  •  JURIS NO. 69625

interlocutory order granting the Debtor leave to intervene, neither of which can be resolved now because they are not ripe for appeal. Rather, as the United States recognizes, they may be appealed only upon entry of a final judgment. (Opposition at 3, 4 n.6.)

Finally, the United States' argument that the outcome of the Adversary Proceeding has no bearing on the Cash Collateral/Interim-Fees Appeal is meritless. If the United States loses the Adversary Proceeding, the Cash Collateral/Interim-Fees Appeal will be moot. There is simply no legal basis – and the United States cites no supporting authority – for its argument that the Indenture Trustee has "released" its lien by entering into an agreement with the Debtor to let it use estate funds to pay its legal fees. Further, even if the United States wins the Adversary Proceeding, at least a portion of the Cash Collateral/Interim-Fees Appeal will be moot, as the United States itself concedes.

In sum, this Court should grant Appellees' request for an extension of time to brief the cash collateral/fee issues, a request that will prejudice no one and that will most likely save this Court time and spare the limited resources available.

## LEGAL ARGUMENT

### I. SEVERANCE OF THE CONVERSION APPEAL FROM THE CASH COLLATERAL/INTERIM-FEES APPEAL IS SIMPLE, PRACTICAL, AND EFFICIENT.

The United States argues that the "interrelationship among the issues makes severance impractical." (Opposition at 8.) But the United States' own Appellant's Brief meticulously divides the Conversion Appeal and the Cash Collateral/Interim-

---

*Cash Collateral/Interim-Fees Appeal* (the "Application"), which was filed with this Court on April 15,

5721512

2

**ZEISLER & ZEISLER, P.C.** • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

Fees Appeal, listing separate sub-issues pertaining to each, and briefing each separately. (Appellant's Brief at 27-37; 37-71.)

In the Conversion Appeal, the United States argues that the Connecticut Bankruptcy Court abused its discretion in denying the United States' motion to convert the proceeding to chapter 7 or to appoint a chapter 11 trustee based on: (1) the Debtor's alleged "inability to effectuate a Plan," (2) the alleged "continuing diminution of the estate," and (3) the alleged "conflict of interest of Debtor's management."[2] (Appellant's Brief at 27-37.)

By contrast, in the Cash Collateral/Interim-Fees Appeal, the United States argues, *inter alia*, that the Connecticut Bankruptcy Court abused its discretion in overruling the United States' objections to the Debtor's fifth application for use of cash collateral and in awarding interim fees to Akin Gump based on its argument that the Connecticut Bankruptcy Court should not have relied on the Delaware Bankruptcy Court's March 4, 2002 order granting the Debtor leave to intervene in the Adversary Proceeding ("the Intervention Order").

Although the Connecticut Bankruptcy Court summarily denied the United States' motion to convert the proceeding to chapter 7 or appoint a trustee, the United States claims that the denial was premised, in part, on the Connecticut Bankruptcy Court's interpretation of the Intervention Order. Accordingly, the United States contends that the two Appeals are indivisible because this Court will have to consider the Intervention Order in deciding each Appeal. (Opposition at 8.) This argument

---

2005.

5721512                                     3

WEST 5721512 v3

**ZEISLER & ZEISLER, P.C.** • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

fails.  To the extent that the United States is suggesting that this Court can rule on the propriety of the Intervention Order itself, it is wrong.  Review of that Order must await a final judgment in the Adversary Proceeding and must be appealed in Delaware, not Connecticut.  This Court may not decide the Conversion Appeal based on the United States' implicit argument that the Intervention Order was erroneous because it allegedly created a "conflict of interest."[3]

There is thus no reason that this Court cannot defer ruling on the Cash Collateral/Interim-Fees Appeal until resolution of the Delaware Adversary Proceeding, which, as explained below and in the Application, will result in the resolution of most, if not all, of the issues in the Cash Collateral/Interim-Fees Appeal.[4]

## II.  RESOLUTION OF THE ADVERSARY PROCEEDING WILL MOOT ALL OR MOST OF THE ISSUES RAISED BY THE CASH COLLATERAL/ INTERIM-FEES APPEAL.

### A.  If the United States Loses the Adversary Proceeding, All of the Cash Collateral/Interim-Fees Appeal Issues Will Be Moot.

If the Indenture Trustee and the Debtor prevail against the United States in the Delaware Adversary Proceeding, the Indenture Trustee will retain its security interest in all of the cash in the Bankruptcy Estate (the "Cash Collateral").  It is undisputed that the amount needed to satisfy the secured interest of the Noteholders will entirely

---

[2] The Conversion Appeal claims that there is a conflict of interest based on its argument that the Debtor's intervention in the Adversary Proceeding and its acquisition of rights to use the cash collateral for litigation defense costs conflicts with its fiduciary duties as debtor in possession.

[3] Indeed, the United States acknowledges that this Court cannot review the orders of the Delaware Bankruptcy Court.  (Opposition at 4 n.6.)

WEST 5721512 v3

ZEISLER & ZEISLER, P.C.  •  ATTORNEYS AT LAW
558 CLINTON AVENUE  •  P. O. BOX 3186  •  BRIDGEPORT, CONNECTICUT 06605-0186  •  (203) 368-4234  •  JURIS NO. 69625

deplete the Cash Collateral.  Accordingly, there will be no funds left to pay the United

States, so all of the issues in the Cash Collateral/Interim-Fees Appeal will effectively

be moot.

The United States initially advised Akin Gump, in a telephone conference, that

it agreed with this view.  Later, however, as reflected in its Opposition, the United

States changed its position.  It now argues that even if it loses the Adversary

Proceeding, it will be able to assert a claim to the Cash Collateral designated to pay

the Debtor's attorneys' fees, based on the novel and unsupported theory that the

Indenture Trustee effectively "released" its lien on those funds when it stipulated to let

the Debtor use the Cash Collateral to pay its attorneys' fees.  The United States cites

no authority for the theory that a secured interest is released or waived under such

circumstances, because there is none.

The Stipulation and Agreed Order authorizing Continued Use of Cash

Collateral (the "Stipulated Order"), approved by Order entered July 18, 2002, permits

the Debtor to use its Cash Collateral to pay designated expenses "set forth in the 2002

Budget" in exchange for "valid and perfected replacement liens for the use of Cash

Collateral in the event the Debtor has, now or in the future, assets which are not

already subject to the Trustee's valid and perfected liens."  (Stipulated Order at 5.)  It

is undisputed that the Cash Collateral designated to pay litigation fees has never been

used and remains on deposit in a segregated account (with the balance of the cash

---

[4] Although Akin Gump initially concurred in the United States' proposed appellate briefing schedule, it
soon realized that it would be an inefficient use of this Court's, the Debtor's, and its own resources to
brief the Cash Collateral/Interim-Fees issues before the Delaware Bankruptcy Court rules on the
Adversary Proceeding, the outcome of which could well moot these issues altogether.  For this reason,
Appellees have proposed an extension of time to avoid the prospect of unnecessary briefing and
adjudication.
5721512

5

ZEISLER & ZEISLER, P.C.  •  ATTORNEYS AT LAW
558 CLINTON AVENUE  •  P. O. BOX 3186  •  BRIDGEPORT, CONNECTICUT 06605-0186  •  (203) 368-4234  •  JURIS NO. 69625

collateral/sale proceeds) with the Indenture Trustee asserting lien rights against the entire account. The Indenture Trustee retains its secured interest in *all* of the Cash Collateral, including the Cash Collateral designated for litigation fees, unless and until it is released pursuant to the Stipulated Order. *See, e.g.,* Conn. Gen. Stat. § 42a-9-315 (Uniform Commercial Code) ("a security interest . . . continues in collateral notwithstanding sale, lease, license, exchange or other disposition thereof unless the secured party authorized the disposition free of the security interest . . . .").

The United States' unsupported theory that it will be able to litigate over the Cash Collateral even if it loses the Adversary Proceeding makes no sense and should be rejected. This entirely specious and unsupported argument is merely an attempt by the United States to avoid the infallible conclusion that its appeal is rendered moot in the event the United States does not prevail in the Adversary Proceeding.

5721512

6

WEST 5721512 v3

## B. If the United States Wins the Adversary Proceeding, Most of the Cash Collateral/Interim-Fee Appeal Issues Will Be Moot.[5]

The United States readily concedes that if it wins the Adversary Proceeding, the "priority" issues as to payment of administrative expenses will be moot because there will be no more Cash Collateral. (Opposition at 7.) But the United States argues that issues will remain as to "whether it was appropriate to grant a motion under 11 U.S.C. § 363 for use of estate funds outside the ordinary course of business for the purpose indicated in the cash collateral stipulation." (*Id.*) This argument fails as well. A win by the United States in the Adversary Proceeding would eliminate any Cash Collateral issue, thus mooting the issue of whether it was appropriate for the Connecticut Bankruptcy Court to grant a motion for the use of the Cash Collateral funds for *any purpose*.

The only "fee" issue that might remain following the final adjudication of the Adversary Proceeding would be the United States' contention that it was improper to grant Akin Gump's interim fee request on December 23, 2002. But even were this single issue to remain, the United States offers no reason whatsoever for the Court to decide this single issue of how much, if anything, Akin Gump should be paid for its services prior to the conclusion of the Adversary Proceeding.[6]

---

[5] Appellees do not respond to the United States' argument concerning the relative merits of the parties' positions in the Adversary Proceeding (Opposition at 9-12), because it is irrelevant to deciding the Application request. Appellees do not seek injunctive relief, but merely an extension of time in the interest of judicial economy and efficiency. (Opposition at 9-10)

[6] While the United States notes in its Opposition that it asked Akin Gump to waive its fees in the Delaware Adversary Proceeding in return for the United States stipulating to the Extension request, it gave no valid reason as to why Akin Gump should do so.

5721512

7

**ZEISLER & ZEISLER, P.C.** • *ATTORNEYS AT LAW*
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

## C. The Adversary Proceeding May Moot the Issues on Appeal in the Delaware District Court.

The United States argues that principles of comity may be ignored because the

Delaware *District* Court "has implicitly signaled" that it believes the Connecticut

District Court should take the lead on the fees issues.[7]  (Opposition at 12.)  Even

assuming this to be true, the United States' argument is wrong.  The United States'

appeal of the December 12, 2002 interim fee award in the Delaware District Court is

presently stayed.  There is no reason it will not remain stayed pending resolution of

the Adversary Proceeding and any subsequent proceedings in this Court concerning

Cash Collateral/Interim-Fees issues – assuming any issues remain.  Indeed, as

discussed above, if the Indenture Trustee and the Debtor win the Adversary

Proceeding, there will be no funds available to pay the United States' claim, so the

Delaware Appeal will be moot as well.  Even if the United States wins the Adversary

Proceeding, a portion of the Delaware Appeal will also be moot for the reasons set out

above.

---

[7] By order dated December 12, 2002, the Delaware Bankruptcy Court approved an interim fee application by Akin Gump as to fees incurred in representing the Debtor in the Delaware Adversary Proceeding.  On December 20, 2002, the United States sought leave to appeal the December 12, 2002 interim fees order.  By order entered September 30, 2003 the Delaware District Court denied without prejudice the United States' motion for leave to appeal, and stayed the enforcement of the Delaware interim fee award indefinitely.

5721512

8

**ZEISLER & ZEISLER, P.C.**  •  *ATTORNEYS AT LAW*
558 CLINTON AVENUE  •  P. O. BOX 3186  •  BRIDGEPORT, CONNECTICUT 06605-0186  •  (203) 368-4234  •  JURIS NO. 69625

## III. THE UNITED STATES WILL NOT BE PREJUDICED BY THE REQUESTED EXTENSION.

The United States acknowledges that it will not be prejudiced by the proposed extension because "Akin Gump is correct in observing that the stay this Court granted makes it unnecessary to expedite a determination of the cash collateral issues[.]"[8]

The United States' only argument concerning prejudice is in footnote 7 at page 6 of its Opposition brief, where it states that a finding by this Court that a "government loss" in the Delaware adversary proceeding "would indeed moot the fees appeal" would "arguably preclude the government from asserting any claim" to be paid out of the "limited amount freed from the security interest of the indenture trustee for the note holders." But this Court need not make any such mootness finding if it grants the extension request. If the United States loses the Adversary Proceeding, it can then argue that it is entitled to funds carved out of the security interest based on its theory (which, as shown above, is meritless) that the secured creditors "waived" their interest in the cash collateral by agreeing to let the Debtor use a portion of the funds to pay its attorneys' fees.

In sum, the United States fails to show why the extension request should not be granted, given the potential saving of time and energy on the part of this Court and Appellees, and given the lack of prejudice to any party.

---

[8] The United States notes that it would prefer not to have to refile its opening brief and limit it to only certain issues. The Appellees, however, see no reason why the United States should have to refile its opening brief since the United States has already demarcated the issues as involving either the Conversion Appeal or the Cash Collateral/Interim-Fees Appeal.
5721512

9

ZEISLER & ZEISLER, P.C.  •  ATTORNEYS AT LAW
558 CLINTON AVENUE  •  P. O. BOX 3186  •  BRIDGEPORT, CONNECTICUT 06605-0186  •  (203) 368-4234  •  JURIS NO. 69625

## CONCLUSION

For the foregoing reasons and the reasons stated in the Application, Appellees respectfully request that the Court grant their request for an extension of time to file their Appellees' Brief until 30 days following the entry of a final order in the Adversary Proceeding. Alternatively, Appellees request a 14-day extension of time to file their Appellees' Brief from the date of this Court's ruling on this Application.

Dated: Bridgeport, Connecticut
       April 26, 2005

ZEISLER & ZEISLER P.C.

By: _____
    Craig Lifland  (CT00976)

558 Clinton Avenue
Bridgeport, CT 06605
(203) 368-4234

AKIN GUMP STRAUSS HAUER & FELD LLP

Daniel H. Golden
Shuba Satyaprasad (*pro hac vice* application
pending)
590 Madison Avenue
New York, New York 10022
(212) 872-1000

Co-Counsel to the Debtor

WEST 5721512 v3

ZEISLER & ZEISLER, P.C. • ATTORNEYS AT LAW
558 CLINTON AVENUE • P. O. BOX 3186 • BRIDGEPORT, CONNECTICUT 06605-0186 • (203) 368-4234 • JURIS NO. 69625

## CERTIFICATE OF SERVICE

I, Craig I. Lifland, hereby certify that a copy of the Reply of Scott Cable Communications, Inc. And Akin Gump Strauss Hauer & Feld LLP To The United States' Opposition To Their Request For An Extension Of Time to File Their Appellees' Brief In The Cash Collateral/Interim-Fees Appeal was served by first class U. S. Mail, postage prepaid, on April 26, 2005, to the following:

Corrine L. Burnick

cburnick@goodwin.com, bankruptcy@goodwin.com

Ira H. Goldman

igoldman@goodwin.com, bankruptcy@goodwin.com

Kathleen M. LaManna
klamanna@goodwin.com, bankruptcy@goodwin.com
Shipman & Goodwin
One American Row
Hartford, CT  06103

Ann M. Nevins
Ann.Nevins@usdoj.gov, Dawn.dellaquila@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
915 Lafayette Blvd., Room 309
Bridgeport, CT  06604

Joan Eisenman Pilver
Joan.pilver@po.state.ct.us

Peter Sklarew
Peter.A.Sklarew@usdoj.gov, northern.taxcivil@usdoj.gov

Patricia Beary
U.S. Trustee
Office of the U. S. Trustee
265 Church St., Suite 1103
New Haven, CT 06501-7016

Daniel Golden, Esq.
Akin, Gump, Strauss, Hauer & Feld, L.L.P.
590 Madison Avenue
New York, New York 10022

Craig I. Lifland (ct00976)
Zeisler & Zeisler, P. C.
558 Clinton Avenue
P. O. Box 3186
Bridgeport, CT  06605-0186
Telephone: (203) 368-4234