UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>SCOTT CABLE COMMUNICATIONS, INC.,<br><br>　　　　Debtor.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Appellant,<br>　　v.<br><br>SCOTT CABLE COMMUNICATIONS, INC.,<br>STATE STREET BANK AND TRUST CO. as<br>Indenture Trustee for certain note holders, and<br>AKIN, GUMP, STRAUSS, HAUER & FELD, LLP,<br><br>　　　　Appellees | **No. 3:02-CV-1725 (AWT)**<br>(consolidated bankruptcy appeals)<br>(Bankr. Ct. Case No. 98-51923) |

**UNITED STATES' REQUEST THAT COURT CONSIDER ATTACHED
PROPOSED SUR-REPLY, OBJECTING TO INCORRECT STATEMENTS IN (DI#40)
AKIN GUMP'S REPLY TO RESPONSE TO PROCEDURAL MOTION (DI# 37)**

　　　　The United States hereby requests that the Court consider the attached proposed sur-reply objecting to incorrect statements in an unauthorized reply (DI# 40) filed by Akin Gump in support of its motion (DI# 37) for what it calls an enlargement for its brief (but which is really a motion to bifurcate these recently consolidated appeals and indefinitely stay part of them). The United States also requests that the Court resolve Akin Gump's motion expeditiously in view of the fact that its answer brief on the merits is now technically overdue (although the government does not oppose a two-week extension until May 6, 2005).[1/] The United States previously telefaxed to Judge

---

　1/ At a telephonic hearing on March 14, 2005, Judge Thompson indicated an intention to try to reach and resolve these appeals before embarking on a large criminal trial in the Fall, and the government wishes to assure that whichever of the appeals proceed at this time, the briefing is completed reasonably soon.

1

Thompson's chambers a letter objection, and has been advised that, to be considered, the arguments therein should be in the form of a sur-reply submitted with a request for leave. The attached sur-reply is similar to the body of the letter with minimal editing, except for the addition of the second paragraph in footnote 2 of the attached sur-reply, and the deletion of a footnote contained in the prior letter that is instead reiterated below in paragraph 1 of this request for leave. The reasons to allow the sur-reply are:

    1. The government has previously demonstrated, in response to a previous unauthorized reply in support of an Akin Gump motion, that the Bankruptcy Appellate Rules, which clearly govern appellate procedural motions in lieu of the Rules of Civil Procedure or any local rules, do not permit replies in support of procedural motions without leave of the court. *See* DI# 11 filed November 1, 2002, in No. 3:02-cv-1725.

    2. The sur-reply is appropriate because the reply contains a significant number of incorrect or at least misleading statements regarding the position of, or concessions or admissions allegedly made by, the United States or its counsel.

    3. The United States has endeavored to limit the attached sur-reply to objecting to the reply's misleading statements and mischaracterizations of the government's positions, and clarifying those positions to the extent necessary.

    4. Under Bankruptcy Rule 8011, a district court in a bankruptcy appeal may grant a procedural motion without awaiting a response.

    WHEREFORE the United States requests that the Court consider the attached sur-reply and then require that Akin Gump file its answer brief on the cash collateral and fees issues by May 6, 2005. Since kin Gump and the Indenture Trustee have already filed their briefs on the conversion issue and the government's reply to those is due May 5, the United States requests that it have until 10 days after service of Akin Gump's additional answer brief reply to all answer briefs. The government further requests that oral argument be scheduled for some time in June or July in order

to give the Court time to reach a decision before having to embark on a large criminal trial proceeding that it has indicated is likely to begin in the Fall. (An endorsement order form has been supplied below for the Court's convenience.)

Respectfully submitted,

_____
PETER SKLAREW
Federal Bar No. CT 17864
U.S. Department of Justice, Tax Div.
P.O. Box 55
Washington, D.C. 20044-0055
(202) 307-6571

Local Counsel:

KEVIN J. O'CONNOR
United States Attorney
ANN M. NEVINS
Assistant United States Attorney
Federal Bar No. CT06484
915 Lafayette Blvd., Room 309
Bridgeport, CT  06604
(203) 696-3000

    **GRANTED.** The sur-reply attached to the government's request will be considered and is deemed filed and served on the date its request was filed and served.

Date: _____, 2005.

_____
ALVIN W. THOMPSON
United States District Judge

### SUR-REPLY OBJECTING TO INCORRECT STATEMENTS
### IN (DI#40) REPLY TO RESPONSE TO PROCEDURAL MOTION (DI# 37)

On page 1 of its reply (DI# 40) in support of its motion for enlargement that is actually a motion to bifurcate these just-consolidated appeals, Akin Gump states that the government's opposition to its bifurcation motion, at page 14, "concedes that this Court's stay 'makes it unnecessary to expedite a determination' of *these* issues" – the word "these" referring to "the Cash Collateral and Interim Fees Appeal." Preliminarily, there is no "Cash Collateral and Interim Fees Appeal" because those issues are spread across two orders, one of which also denied conversion to Chapter 7 for the same reason it granted the cash collateral application. What the government's opposition says is that the stay "makes it unnecessary to expedite a determination of the cash collateral and fees issues (save to the extent that they bear on the conversion issues)." Akin Gump conveniently leaves off the parenthetical caveat and the fact that the government has argued that the issues are intertwined, and should be determined in conjunction with each other.

Akin Gump's reply then states that the government's opposition contained an "argument that it would be 'convenient' to resolve 'jurisdictional issues,'" but the word "convenient" (which the reply puts in quote marks) is not found in the government's opposition. With respect to this point, Akin Gump argues that the jurisdictional issues cannot be resolved in these appeals anyway because they concern the Connecticut Bankruptcy Court's order transferring the adversary proceeding to Delaware and the Delaware Bankruptcy Court's "interlocutory order granting the Debtor's motion to intervene, neither of which can be resolved now because . . . they may be appealed only upon entry of a final judgment." That suggestion is at the heart of some of the issues in these appeals. That is, the government, which is not remotely attempting in this appeal to challenge the transfer of the adversary proceeding itself, is indeed arguing that the purported supplemental transfer of issues regarding fees tacked on to the end of the order transferring the adversary proceeding is utterly void and of no effect, such that it was reversible error for Judge Shiff to then premise all of his various rulings on the notion that, incident to that supplemental

1

transfer, the Delaware Bankruptcy Court had jurisdiction to consider the government's arguments and already (silently) rejected them by granting the debtor's motion to intervene. But if the supplemental transfer of future cash collateral applications was valid, then surely the Connecticut Bankruptcy Court erred in subsequently granting another cash collateral application that it previously had purported to transfer. The United States maintains that to address the issues in these appeals piecemeal would be to hobble this Court's adjudication.

In fact, on page 4 of its reply, Akin Gump indirectly reveals that it understands the interrelationship of the issues in arguing that this Court should ignore the government's arguments that the cash collateral issues bear on the conversion issue because review of the Delaware intervention order (on which Judge Shiff premised all his rulings) must await a final judgment in the adversary proceeding and, in the meantime, "[t]his Court may not decide the Conversion Appeal based on the United States' implicit argument that the [Delaware] Intervention order was erroneous because it allegedly created a 'conflict of interest.'" While this characterization of the government's position is a bit convoluted, the point is clear enough that Akin Gump is arguing that the government should not even have a chance to persuade this Court that it has the authority (indeed a duty), when reviewing the correctness of an issue-preclusion ruling or a collateral-estoppel ruling, to consider whether the court that issued the allegedly preclusive ruling had jurisdiction to rule upon the issue on which the preclusion is premised. This Court most certainly can determine, in reviewing an order of the *Connecticut* bankruptcy court based on a finding of collateral estoppel, whether the Delaware Bankruptcy Court had the jurisdiction over the issue in the first place. (The United States also maintains that Judge Shiff read the Delaware order far too expansively but is unwilling at this stage to put all of its eggs in that basket.)

The most disturbing statement in Akin Gump's reply is where (p.5) it falsely states that "The United States initially advised Akin Gump, in a telephone conference, that it agreed with [the] view" that a government loss in the adversary proceeding would fully moot the cash collateral and

2

fees issues in these appeals but "Later, as reflected it its Opposition, the United States changed its position." The undersigned Tax Division attorney, Peter Sklarew, personally informed Danny Golden of Akin Gump on the telephone, prior to the filing of Akin Gump's motion to stay indefinitely the cash collateral and fees appeals, that Mr. Sklarew did not agree with his assumption that a government loss in the adversary proceeding would moot the fees issues, and there is no doubt that he fully understood what Mr. Sklarew was saying as they discussed it further.[2/] And, notwithstanding the reply's protestations that the government has no support for its argument, which admittedly appears to raise an issue of first impression, the United States does maintain that the attempt by the debtor and the indenture trustee to limit the use of the estate's funds to one particular type of administrative expense for one purposes (debtor's counsel's fees for litigating against the interests of the estate and in favor of the alleged lien against all of its assets), is illegal and unenforceable, not to mention further evidence of the breach of fiduciary duty by the debtor in possession in its supposed role as a bankruptcy trustee under 11 U.S.C. § 1104. The government will therefore seek at least the funds (well in excess of $1 million) carved out for the fees of debtor's counsel in these proceedings, even if it loses the Delaware adversary proceeding. If this Court wishes to have that issue be briefed now, the government is prepared to file a supplement to its merits brief (although we believe this issue is premature).

---

[2/] Mr. Sklarew told Mr. Golden that, in a prior conversation on the phone with his associate, Shuba Satyaprasad, Mr. Sklarew had not disagreed with Ms. Satyaprasad when she stated that a government loss in the adversary proceeding would moot the fees dispute, explaining to Mr. Golden that, at the time he had spoke with Ms. Satyaprasad, he had not fully grappled with the issue. Mr. Sklarew then made it clear to Mr. Golden that he disagreed with the mootness contention, whereupon Mr. Golden asked him to explain why, and there followed a very short debate about the issue. The statement that the United States suddenly "changed its position" when filing its opposition is inexcusable.

   The United States is not supplying a sworn declaration by Mr. Sklarew with this sur-reply because it considers Akin Gump's allegations immaterial – that is, even assuming Mr. Sklarew believed a government loss in the adversary proceeding would moot the fees issue in these appeals and had so stated informally during a telephone conversation with an Akin Gump attorney directed at resolving the bifurcation motion before it was even filed, that would not bar the government, when forced to brief the issue, from taking the opposite position. If the Court requests, a sworn declaration will be supplied.

Yet another materially incomplete statement is contained in footnote 7, page 8, of the reply where it states that the Delaware district court "denied, without prejudice," the government's motion for leave to appeal the Delaware Bankruptcy Court's fees order. Docket item 20 in these consolidated appeals includes, as exhibits, the transcript of the Delaware District Court's ruling and its written order, which reflect that Judge Jordan stayed consideration of the government's motion for leave to appeal pending *this* Court's determination in these consolidated appeals. (See pages 44-45 of the transcript.) Seven months later, Judge Jordan held a telephonic conference to ask if the parties would object to his entering an order denying the motion for leave to appeal without prejudice, merely as a way of removing the motion from his docket for statistical purposes. At that conference, the government expressed concern that some party might then try to argue in this Court that some inference should be drawn from the denial. Judge Jordan then clarified that the appeal itself would remain pending, as would the stay of the disbursement order sought to be appealed, and confirmed that no inference as to any leanings of the Delaware District Court should be drawn from the order he proposed. The government then indicated no objection and, on September 30, 2003, Judge Jordan entered an order denying the Rule 8003 motion without prejudice (and continued the stay of the Delaware Bankruptcy Court's order pending the appeal).

Still another misrepresentation of the government's statements is contained on page 9 of the Akin Gump reply, stating that "the United States acknowledges that it will not be prejudiced by the proposed extension." There is no such acknowledgment anywhere in the government's opposition. Akin Gump instead deliberately and unabashedly manipulates this inference from the government's acknowledgment that the disbursements stay "makes it unnecessary to expedite a determination of the cash collateral issues" and deliberately stops quoting where the government adds "except to the extent that they bear on the conversion issues." Again, the government does maintain that the cash collateral issues bear on the conversion issues, and therefore maintains that bifurcating these appeals would be prejudicial to the government because it would prevent the Court from having the

4

bigger picture in view.

## Conclusion

Akin Gump's motion for an indefinite extension should be denied and it should be directed to file its answer brief on the cash collateral and fees issues by May 6, 2005. Both the indenture trustee and the debtor have already filed their answer briefs regarding the conversion issue (the debtor merely adopting the indenture trustee's brief). The United States should be allowed under 10 days after service of Akin Gump's answer brief on the cash collateral and fees issues to reply to all answer briefs.

Respectfully submitted,

PETER SKLAREW
Federal Bar No. CT 17864
U.S. Department of Justice, Tax Div.
P.O. Box 55
Washington, D.C. 20044-0055
(202) 307-6571

Local Counsel:

KEVIN J. O'CONNOR
United States Attorney
ANN M. NEVINS
Assistant United States Attorney
Federal Bar No. CT06484
915 Lafayette Blvd., Room 309
Bridgeport, CT 06604
(203) 696-3000

<u>Certificate of Service</u>

  IT IS CERTIFIED that service of the **UNITED STATES' REQUEST THAT COURT CONSIDER ATTACHED PROPOSED SUR-REPLY, OBJECTING TO INCORRECT STATEMENTS IN (DI#40) AKIN GUMP'S REPLY TO RESPONSE TO PROCEDURAL MOTION (DI# 37), together with the attached Sur-Reply,** has this <u>28th</u> day of April, 2005, been made upon the following by depositing a copy in the United States mail, postage prepaid, addressed to:

Daniel H. Golden
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY  10022

Craig I. Lifland
Zeisler & Zeisler
558 Clinton Avenue
Bridgeport, CT  06605

Ira Goldman
Shipman & Goodwin
One American Row
Hartford, CT  06103-2819

Patricia Beary
Asst. U.S. Trustee
265 Church Street, Ste. 1103
New Haven, CT  06510-7016

Joan Pilver
Assistant Attorney General
State of Connecticut
55 Elm Street, 5th Floor
Hartford, CT 06141

_____