UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>SCOTT CABLE COMMUNICATIONS, INC.,<br><br>　　　　Debtor.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Appellant,<br>　v.<br><br>SCOTT CABLE COMMUNICATIONS, INC.,<br>STATE STREET BANK AND TRUST CO. as<br>Indenture Trustee for certain note holders, and<br>AKIN, GUMP, STRAUSS, HAUER & FELD, LLP,<br><br>　　　　Appellees | **No. 3:02-CV-1725 (AWT)**<br>(consolidated bankruptcy appeals)<br>(Bankr. Ct. Case No. 98-51923) |

**UNITED STATES' (1) REPORT ON DELAWARE TRIAL DATE CHANGE,
(2) REQUEST THAT COURT RULE ON CONVERSION ISSUE AS SOON
AS POSSIBLE, (3) REQUEST THAT ANY JUDGMENT FOR REVERSAL
REMOVE THE 10-DAY STAY IN BANKRUPTCY RULE 8017 AND
MANDATE *IMMEDIATE* ENTRY BY THE BANKRUPTCY COURT
OF AN ORDER CONVERTING THE CASE TO CHAPTER 7 (Without
Prejudice to an Appeal to the Second Circuit), AND (4) REQUEST THAT
THIS COURT RETAIN JURISDICTION FOR CERTAIN PURPOSES**

On April 11, 2006, this Court held a telephonic scheduling conference at which it determined that it would dispense with oral argument and would rule in these consolidated appeals, on at least the "conversion issue,"[1/] before the trial scheduled in Delaware, which had been set for May 8th, but in respect to which a motion to continue the trial was argued on March 29th and carried over to a further hearing on numerous other pretrial motions on April 12th. As reflected in the docket entry, Judge Thompson directed the undersigned attorney to "contact chambers after he

---

　1/ The "conversion issue" refers to the appeal from the Bankruptcy Court's denial of the government's motion to convert to Chapter 7 or, in the alternative appoint a Chapter 11 trustee. In reality, the request for a Chapter 11 trustee was out of abundance of caution. The real thrust of the United States' contention is that conversion is required rather than the appointment of a Chapter 11 trustee, because there is no basis to keep the case under Chapter 11 quite apart from the problem that debtor's management has a conflict of interest.

determines whether it will be necessary to address the conversion issue prior to 5/8/06." Following the Delaware hearing, the undersigned received messages from one of the appellees' counsel indicating that they wished any contact to chambers to include them. The undersigned has determined instead to file this request because the United States seeks to inform the Court not only of the rescheduling of the Delaware trial to June 12, 2006, but also why the United States believes it is nevertheless important that this Court determine the conversion issue by May 8, 2006, if not sooner, and further to request, if this Court reverses the bankruptcy court's denial of conversion to Chapter 7, that it remove the 10-day stay of judgment in Bankruptcy Rule 8017(a), without prejudice to an appeal by any appellee, and issue a clear appellate mandate directing the bankruptcy court to act immediately to enter the order converting the case to Chapter 7 so that the United States Trustee's office is thereby enabled quickly to appoint a trustee. The United States also requests that, again assuming the Court reverses and mandates conversion, that it retain jurisdiction for certain purposes indicated below. The reasons for this request are:

    1. After the conclusion of the April 11, 2006 telephonic scheduling conference, the United State filed that same day with the Delaware Bankruptcy Court, a *Supplement to U.S. Motion to Continue Trial (Based on 4/11/06 Status Conference in the Connecticut Appeals)*, a copy of which is attached hereto. Most pertinently, after setting forth background (and explaining in a footnote that the description of this Court's conference was based on the recollection of the undersigned and Assistant U.S. Attorney Ann Nevis, which might be imperfect), that supplement stated:

> Most importantly for present purposes, Judge Thompson, after asking the parties what had changed since the March, 2005 hearing at which he denied dismissal of the appeals and/or granted leave to appeal, stated that he would endeavor to issue a ruling at least on the conversion issue before the trial commences in this case, and asked that the parties contact his chambers after the April 12, 2006 hearing in this Court and inform him whether the May 8th trial commencement date is postponed. He further stated that, since he must, this month, write up various matters in the *Cendant* case for the newly assigned judge, he would "prefer" not to have to issue a ruling before May 8, 2006, but would endeavor to do so if that is necessary.
>     The United States would add that, if the Connecticut District Court reverses the denial of the government's motion to convert (or alternatively to appoint a Chapter 11 trustee), a trustee will then have to be selected by the United States

Trustee's office and should have a least a modicum of time to consider the trustee's position on whether to waive the debtor's attorney-client privilege. (A trustee conceivably may also determine to intervene in this adversary proceeding.)

The United States continues to maintain that the trial in this matter should not go forward until after the Connecticut District Court determines the pending appeal from the Connecticut Bankruptcy Court's order denying conversion to Chapter 7 or the appointment of a Chapter 11 trustee and, if the United States prevails in the appeal, then for a reasonable time thereafter for a trustee to make a determination with respect to the debtor's attorney-client privilege and whether to seek to participate in this adversary proceeding. Further, as government counsel informed Judge Thompson, if this Court declines to postpone the trial for such purposes, the United States may seek an appellate stay.

Finally, the United States notes that its position as set forth herein is entirely separate and distinct from the other reasons it has sought to postpone the trial, which have been briefed and were argued by Mr. Shapiro for the government on March 29, 2006, with the motion then continued until April 12, 2006, when other pre-trial motions are to be argued.

2. The hearing in the Delaware Bankruptcy Court on April 12 lasted almost five hours and included the resolution of a considerable number of pretrial motions, after which the Court took up last on the agenda the held-over motion by the United States to continue the trial that had been argued for the most part on March 29, 2006. The Hon. Kevin Carey (who replaced the Hon. Peter Walsh)[2] indicated that he had read the attached supplemental filing on the motion for continuance and asked whether, assuming that this Court ordered conversion, the United States would then be asking for yet another continuance in order for a trustee to get up to speed and then possibly to take additional discovery. Trial attorney Alan Shapiro, who is the government's lead trial counsel in the Delaware adversary proceeding, turned the question over to the undersigned with Judge Carey's permission. The undersigned explained that depending upon when this Court rules, the government may have to seek a further continuance but that the government did not envision a lengthy one because (1) the government believes it will be able to persuade a newly appointed trustee reasonably quickly, but not instantly, to waive the debtor's attorney client privilege and

---

[2] As the undersigned believes was briefly noted by attorney Daniel Golden during the April 11th telephonic scheduling conference, the government filed a motion in Delaware to recuse Judge Walsh. Judge Walsh, while stating that he found the motion to be without merit, nevertheless reassigned the case both because he acknowledged an appellate court might disagree with that view, and because he could no longer preside over a trial beginning May 8, 2006, or sooner than the fall, and sought to avoid delaying the trial.

3

thereupon to provide for government counsel to have access to the files of the debtors' former attorneys, and (2) assuming that the government finds additional documents that it cannot get admitted into evidence without testimony from one of the debtor's former attorneys in New York City, it may need to seek leave of the Delaware Bankruptcy Court to take a last-minute trial deposition to lay the foundation for the documents.[3/]

3. On March 29, 2006, Judge Carey had asked the parties to be ready at the April 12, 2006 hearing to discuss three possible rescheduled trial times – in mid June, in mid July, and in mid August. On April 12th, various parties indicated inability to have a three-week trial in August and one indicated inability to participate in July, leaving June as the only practical alternative, unless the Court would consider a much more significant postponement. Judge Carey rescheduled trial for the three consecutive weeks beginning June 12, 2006.

4. Assuming this Court reverses the denial of the motion to convert, a remand order must first reach the Connecticut Bankruptcy Court and it must then enter an order converting the case to Chapter 7 before the United States Trustee may, pursuant to 11 U.S.C. § 701, appoint a Chapter 7 trustee. A trustee will undoubtedly need some time to assimilate an understanding of the basic issues in the Delaware adversary proceeding in order to determine whether to waive the attorney-client privilege. Assuming the trustee waives the privilege and directs the debtor's former attorneys to cooperate in allowing government counsel access to their files, the government will need to have counsel travel to New York to review such files. For all of these reasons, the United States submits that this Court should resolve the conversion issue as soon as possible.

5. Pursuant to Bankruptcy Rule 8017(a), an appellate judgment in accordance with Rule

---

[3/] As the undersigned also believes was noted briefly by Mr. Golden during the April 11th telephonic scheduling conference, after Judge Walsh reassigned the Delaware adversary proceeding, the government filed a motion to re-transfer venue to Connecticut. In addition to arguing that the reason it was transferred there in the first place – which was to get the matter before Judge Walsh because he confirmed the 1996 plan in the earlier bankruptcy case – was eliminated by the reassignment to Judge Carey, the government argued, *inter alia*, that a number of critical witnesses who are beyond the subpoena power of the court in Delaware would be within the subpoena power of the court in Bridgeport, Connecticut. The re-transfer motion was denied.

8016 is automatically stayed for 10 days "unless otherwise ordered by the district court or the bankruptcy appellate panel." But even assuming that the appellees were to appeal a reversal to the Second Circuit, there is no need for a stay to preserve such rights. If an order of conversion is subsequently reversed by the Second Circuit, the order can be vacated and the case returned to Chapter 11.

      6. For the same reasons, the United States requests that any appellate reversal include a mandate for the Connecticut Bankruptcy Court to *immediately* enter an order converting the case to Chapter 7, so that the United States Trustee's office may begin the process of a appointing a trustee.

      7. The United States provides the following information regarding the parties' briefs to better enable the Court to isolate the conversion issue from the other issues. First, the United States was granted leave to file an oversize brief in these consolidated appeals, which was filed on April 7, 2005, addressing all issues (conversion issue, cash collateral issue, and compensation or fees issues). The arguments respecting the conversion issue begin on page 27 and extend through page 37. However, the brief contains a comprehensive fact statement, preceding the arguments, which cannot be readily divided into portions pertinent to the conversion issue and/or other issues. Indeed, even the fact statement's description of the cash collateral and fees rulings are relevant to the arguments for conversion. The "Conclusion" section briefly sets for the particular relief sought on each issue. Second, on April 22, 2005, the Indenture Trustee filed a brief devoted solely to the conversion issue (the Indenture Trustee has no pecuniary interest in the other issues). The debtor subsequently filed a joinder in that brief and sought bifurcation of the appeals and a stay of the remaining issues. This Court denied bifurcation (which it has now indicated it will reconsider). On May 17, 2005, debtor and Akin Gump filed their answer brief devoted solely to the cash collateral and interim fees issues. On May 31, 2005, the United States filed a combined reply which, after an introduction and section seeking to correct typographical errors in the

5

government's Opening Brief, includes ten pages of argument on the conversion issue (pp. 2-12) followed by argument on the cash collateral and interim fees issues, returning to the conversion issue in the "Conclusion" section on page 31.

    8. Finally, in the event this Court reverses the denial of the motion to convert and remands with instructions to enter an order converting the case to Chapter 7, the United States requests that this Court retain jurisdiction to consider any motion that the United States might hereafter file to stay the Delaware adversary proceeding in the event that the Delaware Bankruptcy Court denies a further government request for reasonable accommodations necessary, for example, to enable a Chapter 7 trustee to determine whether to waive the attorney-client privilege and/or to enable the United States to examine the files of the debtor's attorneys in the wake of such a waiver in preparation for trial. This Court currently has such jurisdiction pursuant to Bankruptcy Rule 8005, which permits a district judge to "suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." The reference to "other proceedings" is clearly a reference to any "civil proceedings" referred to in 28 U.S.C. § 1334(b), whereas the "case" refers to the main Chapter 7 or 11 case under 28 U.S.C. § 1334(a). The Delaware adversary proceeding is a civil proceeding arising under title 11 within the meaning of 28 U.S.C. § 1334(b).[4/] As this Court is aware, much of the thrust of the government's appeal from the denial of conversion has been directed at obtaining unlimited access to the files of the debtor's former counsel, which the United States believes a trustee with authorize because it is in the interests of the bankruptcy estate. For this Court to render a judgment enabling that relief and then not retain

---

  4/ This issue – regarding this Court's authority to enter an order affecting the Delaware adversary proceeding – was once before disputed in these consolidated appeals and, notwithstanding the appellees' contrary position, this Court did order a stay of the distributions ordered by the Delaware Bankruptcy Court, as well as those ordered by the Connecticut Bankruptcy Court, incident to this Court's denial of the dismissal of the government's appeal from the Connecticut Bankruptcy Court's order overruling its objections to the cash collateral stipulation, which paved the way for the Delaware Bankruptcy Court to grant the application for interim fees filed by debtor's counsel that is current on appeal to the Delaware District Court (which has stayed that appeal pending this Court's resolution of the instant appeals).

jurisdiction to assure that the government is not put to trial before it can gain such access would be inappropriate at this juncture. Alternatively, if this Court is unwilling to retain jurisdiction over such issue, then it should enter an order at this time staying the trial until three months after the appointment of a trustee on remand, unless a trustee or the United States earlier agrees that they no longer need such stay. The United States respectfully submits that retention of jurisdiction is less intrusive and commits to the Delaware Bankruptcy Court in the first instance the discretion to consider reasonable further requests by the United States (or by a trustee if a trustee chooses to seek to intervene in the Delaware adversary proceeding).

WHEREFORE the United States requests that the Court rule on the conversion issue as soon as possible and, if it reverses the denial of the motion to convert, that this Court order the 10-day stay in Bankruptcy Rule 8017(a) removed (without prejudice to the rights of the appellees to appeal this Court's judgment to the Second Circuit and reinstate the Chapter 11 proceedings in the event of a reversal), that this Court enter a mandate for the immediate entry by the Bankruptcy Court of a order converting the case to Chapter 7, and that it retain jurisdiction to consider any motion for a stay of the trial in the adversary proceeding (in addition to retaining jurisdiction to determine the remaining issues in these consolidated appeals).

PETER SKLAREW
Federal Bar No. CT 17864
U.S. Department of Justice, Tax Div.
P.O. Box 55
Washington, D.C. 20044-0055
(202) 307-6571

*Local Counsel:*

KEVIN J. O'CONNOR
United States Attorney
ANN M. NEVINS
Assistant United States Attorney
Federal Bar No. CT06484
915 Lafayette Blvd., Room 309
Bridgeport, CT  06604
(203) 696-3000

## CERTIFICATE OF SERVICE

      IT IS CERTIFIED that service of the **UNITED STATES' (1) REPORT ON DELAWARE TRIAL DATE CHANGE, (2) REQUEST THAT COURT RULE ON CONVERSION ISSUE AS SOON AS POSSIBLE, (3) REQUEST THAT ANY JUDGMENT FOR REVERSAL REMOVE THE 10-DAY STAY IN BANKRUPTCY RULE 8017 AND MANDATE *IMMEDIATE* ENTRY BY THE BANKRUPTCY COURT OF AN ORDER CONVERTING THE CASE TO CHAPTER 7 (Without Prejudice to an Appeal to the Second Circuit), AND (4) REQUEST THAT THIS COURT RETAIN JURISDICTION FOR CERTAIN PURPOSES** is, this  13th  day of April, 2006, being made upon the following by depositing a copy in the United States mail, postage prepaid, unless the confirmation received from the Court's ECF system reveals service has been made by the ECF system:

Daniel H. Golden
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY  10022

Craig I. Lifland
Zeisler & Zeisler
558 Clinton Avenue
Bridgeport, CT  06605

Ira Goldman
Shipman & Goodwin
One American Row
Hartford, CT  06103-2819

Steven E. Mackey
Office of the U.S. Trustee
265 Church Street, Ste. 1103
New Haven, CT  06510-7016

Joan Pilver
Assistant Attorney General
State of Connecticut
55 Elm Street, 5th Floor
Hartford, CT 06141

_____
PETER SKLAREW
Attorney, Tax Division, Dept. of Justice