IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 01-4605 |
| ) | |
| STATE STREET BANK AND TRUST CO., as ) | |
| Trustee for Junior Subordinated Secured ) | |
| PIK Notes, et. al. ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENT TO U.S. MOTION TO CONTINUE TRIAL**
**(BASED ON 4/11/06 STATUS CONFERENCE IN THE CONNECTICUT APPEALS)**

**Hearing Date: April 12, 2006** [1]

At the hearing before this Court on March 29, 2006, the United States, consistent with its papers, argued that the trial in this adversary proceeding should not occur before the Connecticut District Court determines the United States' appeal from the denial of its motion to convert or appoint a Chapter 11 trustee, because a disinterested trustee would assume control of the right to exercise or waive the debtor's attorney-client privilege, and would be compelled to act in the best interest of the estate, not in the best interest of debtor's management, with its 21.5% stake in any recovery on the securities at issue in this adversary proceeding.[2] Mr. Schwarz, for

---

[1] The United States' motion to continue the trial (part of DI# 356) was argued on March 29, 2006, at which the Court continued the matter until April 12, 2006, when the Court is to hear argument on other pending pre-trial motions. The agenda has already been filed and the hearing binder already supplied by the debtor.

[2] If the trustee agreed, the United States might gain open access to all of the documents maintained by former attorneys for the debtor. A trustee could also deprive witnesses such as debtor's C.E.O., Bruce Armstrong, who asserted the attorney-client privilege to certain questions during his deposition, of the ability to refuse to answer questions at trial based on the assertion of the privilege.

1

Media/Communications, stated:

> . . . you heard Mr. Sklarew say, he doesn't want to see this case go to trial until a motion to convert the case that was filed in the year 2000, I believe, is resolved. That motion has been languishing. It's not a matter of any great interest to any of the courts as best we can tell, in which it has been litigated. The appeal concerning that which has been consolidated with some of these cash collateral and fee appeals that are really unrelated to the merits of this dispute has been pending roughly for a year awaiting argument. There's no indication it's going to be scheduled for argument. Judge Thompson, the District Court to whom the appeals have been assigned in Connecticut, as best we understand it, has now presided over not one but two mistrials in the Big Cendant litigation and there's reason to think that this long languishing motion to convert is not on the front burner in his court. So, **the suggestion that the trial can't go forward until that [appeal] gets resolved, is in effect a request for indefinite delay** beyond these rolling 45-day periods that the government is asking for in the second motion we're going to argue. So, this is no mistaking that what they're seeking fundamentally is delay, and there are a variety of motions that have that objective as their common purpose.

*Transcript of 3/29/06 hearing* at 32 (emphasis added). At pages 51-52, Mr. Sklarew replied

(emphasis added):

> I do want to comment quickly on what's going on in Connecticut. There were two mistrials in the Cendant litigation. What was not commented here is that Judge Thompson has reassigned that case. He will not hear the third trial. There will be a third trial, is my understanding, and he will not be hearing it so, that part of his docket, which he did say was troubling him is gone, and **he did say before that trial that he expected to put this on his front burner when that trial was over**. Now, that was awhile ago, and we haven't made an inquiry since then, but that is what he did say on the record at a status conference the last time we had a status conference in front of him. Additionally, while the appeal has been pending for a long time, the motion to dismiss the appeal by **the Indenture Trustee and the debtor on a conversion was not resolved and denied until March of 2005, so it's not like - and an appeal is only fully briefed, therefore, on the merits of the appeal after it was consolidated with the other appeal I believe in April/May of 2005.** So, it hasn't really been fully briefed and available that long. . . . So, with respect to, I guess, the more important thing is a notion that we're doing this as some sort of tactical delay. It's offensive. It's insulting. The United States of America is here because it believes it has a right to have those documents that a Trustee would give us. **The United States of America has made this point and has been making it for four years now as part of our motion to convert and the arguments, and had the debtor not opposed the motion to convert, saying they have no conflict of interest even though their management holds 21 percent of the secured notes that are [at] issue here, personally, and will get $8 million if they win, they have no conflict of interest. If they hadn't made that ridiculous**

**argument, we would have had conversion four years ago. So the delay in that regard is their fault**.

The next day, March 30, 2006, the Connecticut District Court spontaneously issued an order granting a request for oral argument in the consolidated appeals, directing the parties to contact a courtroom deputy. Because the government sought to have the argument be set as soon as possible and the appellees (debtor, the indenture trustee, and debtor's counsel on their fee claims) urged that the appeals not be decided until after the trial in this adversary proceeding, Judge Thompson set a telephonic conference for April 11, 2006.

At the April 11, 2006 conference, after the appellees explained that this matter is set for trial to commence on May 8, 2006, and argued that the trial should be concluded first as it may moot the appeals (which the government maintains is not correct), Judge Thompson, before hearing the government's response, stated that, but for the *Cendant* case trials, the appeals would have been disposed of long ago and that he would not put the matter off.[3/] During the conference, Judge Thompson questioned whether oral argument was truly necessary and, after hearing the parties' responses, stated that he would decide the appeals without argument. Most importantly for present purposes, Judge Thompson, after asking the parties what had changed since the March, 2005 hearing at which he denied dismissal of the appeals and/or granted leave to appeal, stated that he would endeavor to issue a ruling at least on the conversion issue before the trial commences in this case, and asked that the parties contact his chambers after the April 12, 2006 hearing in this Court and inform him whether the May 8th trial commencement date is postponed. He further stated that, since he must, this month, write up various matters in the *Cendant* case for the newly

---

[3/] This description of the Connecticut appellate conference is provided from the best recollection of the undersigned with the assistance and review of this description by Assistant U.S. Attorney Ann Nevins of the District of Connecticut, who also participated in the conference. Their recollection of the timing or other aspects of the description of the statements made at the conference may be imperfect, and any errors are inadvertent.

assigned judge, he would "prefer" not to have to issue a ruling before May 8, 2006, but would endeavor to do so if that is necessary.

The United States would add that, if the Connecticut District Court reverses the denial of the government's motion to convert (or alternatively to appoint a Chapter 11 trustee), a trustee will then have to be selected by the United States Trustee's office and should have a least a modicum of time to consider the trustee's position on whether to waive the debtor's attorney-client privilege. (A trustee conceivably may also determine to intervene in this adversary proceeding.)

The United States continues to maintain that the trial in this matter should not go forward until after the Connecticut District Court determines the pending appeal from the Connecticut Bankruptcy Court's order denying conversion to Chapter 7 or the appointment of a Chapter 11 trustee and, if the United States prevails in the appeal, then for a reasonable time thereafter for a trustee to make a determination with respect to the debtor's attorney-client privilege and whether to seek to participate in this adversary proceeding. Further, as government counsel informed Judge Thompson, if this Court declines to postpone the trial for such purposes, the United States may seek an appellate stay.

Finally, the United States notes that its position as set forth herein is entirely separate and distinct from the other reasons it has sought to postpone the trial, which have been briefed and were argued by Mr. Shapiro for the government on March 29, 2006, with the motion then continued until April 12, 2006, when other pre-trial motions are to be argued.

/s/ *Peter Sklarew*
PETER SKLAREW
Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Washington, D.C. 20044
(202) 307-6571
peter.a.sklarew@usdoj.gov

## CERTIFICATE OF SERVICE

      IT IS HEREBY CERTIFIED that service of the foregoing **SUPPLEMENT TO U.S. MOTION TO CONTINUE TRIAL (BASED ON 4/11/06 STATUS CONFERENCE IN THE CONNECTICUT APPEALS)** is being made this  11th  day of April, 2006, upon counsel for all defendants via the Court's ECF system since this motion is being filed electronically.

      /s/ *Peter Sklarew*
      PETER SKLAREW
      Attorney, Tax Division
      U.S. Department of Justice
      Post Office Box 55
      Washington, D.C.  20044
      (202) 307-6571