# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>SCOTT CABLE COMMUNICATIONS,<br>Debtor.<br><br>UNITED STATES OF AMERICA,<br>Appellant,<br><br>v.<br><br>SCOTT CABLE COMMUNICATIONS,<br>INC., STATE STREET BANK AND<br>TRUST CO. as Indenture Trustee for<br>certain note holders, and AKIN GUMP<br>STRAUSS HAUER & FELD LLP.,<br>Appellees. | No. 3:02-CV-1725 (AWT)<br>Consolidated Bankruptcy Appeals<br>(Bankruptcy Court Case No. 98-51923) |

### RESPONSE AND OBJECTION OF SCOTT CABLE COMMUNICATIONS, INC. TO THE UNITED STATES' "(1) REPORT ON DELAWARE TRIAL DATE CHANGE, (2) REQUEST THAT COURT RULE ON CONVERSION ISSUE AS SOON AS POSSIBLE, (3) REQUEST THAT ANY JUDGMENT FOR REVERSAL REMOVE THE 10-DAY STAY IN BANKRUPTCY RULE 8017 AND MANDATE *IMMEDIATE* ENTRY BY THE BANKRUPTCY COURT OF AN ORDER CONVERTING THE CASE TO CHAPTER 7 (Without Prejudice to an Appeal to the Second Circuit), AND 4) REQUEST THAT THIS <u>COURT RETAIN JURISDICTION FOR CERTAIN PURPOSES</u>"

Scott Cable Communications, Inc. ("Debtor"), appellee in the above-referenced appeal, respectfully submits the following response and objection to the various inappropriate motions filed without leave by the United States on April 13, 2006 (the "April 13 Motion").

## INTRODUCTION

During the telephonic scheduling conference held on April 11, 2006, this Court instructed counsel representing the United States to "contact chambers after he determines whether it will be necessary to address the conversion issue prior to 5/8/06". *See* Docket No. 59, Minute Entry dated 4/11/06. Instead, under the guise of a "report", the United States has requested myriad forms of relief, all of which assume that this Court will rule in its favor on the conversion issue (the "April 13 Motion"). The United States' inappropriate filing leaves the Debtor with no choice but to file this brief response and objection.

## I. THE RELIEF REQUESTED IS NOT RIPE FOR ADJUDICATION

In its April 13 Motion, the United States requests, among other things, that (a) this Court remove the 10-day stay provided for in Bankruptcy Rule 8017 and mandate immediate entry by the Bankruptcy Court of an order converting the case to chapter 7, and (b) retain jurisdiction to stay the Delaware adversary proceeding". Remarkably, the United States also requests that if this Court decides not to retain jurisdiction, it order an immediate stay of the Delaware proceeding now, *before* any ruling on the conversion issue is even entered, for *three months* after the hypothetical appointment of a trustee.

The April 13 Motion presupposes that this Court will reverse the Bankruptcy Court's judgment on the conversion issue. As this Court has not yet issued its judgment, the April 13 Motion is premature, inappropriate, speculative, and presents issues that are not ripe for adjudication. Accordingly, the Debtor will not now burden this Court with briefing on issues that are not before it, and reserves its right to respond to the United States' argument if and when the issues become ripe for adjudication and are appropriately before the Court, in accordance with whatever schedule this Court deems appropriate.

2

## II. THE UNITED STATES' MOTION IS A COLLATERAL ATTACK ON JUDGE CAREY'S RULING

The United States "report" on proceedings held before Judge Carey on April 12, 2006 is selective and misleading, and again forces the Debtor to respond in order to correct the inaccurate record. Although a transcript of the April 12, 2006 proceeding is not yet available, what the United States neglected to report is that, when the issue of this Court's pending ruling on the conversion issue was raised, the government did not move for a stay and Judge Carey did not make a determination concerning whether the adversary trial should be adjourned to allow time for the appointment of a trustee. Instead, Judge Carey indicated that he would likely not rule on this until the appropriate time comes. This determination has a glaringly obvious rationale: if the Unites States' appeal on conversion is denied, there will be no basis for it to seek a stay of the adversary proceeding.

The United States' present motion is a blatant and inappropriate attempt to collaterally attack Judge Carey's ruling by asking this Court to enter a stay of the proceedings pending in another judicial district before Judge Carey, *before* this Court even renders its decision on the conversion issue. The doctrine of "comity" teaches that courts should defer acting on matters that are already pending before courts of other jurisdictions until those courts have had an opportunity to rule. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). The Debtor submits that, once this Court renders its decision on the conversion issue, it should defer to Judge Carey to make the determination as to whether this Court's ruling should have any impact on the proceedings before him. If the United States is not satisfied with Judge Carey's handling of the matter, it can then file whatever motions are procedurally and jurisdictionally appropriate.

3

### III. RELEVANT PROCEDURAL HISTORY IN DELAWARE SHOULD BE CONSIDERED BY THIS COURT

Although the April 13 Motion requests yet another stay of the Delaware adversary proceeding, the United States conveniently ignores procedural history that is relevant to its extraordinary request. The Debtor will not here recite the lengthy and tortured procedurally history of the adversary proceeding, because to do so would take many pages in light of the United States' myriad efforts to delay those proceedings.

After more than *seven years* since the United States – the plaintiff – commenced this adversary proceeding, it is finally on the eve of trial. The United States has been relentless in its efforts to delay, which now continue before this Court. On September 13, 2001, the United States filed its first unsuccessful re-transfer motion in the Delaware Bankruptcy Court, seeking to move the adversary proceeding from Delaware back to Connecticut. Adversary Docket No. 57. On July 22, 2005, after extensive discovery and briefing, Judge Walsh in Delaware denied the government's motion for summary judgment in a bench ruling and set the matter for trial on May 8, 2006. At a November 28, 2005 status conference, Judge Walsh advised the parties that, due to a scheduling conflict, trial would either have to be rescheduled or transferred to one of four new bankruptcy judges in Delaware. Then, on December 23, 2005, the United States filed a motion requesting that Judge Walsh recuse himself and reassign the case. Adversary Docket No. 322. On January 27, 2006, Judge Walsh issued a letter (1) informing the parties that he would reassign the adversary proceeding to Judge Carey, and (2) describing the United States' recusal motion as lacking merit because it was both untimely and based on speculation. Adversary Docket No. 328, at 1-2. Judge Walsh indicated that it would be "in the interest of all parties that [this case] be tried sooner rather than later. The "sooner" can be achieved by sticking with the present trial

4

schedule (commencing May 8, 2006)." *Id*. It finally seemed as though a May 8 trial was inevitable. The United States, however, had more procedural moves left in its trial delay play book. On February 10, 2006, it filed a second re-transfer motion, this time before Judge Carey, again seeking to move the adversary proceeding from Delaware back to Connecticut. Adversary Docket No. 331. Then, on March 8, 2006, the United States filed a motion to continue the trial date. Adversary Docket No. 356. On March 7, 2006, Judge Carey denied the United States' second re-transfer motion, and on April 12 set the matter for trial commencing June 12, 2006. Adversary Docket No. 410.

While the defendants are finally, after years of delay, on the verge of trial, it is equally relevant to the conversion issue before this Court that during this period of extended delay in the Delaware adversary proceeding, virtually nothing has been happening in the Debtor's bankruptcy proceedings pending in Connecticut. Indeed, the United States concedes that the only issue left in the Debtor's chapter 11 proceeding is resolution of the Delaware adversary proceeding. The United States' principal justification for conversion of the case is that a chapter 7 trustee would hypothetically agree to waive the attorney-client privilege. However, the United States' successfully brought a motion in the Delaware adversary proceeding to compel the Debtor to produce documents it had withheld on the basis of attorney-client privilege. Adversary Docket No. 184 and 225. Additionally, the United States was granted leave to take a second deposition of Debtors' former counsel in order to examine him on the previously-withheld documents. Thus, the United States has already received what it argued before this Court to be a principal benefit of conversion to chapter 7: access to the Debtor's privileged documents. In these circumstances, appointment of a chapter 7 trustee will serve no purpose other than to further the

5

United States' relentless attempts to avoid going to trial on the adversary proceeding that it commenced more than seven years ago.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully request that this Court deny all of the relief requested in the April 13 Motion.

SCOTT CABLE COMMUNICATIONS, INC.

By _____

ZEISLER & ZEISLER P.C.
Craig Lifland (CT00976)
558 Clinton Avenue
Bridgeport, CT 06605
(203) 368-4234

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
Rachel Helyar
Abid Qureshi
590 Madison Avenue
New York, NY 10022
(212) 872-1000

Co-Counsel to the Debtor

6

CERTIFICATION OF SERVICE

This is to certify that on this 17th Day of April, 2006 a copy of the foregoing Response and Objection was sent, via electronic mail, to:

Ann M. Nevins, Esq.
Assistant United States Attorney
915 Lafayette Blvd.
Room 309
Bridgeport, CT 06604

Alan Shapiro, Esq.
United States Department of Justice
Tax Division
P.O. Box 55
Washington, DC 20044-0055

Ira H. Goldman, Esq.
Kathleen M. LaManna, Esq.
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103

Patricia Beary, Esq.
Carol Felicetta, Esq.
Assistant United States Trustee
265 Church Street, Suite 1103
New Haven, CT 06501-7016

Andrew Z. Schwartz, Esq.
Euripedes Dalmanieras, Esq
Foley Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

Guy S. Neal, Esq.
Theresa Chan, Esq.
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

_____
Craig Lifland