**UNITED STATES BANKRUPTCY COURT** **ORIGINAL**
**DISTRICT OF CONNECTICUT**

2006 APR 20  P 12: 48

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| SCOTT CABLE COMMUNICATIONS, | : | No. 3:02-CV-1725 (AWT) |
| Debtor. | : | Consolidated Bankruptcy Appeals |
| | : | (Bankruptcy Court Case No. 98-51923) |
| _____ | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT CABLE COMMUNICATIONS, | : | |
| INC., STATE STREET BANK AND | : | |
| TRUST CO. as Indenture Trustee for | : | |
| certain note holders, and AKIN, GUMP, | : | |
| STRAUSS, HAUER & FELD, LLP, | : | |
| Appellees | : | |
| _____ | : | |

**U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE,
RESPONSE AND OBJECTION TO UNITED STATES' APRIL 13, 2006
1) REPORT ON DELAWARE TRIAL DATE CHANGE, 2) REQUEST THAT
COURT RULE ON CONVERSION ISSUE AS SOON AS POSSIBLE, 3) REQUEST
THAT ANY JUDGMENT FOR REVERSAL REMOVE THE 10-DAY STAY IN
BANKRUPTCY RULE 8017 AND MANDATE _IMMEDIATE_ ENTRY BY THE
BANKRUPTCY COURT OF AN ORDER CONVERTING THE CASE TO CHAPTER 7
(Without Prejudice to an Appeal to the Second Circuit), AND 4) REQUEST THAT THIS
COURT RETAIN JURISDICTION FOR CERTAIN PURPOSES**

U.S. Bank National Association, as Indenture Trustee, (the "Indenture Trustee"),

Appellee in the above referenced appeal pending before this Court, hereby responds to the

above-referenced filing by the United States filed on April 13, 2006 (the "April 13 Motion").

As this Court is aware, the parties to the present appeal disagree as to whether there is

any urgency with respect to resolution of the appeal of Judge Shiff's ruling denying conversion

in the underlying bankruptcy case of Scott Cable Communications pending in the Connecticut

Bankruptcy Court.  At the telephonic conference before this Court on April 11, 2006, the Court

requested that counsel to the Government report back after the Delaware April 12, 2006 pretrial hearing before the Delaware Bankruptcy Court and specifically "contact chambers after he determines whether it will be necessary to address the conversion issue prior to 5/8/06". <u>See</u> 04/11/06 Minute Entry,  Docket No. 59.  Instead of making that call, which in our view would have been simply to alert the Court to the fact that the trial had been continued to June 12, 2006, the Government filed yet another seven-page motion seeking extraordinary relief.  U.S. Bank National Association, as Trustee, wishes that it did not have to file additional pleadings to further take up this Court's limited and valuable time, but the Government has left it with no choice but to respond.

Almost five years ago, in March of 2001, this Court overturned Judge Shiff's ruling granting summary judgment in favor of the Indenture Trustee (the "Remand Order").  In so doing, this Court held that the Defendants did not win as a matter of law and remanded the case to the trial court for a hearing on the merits.  Since that time, the Defendants have been complying with this Court's Remand Order and have been trying to have this matter heard on the merits before the trier of fact, which is now the Delaware Bankruptcy Court.

Despite the fact that the trial has now been postponed until June 12, 2006, the Government has taken the position that its appeal is more important than the numerous other matters pending before this Court and that, therefore, despite the continuance "it is nevertheless important that this court determine the conversion issue by May 8, 2006, if not sooner".  April 13 Motion, page 2.

In its motion in lieu of a "report back", the Government i) gives a fragmented and partial description, in a vacuum and out of context, of certain issues addressed at the five-hour April 12, 2006 hearing before Judge Carey in Delaware, ii) asks the Court to make a ruling on the conversion issue "as soon as possible", and iii) seeks further extraordinary relief.  Among the extraordinary relief sought, the Government asks this Court to "mandate" that the Connecticut Bankruptcy Court immediately convert the case, provides this Court with what its decision

should state, seeks a removal of the stay afforded by Federal Rule 8017, requests that this court enter an order "retaining jurisdiction" over a future stay motion that the Government suggests would follow any order converting the case at this stage of the proceedings, and goes so far as to request an immediate stay, before *any* ruling on conversion is even entered, staying the Delaware trial for three months after an appointment of a trustee on remand.

This Court has suggested that the status of the Delaware proceeding may not be determinative to its decision whether to move forward with this pending appeal. And yet the Government is asking this Court to enter a stay in that litigation, pending in another jurisdiction, based upon a ruling that may or may not be entered in its favor by this Court. By way of alternative relief included, in passing, in its April 13, 2006 Motion, the Government requests that "if this Court is unwilling to retain jurisdiction over such issue, then it should enter an order at this time staying the trial until three months after the appointment of a trustee on remand, unless a trustee or the United States earlier agrees that they no longer need such stay". April 13 Motion, page 7.

The premature, theoretical, conditional, and speculative relief sought by the Government is inappropriate and is not properly before this Court. No stay is warranted in these proceedings, and the issue of a stay, if it were properly raised, should be addressed in the first instance by the court with knowledge and information of the litigation sought to be stayed. In this case, that is the Delaware Bankruptcy Court. Bankruptcy Rule 8005, upon which the Government basis its motion, provides that a motion for a stay "must ordinarily be presented to the bankruptcy judge in the first instance." The Government has not moved for a stay in the Bankruptcy Court. Moreover, the adversary proceeding has been transferred to Delaware. It is well-settled that once venue is transferred, the transferor court, and the appellate courts in the transferor district, "lose all jurisdiction over the case and may not proceed further with regard to it." 15 Charles A. Wright et al., Federal Practice and Procedure § 3846, at 357–58 (1986); In re Warrick, 70 F.3d 736 (2d Cir. 1995) (citing loss of jurisdiction upon transfer approvingly, but granting limited

mandamus because clerk's procedural error resulted in transfer of case files prior to expiration of automatic 10-day stay of order); Drabik v. Murphy, 246 F.2d 408, 408–10 (2d Cir. 1957)(J. Hand)(denying request for writ of mandamus to require district judge to review order because transfer was complete divesting court of jurisdiction).

The Government has made the Delaware Bankruptcy Court thoroughly aware of its desire for an extension of time and a stay of the litigation, at the hearing on April 12, 2006 and in its numerous other filings, and has included in its reasons the fact that this conversion appeal is pending. No motion for stay has been filed with the Delaware Bankruptcy Court, however, and the Delaware Bankruptcy Court has not ruled on the issue. Judge Carey has repeatedly expressed his view that this matter is going to trial. The Indenture Trustee will not further attempt to reiterate here what was stated at the hearing on April 12, 2006 and can provide this Court with a transcript of the hearing to the extent necessary.

We will not insult the Court by responding with our obvious contrary view of what we believe the Court's Order should state procedurally, and we have no doubt that the Court is aptly prepared to rule consistent with the Federal Rules. Moreover, the Government has improperly used this Court's request for a report regarding the need for decision prior to May 8, 2006, to reargue various aspects of its appeal. In deference to this Court's busy schedule, we will not similarly reiterate here our position on why conversion does not make sense. We instead direct the Court to our prior briefing, and specifically the Indenture Trustee's brief of April 22, 2005, for substantive arguments in support of upholding Judge Shiff's decision on conversion, and we note below that the arguments in favor of upholding that decision, and the potential harm to Defendants in further delaying this trial, are even more acute today than they were at the time of the initial briefing in this matter.

Almost four years have elapsed since Judge Shiff considered and denied the Government's motion to convert. The record in July 2002 was far different than the record today. Conversion at this stage of the proceedings makes even less sense than it would have in

2002. There is absolutely nothing for a Chapter 7 Trustee to do in this case. The only substantive issue remaining in the case is the resolution of the dispute between the Government and the secured Noteholders.

The Indenture Trustee has been arguing since 2001, and perhaps before that, that the trial on the merits should proceed with judicial efficiency. It is now 2006, and we are finally on the verge of trial. The Indenture Trustee respectfully requests that this Court consider the posture of the Connecticut bankruptcy proceedings, in which there is no activity and in which there is nothing for the Debtor or a Chapter 7 Trustee to do, consider the posture of the adversary proceeding finally on the verge of trial in Delaware, and deny the extraordinary relief sought by the Government which will only result in further delay of a just resolution of the issues raised by the Government in its Amended Complaint.

**U.S. BANK NATIONAL ASSOCIATION, AS
INDENTURE TRUSTEE,**

By _____
Ira H. Goldman (ct05656)
Kathleen M. LaManna (ct06740)
For Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103
Its Attorneys
(860) 251-5000

433084 v.04

## CERTIFICATION OF SERVICE

This is to certify that on the 17th Day of April, 2006 a copy of the foregoing U.S.

Bank National Association, as Trustee, Response and Objection was mailed, via regular first

class mail, postage prepaid, to:

Ann M. Nevins, Esq.
Assistant United States Attorney
915 Lafayette Blvd.
Room 309
Bridgeport, CT  06604

Alan Shapiro, Esq.
Peter Sklarew, Esq.
United States Department of Justice
Tax Division
P.O. Box 55
Washington, DC  20044-0055

Patricia Beary, Esq.
Carol Felicetta, Esq.
Assistant United States Trustee
265 Church Street, Suite 1103
New Haven, CT  06501-7016

Daniel H. Golden, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY  10022

Craig I. Lifland, Esq.
Zeisler & Zeisler
558 Clinton Avenue
Bridgeport, CT  06605

Andrew Z. Schwartz, Esq.
Euripedes Dalmanieras, Esq
Foley Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts  02210-2600

Guy S. Neal, Esq.
Theresa Chan, Esq.
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

Kathleen M. LaManna