```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF DELAWARE

IN RE:                      .   Case No.  96-00166-PJW
                            .
ACE-TEXAS, INC.,            .
                            .   824 Market Street
                            .   Wilmington, Delaware  19801
              Debtor.       .
                            .   June 8, 2006
. . . . . . . . . . . . . . .   2:01 p.m.
                            .
UNITED STATES OF AMERICA, .     Adv. No.  1-01-04605
                            .
          v.                .
                            .
STATE STREET BANK AND       .
TRUST COMPANY, as Trustee   .
for Junior Subordinated     .
Secured PIK Notes, et al.,.
                            .
              Defendants. .
. . . . . . . . . . . . . . .
```

TRANSCRIPT OF HEARING
BEFORE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For ACE-Texas, Inc.:    Young Conaway Stargatt & Taylor, LLP
                        By:  JAMES L. PATTON, ESQ.
                        The Brandywine Building
                        1000 West Street, 17th Floor
                        Wilmington, DE  19899


For the United States   U.S. Department of Justice
of America:             Tax Division
                        By:  ALAN MARTIN SHAPIRO, ESQ.
                             LYDIA D. BOTTOME, ESQ.
                             PETER SKLAREW, ESQ.
                             JOHN V. CARDONE, ESQ.
                        P.O. Box 55
                        Washington, DC  20044


Audio Operator:         Jason Smith

Proceedings recorded by electronic sound recording, transcript
            produced by transcription service.

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@optonline.net**

**(609) 586-2311  Fax No.  (609) 587-3599**

APPEARANCES (CONT'D):

```
For State Street Bank          Monzack & Monaco, P.A.
and Trust Company:             By:  JOSEPH J. BODNAR, ESQ.
                               1201 North Orange Street
                               Suite 400
                               Wilmington, DE  19899-2031


For Media/Communications       Foley Hoag, LLP
Partners L.P.:                 By:  ANDREW Z. SCHWARTZ, ESQ.
                                    EURIPIDES DALMANIERAS, ESQ.
                               Seaport World Trade Center West
                               155 Seaport Boulevard
                               Boston, MA  02210


For U.S. Bank:                 Shipman & Goodwin LLP
                               By:  KATHLEEN M. LAMANNA, ESQ.
                               One Constitution Plaza
                               Hartford, CT  06103


For Allstate Insurance         Sidley Austin LLP
Co.:                           By:  GUY S. NEAL, ESQ.
                                    TERESA CHAN, ESQ.
                               787 Seventh Avenue
                               New York, NY


For Media Communications       Zuckerman Spaeder LLP
Partners LP:                   By:  THOMAS G. MACAULEY, ESQ.
                               919 Market Street, Suite 990
                               Wilmington, DE  19899


For Allstate Insurance Co.:    Ashby & Geddes, LLP
                               By:  JOSEPH C. HANDLON, ESQ.
                               222 Delaware Avenue, 17th Fl.
                               Wilmington, DE  19899


For U.S. Bank:                 Monzack & Monaco, LLP
                               By:  FRANCIS A. MONACO, JR., ESQ.
                               1201 North Orange Street
                               Suite 400
                               Wilmington, DE  19899-2031


For Scott Cable                Buchanan Ingersoll & Rooney, P.C.
Communications, Inc.:          By:  TERESA CURRIER, ESQ.
                               The Brandywine Building
                               1000 West Street, Suite 1410
                               Wilmington, DE  19801


For Scott Cable                Akin Gump Strauss Hauer &
Communications, Inc.:             Feld, LLP
                               By:  ABID QURESHI, ESQ.
                               590 Madison Avenue
                               New York, NY  10022-2524
```

1          THE CLERK:  Court is now in session.

2          THE COURT:  Good afternoon, counsel.

3          UNIDENTIFIED SPEAKER:  Good afternoon, Your Honor.

4          UNIDENTIFIED SPEAKER:  Good afternoon.

5          MS. LAMANNA:  Good afternoon, Your Honor.

6          THE COURT:  We scheduled this telephone conference

7  which had originally been scheduled as a final pretrial

8  conference for the purpose of finalizing any terms that the

9  parties had not agreed to following the June 5th hearing on the

10 government's motion to lock in trial dates to consider whether

11 the Court should approve the two stipulations that have been

12 submitted and to consider anything else the parties thought

13 might be necessary as a consequence of the ruling that I made

14 on the government's motion to delay trial on June 5th.  That

15 having been said, let me ask for comments from counsel.

16         MR. SHAPIRO:  Your Honor, this is Alan Shapiro for

17 the government.  A couple of things that pop to mind.  First, I

18 think docket items 438, 442, 443, 454, and 455 are ready for

19 your review.  Those include the two stipulations, one regarding

20 the so-called Flanigan documents, and another one involving the

21 Goldman documents.

22         THE COURT:  I have in front of me the papers

23 concerning the Flanigan documents and the Goldman documents,

24 but none of the other items.

25         MR. SHAPIRO:  Okay.  One of them, 438, pertains to a

**J&J COURT TRANSCRIBERS, INC.**

4

1  proposed order that wrapped up the decisions that you made at

2  the April 12th hearing.

3          THE COURT:  Okay.  Well, let me ask this.  Does

4  anyone see any reason why I shouldn't enter that order?  Okay.

5  I will pull that and act on it.  Go ahead, Mr. Shapiro.

6          MR. SHAPIRO:  454 is a proposed order regarding the

7  Rule 30(b)(6) deposition of Baer Marks on three particular

8  block exhibits that also had already been discussed by the

9  parties and then submitted.

10          THE COURT:  Okay.  Anyone see any reason why I

11  shouldn't enter that order?  Okay.  I will act upon that one,

12  as well.

13          MR. SHAPIRO:  And even though you're going to be

14  acting upon that one, I understand from what you said on June

15  5th that that deposition is not to move forward until you've

16  made further decisions that are of a related nature.  That's

17  correct.  And I think that that should be included in the order

18  that we talked about June 5th, so that that's clear.  But I'll

19  enter the form of order submitted at 454.  Anything else.

20          MR. SHAPIRO:  Let's see.  The --

21          THE COURT:  And does anyone -- I'm sorry.  Does

22  anyone disagree that I should act favorably to approve the

23  stipulations concerning William Goldman and Don Flanigan?  All

24  right.  I hear no response so I'll act upon them, as well.

25          MR. SHAPIRO:  All right.  455, in light of what

**J&J COURT TRANSCRIBERS, INC.**

1  you've just said I'm not so sure that that completely

2  encompasses the remark that you made about wanting something

3  expressed about holding off on the 454 deposition until further

4  developments occur.

5              THE COURT:  Okay.

6              MR. SHAPIRO:  I think it's pretty much understood

7  from what you said on the record at the hearing, and obviously

8  I just brought it up again, so I understand what you meant.  If

9  you feel that 455 needs to be redrafted to have some additional

10 language in it, certainly I'll do it.

11             THE COURT:  What is that, Mr. Shapiro?

12             MR. SHAPIRO:  That was to wrap up your decisions on

13 June 5th to postpone the trial.

14             THE COURT:  I haven't seen that.

15             MR. SHAPIRO:  Okay.  It may have just been too soon

16 to get to you.

17             THE COURT:  Well, what -- you have to understand,

18 what happens here is that when something is e-filed it does not

19 automatically come to chambers.  If there is something that

20 counsel want me to sign, chambers copies must be separately

21 delivered in hard copy.

22             MR. SHAPIRO:  Okay.  Then in light of my oversight

23 there, perhaps the best thing to do is to let me look through

24 that again and if I or the other parties feel that some

25 additional language needs to be added to what has been e-filed

**J&J COURT TRANSCRIBERS, INC.**

6

1  as 455, then I'll work that out with them in the next couple of

2  days and send it both e-file and hard copy to the Court.

3          THE COURT:  Well, let me ask this.  Have other

4  counsel signed off on the form of order that is filed as 455?

5          MR. SHAPIRO:  Yes.

6          THE COURT:  Okay.

7          MR. SHAPIRO:  The next thing that I thought might be

8  useful to discuss would be the fact that the government has

9  already produced its pretrial order information memoranda and

10 other related documents to the defendants, and we thought that

11 it would be appropriate for them to turn over what they were

12 supposed to turn over today.  If they want to postpone that to

13 say the 16th or the 19th of the month, you know, I won't object

14 to that.  But we would like to get the defendant's portion of

15 the pretrial order and have our chance to do the next steps

16 that come with that.  And in addition we also thought that it

17 would be useful to have the defendants identify the pages of

18 deposition testimony that have been designated by the

19 government that they wish to object to and the grounds for

20 their objection, and then the government likewise would do that

21 when it receives the defendant's designated pages.  I recognize

22 that in the past you have indicated that you would prefer to

23 make rulings on objections of that nature at the time of trial,

24 but I thought that given the nature of the record in this case

25 and the fact that we do have a couple of months of time that we

1  did not have before, that there may be some rulings that might

2  be more appropriately addressed prior to trial, and this would

3  give the parties an opportunity to choose those particular

4  types of objections, if there are any, that it might be more

5  useful to bring to the Court's attention earlier in the trial,

6  and even if there aren't any that need to be brought to the

7  attention of the Court it gives both parties, or all parties, a

8  better opportunity to prepare their presentations in trial

9  knowing what objections their opponents are going to choose to

10  make with respect to deposition transcripts being introduced in

11  substitute for live witness testimony.

12          THE COURT:  Any response from the defendants?

13          MR. SCHWARTZ:  Yes, Your Honor.  Andrew Schwartz for

14  the Media defendants.  The trial now is not going to take place

15  for more than another four months, and I would suggest in that

16  context that it would be premature for the defendants to be, at

17  this stage, or within the next ten days, as Mr. Shapiro has

18  proposed, submitting anything in the nature of a pretrial order

19  submission.  There is now at least the prospect of additional

20  discovery which may yield additional information that might be

21  included.  We don't know, of course, what's going to happen,

22  but I would suggest that this is something that should not be

23  happening imminently, and which should happen some time in the

24  period leading up to the trial.  I don't mean five days before

25  the trial.  We were on a somewhat tight schedule with the June

1  12th trial date as far as the pretrial order being submitted,

2  but we've been relieved of that kind of pressure, so I would

3  think that if we were setting dates and times for the

4  submission of the pretrial order, we should work backwards from

5  October 16th.  The government should probably re-submit to us

6  in the first instance whatever its pretrial submission is going

7  to be, which, if there's no more discovery, could be just what

8  it has put together so far, but if there's more discovery, then

9  it will have additional components.  And then some time

10  reasonably soon after they give us that we'd respond and then

11  there would be a period of interaction where maybe we could

12  narrow any disagreements about the phraseology of undisputed

13  facts, because our preliminary thinking on that, having seen

14  the 681 proposed undisputed facts that Mr. Shapiro submitted,

15  with respect to some of them we may be able to work things out

16  just by adjusting the wording.  But given the hiatus that we've

17  gone into now, it does not seem to me to be appropriate in the

18  month of June to be working on a pretrial order in -- you know,

19  in expectation if a trial is not happening until the middle of

20  October.

21         MR. SHAPIRO:  Your Honor, this is Alan Shapiro.  May

22  I respond to a few of the things that Mr. Schwartz said?

23         THE COURT:  Well, let me hear from the other

24  defendants, if anyone else cares to be heard.

25         MS. LAMANNA:  Your Honor, this is Kathleen LaManna of

**J&J COURT TRANSCRIBERS, INC.**

 1   Shipman and Goodwin for U.S. Bank, which is the indenture

 2   trustee.  We would just join in what Mr. Schwartz indicated and

 3   also point out that it is the government that wanted this stay,

 4   and we see no prejudice to them in having the pretrial

 5   statement done in the normal course in the time leading up to

 6   the trial, which is now not until October.

 7          MR. NEAL:  Your Honor, Guy Neal, counsel for

 8   Allstate.  Real brief, I want to add an additional fact.  The

 9   government, being the plaintiff, had the initial burden of

10   producing the draft pretrial order.  Upon reflection, Your

11   Honor, the time frame that was provided in advance of the June

12   12th trial would have been completely unworkable.  The

13   government, it appears, put together a 684 separate paragraph

14   stipulation, which I can imagine took the government many

15   weeks, if not months, to prepare.  Had the trial gone forward

16   we would have had essentially five business days, and then the

17   weekend to try to counter and to produce something that would

18   be responsive and in the spirit of your rules, Your Honor.  It

19   would not have been possible, we would have probably had to

20   object to the vast majority of the statements as being not

21   reflected by the record or being slightly inconsistent with the

22   record, and we would have tried to provide appropriate word

23   changes where appropriate, or appropriate citation changes.

24   So, the government's request that we put something together

25   within the week, Your Honor, would not be a really -- would not

**J&J COURT TRANSCRIBERS, INC.**

1  be a workable or productive endeavor because we would be left

2  scrambling again to try to counter 684 separate paragraphs.

3  So, I would join in the statements made by Mr. Schwartz and Ms.

4  LaManna.  There is an appropriate time to put the order

5  together.  I'm not sure what that time is, but it certainly

6  isn't in the month of June and probably shouldn't even be in

7  the month of July, in light of additional discovery that's

8  going to take place.

9        MR. SCHWARTZ:  Your Honor, Andrew Schwartz.  I'd like

10  to add just one more comment along these lines, which is really

11  in the nature of a request, not a criticism.  In the

12  submissions we received from the government as part of its --

13  part of the pretrial order, in designating deposition testimony

14  the government did it by page number, but not line number.  And

15  this may seem like a small point, but it really isn't, because

16  there are a lot of respects in which -- and some of these --

17  what the government did was have many different small segments

18  of testimony.  It would be very helpful to us, whenever we have

19  to do this, if Mr. Shapiro could refine his designations, now

20  that he's going to have more time, so we know exactly what

21  testimony on particular pages he is designating, because there

22  are any number of instances where there will be one subject and

23  then the subject changes in the middle of the page, and you

24  don't quite know where the government is starting and stopping

25  when you're responding, objecting, counter-designating, or

**J&J COURT TRANSCRIBERS, INC.**

1    doing all those various things.  Now, I'm sure the government

2    was under a lot of pressure to get this done, and as I say, I'm

3    not criticizing them for the way in which they prepared it, but

4    now that they have the luxury of time we would appreciate if

5    when they resubmit their pretrial submissions they could give

6    us a slightly more fine-tuned sense of what they are

7    designating with respect to each of the particular excerpts,

8    and there are many of them.

9            MR. SHAPIRO:  Your Honor, this is Alan Shapiro for

10   the government.  May I now respond to the various remarks that

11   the defendants have laid out?

12           THE COURT:  Yes.  If we're done on the defense side?

13   Okay.  Go ahead, Mr. Shapiro.

14           MR. SHAPIRO:  First and foremost, to postpone the

15   defendants turning over their pretrial order information, as

16   they suggest, would be just absolutely unfair.  I mean, we have

17   complied with the Court's order and turned over at a great deal

18   of effort and energy, a pretrial information memorandum to

19   comply with the Court's requirements and divulged, you know,

20   tremendous amounts of pretrial strategy with the idea that we

21   were going to have to go forward on June 12th.  And to relieve

22   the defendants of the same equal requirement, which by the way

23   didn't even require them to have simultaneous filings gave them

24   even more time, would just be unfair because it would give them

25   extraordinary amounts of time to have the advantage of seeing

**J&J COURT TRANSCRIBERS, INC.**

1  basically our pretrial information without us having theirs.

2          In addition, Mr. Schwartz, at the April 12th hearing,

3  I asked him if that was going to give him enough time, the

4  schedule that you laid out, and he said that it would.  And in

5  fact, on June 5th, just a couple of days ago, Mr. Schwartz

6  pointed out that the defendants are ready to go to trial, and

7  they should have been ready to produce all of this information

8  to us today.  Today was the deadline, so I was willing to

9  compromise, and, you know, in light of the fact that there was

10  more time between, you know, the June 12th date and the October

11  16th date, to provide them some more time because it might

12  benefit everybody to do that, and I suggested, you know,

13  perhaps the 16th or the 19th of June.  I don't think it would

14  be fair or reasonable for much more than that, and in addition,

15  everything that I'm sure you've seen in the time that you've

16  been on this case has indicated that making people get things

17  done sooner knowing how many problems are going to come up

18  along the way makes a lot more sense because this case, if

19  nothing else, has demonstrated that there will be constant

20  issues that have to be brought to the Court.  So I think it

21  would be a big mistake to wait and put things off way late into

22  the summer, because it will cause all of us to be scrambling,

23  just as we were this last go around, trying to get pretrial

24  orders and rulings together before the trial date.

25          I think it makes more sense for everyone concerned to

**J&J COURT TRANSCRIBERS, INC.**

1  try to stay on a more sooner deadline for wrapping up the

2  pretrial order requirements with the caveat that if there is

3  any more depositions or discovery, that we'll each be able to

4  supplement whatever our filings are.  But the bulk of what we

5  had exchanged on behalf of the government and what should be

6  exchanged by the defendants, that should be forthcoming very

7  soon, and you know, that will give us more time to write any

8  responsive papers that we have to file or negotiate any further

9  things that we need to negotiate, or bring anything to the

10  attention of the Court without it backing us up against yet

11  another trial date.  In addition, the pages of the deposition

12  transcripts that we designated, that's in compliance with what

13  I understood to be the Court's rules, to designate the pages.

14  I didn't remember reading anything about designating lines.

15  I'd certainly like to see what the defendants are designating

16  and be able to prepare my responses to that as I'm sure they

17  will provide, you know, and should be required to provide, what

18  they are going to object to and their grounds for objecting to

19  it so we can bring things to the Court in an orderly manner,

20  and we all can benefit from not having to scramble and hurry,

21  but prepare a proper presentation for the Court that will be

22  more efficient for the Court when the trial comes around in the

23  fall.  So, I would ask that we set a date in this month for the

24  defendants to do what they were required to do and said that

25  they were prepared to do, which is turn over their pretrial

1  information.  And my added request was to have them identify

2  what pages of the deposition that I designated if they want to

3  object to and their grounds, and you know, when they give me

4  their stuff, I'll identify likewise what pages of the

5  depositions they designate that I want to object to and the

6  grounds for doing so, and we'll each have a, you know, an even

7  and fair chance to move on in getting ready for this trial.  I

8  mean, there is more things that are going to happen once a

9  trustee is appointed, and that's going to commit more time from

10  everybody, so we shouldn't squander this time now.  We should

11  try to do it wisely and efficiently now.

12        THE COURT:  Well, I don't disagree with the

13  defendants that while they said they were ready to go to trial

14  several times, that you know, responding to something that's

15  been described as that size of an undertaking, you know,

16  involves some effort.  And I think now that we have some time,

17  I see no harm at all to the government in giving the defendants

18  a little more time.  Frankly, with us being four months away

19  from trial, you know, by the time we get there there will be no

20  surprises for the government, at least in connection with this

21  exercise.

22        I'm inclined to allow the defendants until June 22nd

23  to make the necessary response.  And I know that won't

24  necessarily be the end in putting the parties in a position

25  where they can submit a joint pretrial, but I'll give them

1  until June 22nd to do that.  And then we'll decide at the

2  telephone conference already scheduled for June 27th at ten

3  where to go from there.

4         Now, other than that activity, is there anything else

5  that the parties think needs to take place between now and June

6  27th?

7         MR. SCHWARTZ:  Your Honor, Andrew Schwartz again.  I

8  would ask, if we're going to be required by the 22nd to do all

9  the various things required under the pretrial order process

10 that by a week before then the government be required to tell

11 us exactly which portions of the depositions they are

12 designating, because to do it by page, again, it's not a

13 picayune point, with any particular deposition page there are

14 questions that carry over from the preceding page.  There are

15 different subjects sometimes covered.  The government must have

16 known when it went through this which questions on which pages,

17 starting at what point and ending at what point it wanted to

18 produce, and we shouldn't be left to guess which part of the

19 page is involved.  So, it is something the government would

20 have to do before the trial anyway.  If they were going to be

21 reading or designating the transcript they would have to start

22 at some point, not always at the beginning of every page and

23 not always at the end of the last page.  So, it would be very

24 helpful functionally for us to know what we are responding to.

25 And, again, I'm not trying to make busy work for Mr. Shapiro,

1  but as we were reviewing these designations in anticipation of

2  the June 12th trial, we found there was a certain amount of

3  guesswork involved as to what was contemplated.  So, if we

4  could get, by the 15th, that type of refinement of the

5  deposition designations, that would be quite helpful, and I

6  think constructive to the overall process.

7      THE COURT:  Mr. Schwartz, I don't disagree with that,

8  and that's not suggesting Mr. Shapiro did anything

9  incompletely, because I'm looking at my -- the order on my

10  chambers procedures, and it does say by page, and so, he

11  followed the instructions completely.  And what I'll now do is

12  I'll change the order on my chambers page because it ought to

13  say by line as well.  So, I'll ask that the government have its

14  further designations done a week before then.  Mr. Shapiro, is

15  that a problem for you?

16      MR. SHAPIRO:  Yes.  I don't -- a week before the

17  22nd?

18      THE COURT:  Yes.

19      MR. SHAPIRO:  No, I don't think I'd be able to do it

20  in that period of time, Your Honor.

21      THE COURT:  Okay.

22      MR. SHAPIRO:  I don't have any problem trying to look

23  at my calendar very quickly.

24                      (Pause)

25      MR. SHAPIRO:  I think I could probably get it done by

**J&J COURT TRANSCRIBERS, INC.**

1  the 22nd.

2         THE COURT:  All right.  Then I'll give the defendants

3  three weeks after that to respond, then.

4         MR. SHAPIRO:  Well, that doesn't really make all that

5  much sense to me, Your Honor, because there's a lot else that

6         THE COURT:  Well, I'm sorry, but that's --

7         MR. SHAPIRO:  -- there's a lot else that --

8         THE COURT:  Mr. Shapiro?  Mr. Shapiro?  I'm sorry

9  that it doesn't, but that's my ruling.

10        MR. SHAPIRO:  What if I go ahead and compromise and

11 try to get this thing to them some time between the 15th and

12 the 22nd, in light of the fact that there's much more to a

13 pretrial order than this one small component of it?

14        THE COURT:  I don't think anyone would disagree with

15 you.

16        MR. SHAPIRO:  And then we can keep to the June 22nd

17 deadline for the defendants to turn over what you've previously

18 said they were to turn over.

19        THE COURT:  All right.  So, when do you think you

20 could have it done?

21        MR. SHAPIRO:  Today is the 8th.  I think I could

22 probably have it done by the 19th.

23        MS. LAMANNA:  Your Honor, this is Kathleen LaManna

24 from Shipman and Goodwin.  Might I suggest that the June 22nd

25 and the three week date after that makes sense given the length

**J&J COURT TRANSCRIBERS, INC.**

1 of time between now and the trial and the parties' hopes that

2 they will be able to put together a product that really does

3 narrow the issues and accomplish what we want to accomplish?

4　　　　MR. SHAPIRO:  I think a better compromise is the 19th

5 and the 30th.  I can get them what they need by the 19th and

6 the 30th gives them significantly more time to do what they

7 should have already done.

8　　　　THE COURT:  Looking at my calendar.

9　　　　　　　　　(Pause)

10　　　　THE COURT:  Well, Mr. Shapiro, I'll offer you the

11 choice.  We'll either stay with the 15th and the 22nd, or I'll

12 give you whatever time you need, and I'll give the defendants

13 whatever time they need.  And I'll leave the choice to you.

14　　　　MR. SKLAREW:  Can I ask for a clarification, Your

15 Honor?  I'm trying to understand what needs to be done.  This

16 is Peter Sklarew.

17　　　　THE COURT:  Well --

18　　　　MR. SKLAREW:  Is the only thing that Mr. Shapiro has

19 to do if designate the lines of the deposition pages --

20　　　　THE COURT:  That's all the defendants had requested.

21　　　　MR. SHAPIRO:  Your Honor, all I've asked is to --

22 instead of being required to turn these things over on June

23 15th, to give me until June 19th to turn over the lines.

24 That's an additional two business days.  And if you include the

25 weekend it's four days.

**J&J COURT TRANSCRIBERS, INC.**

1          THE COURT:  Mr. Shapiro, I gave you the choice.

2  You're free to make it.  Or, if you'd prefer not to, I will.  I

3  just don't see, with the trial in October, why we're stressing

4  so much over these few days.  See, from my standpoint my only

5  hesitation is we have a conference scheduled for the 27th.  I

6  thought it might be more meaningful if the parties had

7  exchanged their information by then.  And the only reason I'm

8  hung up on the 27th is I'm not going to be available until more

9  than two weeks after that for a rescheduled conference.  Now,

10  you know, maybe in light of the new trial date that doesn't

11  matter so much.  But that's the only reason I had any

12  hesitation about trying to squeeze it in before the 27th.  But

13  I -- you know, I'll set something for, you know, the second

14  week in July.

15          MR. SCHWARTZ:  Your Honor, this is Andrew Schwartz.

16  That may make more sense in the circumstances, all things

17  considered and will relieve the pressure on everybody.

18          MS. LAMANNA:  And, Your Honor, this is Kathleen

19  LaManna again.  I would just point out that in the interim, the

20  conversion issue, there may be developments which might play

21  into the process.

22          MR. SHAPIRO:  Well, Your Honor, this is Alan Shapiro

23  again.  If I understand this correctly then, if we don't go

24  with the 15th and the 22nd, then what would be the next set of

25  dates that you would have us do?

**J&J COURT TRANSCRIBERS, INC.**

 1          THE COURT:  Well, let's work backwards.  I would set

 2  a -- I would change the June 27th status hearing to July 13th

 3  or 14th, probably the 14th would be the --

 4          MR. SCHWARTZ:  Your Honor, would that be in person or

 5  telephonic?  This is Andrew Schwartz.  The only reason I

 6  inquire is there is an American Bankruptcy Institute conference

 7  which I was planning to attend on the 13th and the 14th in

 8  Rhode Island.

 9          THE COURT:  Yes, it would be by telephone, but I'm

10  also being reminded -- I can't do it the 14th.  It would be the

11  13th, but it would be by telephone.

12          MR. SCHWARTZ:  Could we do it in the morning on the

13  13th?

14          THE COURT:  Sure.  We could do a 9:00 on the 13th.

15          MR. SCHWARTZ:  That would be fine with me.  Thank you

16  for your accommodation.

17          MR. SKLAREW:  And then when would the due dates be

18  for the government's line designations and then the defendant's

19  entire pretrial submission?

20          THE COURT:  Let's take a look.

21                      (Pause)

22          THE COURT:  Well, all right.  How about, Mr. Shapiro,

23  you take until the 22nd to do that?  The defendants will have

24  their submissions in by July 6th, and we'll have our conference

25  on the 13th at nine.  Does that suit the parties?

**J&J COURT TRANSCRIBERS, INC.**

1          MS. LAMANNA:  Yes, Your Honor.  Thank you.

2          MR. SKLAREW:  Thank you, Your Honor.

3          THE COURT:  Okay.  Let's embody that in an order,

4    please, and submit it.  Now, let me go back to ask the question

5    I'm not sure I got an answer to, and that's not a criticism,

6    but is there anything else that needs to be addressed, or needs

7    to take place that we need to address now between today and

8    July 13th?

9          MR. SHAPIRO:  Your Honor, this is Alan Shapiro again.

10   I just want to make sure I really am clear on what you're

11   instructing us.  The materials that the defendants are turning

12   over on July 6th, are they to include the identification of

13   pages and lines of deposition transcripts that the government

14   has designated to which they are objecting to and their grounds

15   for the objection?

16          THE COURT:  Well, here's what -- what happened was

17   the preparation of the joint pretrial memorandum got put in

18   abeyance or halted as the result of my ruling on Monday.  At

19   that point the plaintiff, all except for having designated

20   lines, had done, I assume, that which it was supposed to do

21   under the terms of the general order.  Assuming that's true,

22   the defendants were then required to do that which the order

23   provided with respect to their response to the draft joint

24   pretrial memorandum.  So, what they should be producing by the

25   date we just set is that which is required by the general

**J&J COURT TRANSCRIBERS, INC.**

22

1  order.  Does that answer your question?

2          MR. SHAPIRO:  I don't think, from memory, that the

3  general order requires the parties to point out which pages

4  and/or lines that they are objecting to and their grounds for

5  the objection, and I thought that this process of having us,

6  you know, give greater specificity and the desire to try to be

7  more efficient in going forward with the trial and building in

8  more time for doing these things would encompass what I had

9  suggested earlier today, which is to have the parties identify

10 what they are going to object to in the other party's

11 designation of deposition testimony --

12         THE COURT:  Well --

13         MR. SHAPIRO:  -- and the grounds for doing it.

14         THE COURT:  -- the general order provides, in

15 Paragraph 4, that all counsel are expected to make a diligent

16 effort to ensure that the joint pretrial memorandum is complete

17 in all respects, and that all unresolved issues are fully,

18 completely, and adequately disclosed.  So, it seems to me that

19 at least counter-designations need to be included in whatever

20 response the defendants give, but I don't generally require,

21 Mr. Shapiro, that objections be embodied in the joint pretrial

22 memorandum.  I mean, disagreements are highlighted, of course,

23 about facts and about applicable law, but I generally don't use

24 that vehicle and counsel don't usually employ it for that

25 purpose.

**J&J COURT TRANSCRIBERS, INC.**

1          MR. SHAPIRO:  Well, I guess, Your Honor -- this is

2     Alan Shapiro again -- I guess, Your Honor, what I started out

3     by saying earlier this morning is that in this particular case,

4     given the volume of the deposition transcripts, the length and

5     the amount of deposition testimony that the parties will be

6     relying on, and given the fact that there is already a pattern

7     of tremendous amounts of objections being made to things, and

8     the fact that some things might actually benefit all to have

9     rulings or -- objections and rulings made before trial, that

10    perhaps in this instance, whether as part of what you all your

11    pretrial memorandum requirements, or maybe simply as another

12    pretrial order requirement that you add here today, whether as

13    part of or as a separate standing document, I feel that the

14    parties would all benefit, and I'm requesting that we have some

15    identification of those pages and lines of deposition testimony

16    that the other parties have designated to which a party wants

17    to object and their grounds for doing so, and the government

18    would do that within a reasonable period of time after

19    receiving the defendant's designation of pages and lines of

20    deposition testimony that it relies -- seeks to rely on for

21    trial, and that we do this, you know, at this stage, so that we

22    can resolve all these matters without the crush and rush to the

23    next trial date.

24          THE COURT:  Well, given the fact that the trial lies

25    four months away, I'm not -- I don't see the crush yet, and

**J&J COURT TRANSCRIBERS, INC.**

1 neither do I see the need to wait until the last minute before

2 resolving issues which should be resolved prior to trial.

3 Right now let's just work to completing the joint pretrial

4 memorandum, and then in accordance with your suggestion, Mr.

5 Shapiro, which I think is a good one, if it needs to be

6 supplemented it can be supplemented later on.  I don't -- and I

7 don't disagree that some schedule should be set up, but let me

8 suggest this, that counsel confer prior to the July 13th

9 hearing, see what developments have occurred between now and

10 then, and based upon what we know then, let's see if we can map

11 out what else needs to occur prior to the scheduled trial date.

12 And I'm willing to have an open discussion about that on the

13 13th.

14           MR. SHAPIRO:  Thank you, Your Honor.

15           THE COURT:  All right.  Anything further for today?

16 Okay --

17           MR. SKLAREW:  Your Honor, actually I do have one

18 thing.  This is Peter Sklarew.

19           THE COURT:  Go ahead.

20           MR. SKLAREW:  Your Honor, at this point in time I

21 feel like we probably have to do something, and I have a -- I

22 have some trepidation about this -- to alert Judge Thompson to

23 the new trial date here.  The reason I have some trepidation

24 about this is that -- let me try to explain it this way -- on

25 April 11th, one day before the hearing we had in your Court, we

1  had a telephonic conference before Judge Thompson, and he

2  indicated that he -- it was about setting oral argument and how

3  he could finish this case up, and the government had asked for

4  an expedited ruling, and he indicated after some opposition

5  that he would rule before the trial, and he asked the parties

6  to report back to him after the April 12th hearing, which he

7  knew was going to occur the next day, to tell him what had

8  happened at that hearing with respect to our motion to continue

9  the trial.  And we did report back to him in a filing that

10  indicated that the trial had been put off to June 12th, but

11  that the government felt that in light of the time it would

12  take for a trustee to get up to speed and all the implementing

13  things that have to happen that we requested essentially that

14  Judge Thompson still make a ruling by May 8th, which was the

15  original trial date.  And we now have passed that point.  We

16  know that hasn't occurred.  So, my trepidation is, I'm not sure

17  that a District Court Judge fully understands the mechanics of

18  the bankruptcy situation with the U.S. Trustee's Office, and a

19  trustee having to get involved, and all the things that it

20  might take for a trustee to get up to speed and make a

21  determination about whether to waive the privilege, on how much

22  lead time to build into that.  So, my trepidation is if Judge

23  Thompson is simply informed that the trial has been put off to

24  October 16th, the government has a risk, at least, given the

25  opposition to continue this you've had from the defendants,

1  that we may not get a ruling from Judge Thompson until longer

2  than we might otherwise hope for.

3          Now, I know Your Honor indicated you had telephoned

4  Judge Thompson prior to the last telephonic hearing, and that

5  Judge Thompson had essentially reconfirmed that he didn't know

6  and he couldn't commit to exactly when he would enter an

7  opinion, but he was working on it.  Does the Court have any

8  suggestions for how we might deal with this problem?  I don't

9  know whether we could call upon Your Honor possibly to indicate

10  in some way to Judge Thompson a wish, recognizing this Court

11  cannot tell the District Court what to do, a wish to have a

12  ruling far enough in advance to implement the reason we had

13  this four-month delay was to allow all these things, including

14  the trustee to get up to speed to happen?  I'm sort of fishing

15  for what to do here because I'm afraid that if we just report

16  back at trial date and nothing else that it doesn't really

17  convey the right message.  Does that make sense?

18          THE COURT:  Well, your request is understandable, but

19  I would be reluctant to phone the District Court at this point

20  to suggest that alacrity would be desired, at least from the

21  government's standpoint.  I understand your position, Mr.

22  Sklarew.  All I can say is that you've seemed to do -- have

23  done, so far, a pretty good job of getting the District Court's

24  attention when you thought that was necessary.  You could

25  always inform the Court that we have a status hearing in July.

**J&J COURT TRANSCRIBERS, INC.**

1  But beyond that I'm not sure what to recommend to you.  I

2  understand your predicament.

3          MR. SKLAREW:  All right, Your Honor.  I understand

4  the Court's response, and I think letting the Court know of

5  July 13th -- letting the District Court know of the July 13th

6  status and the hope that we'll have some progress by then is

7  probably something I can figure out a way to file.

8          THE COURT:  Yes.  And while I granted the

9  government's motion to delay trial for the reason that I did, I

10 haven't changed my determination that, you know, as long as

11 this matter is in my hands, we're going to get it to trial as

12 soon as I think is appropriate under the circumstances.  And I

13 won't delay it indefinitely.  If either -- for some reason a

14 trustee doesn't get appointed relatively soon, or you know, if

15 the trustee is not as diligent as he or she should be under the

16 circumstances, because as I think one or more of the parties

17 have pointed out, every time there is a delay, and the more

18 time there is, the more things seem to happen and the more work

19 and expense and time is involved for everyone, and I think we

20 need to bring that to a conclusion, at least in this Court.

21 That doesn't mean there won't be proceedings that follow, but

22 I'd like to at least do what this Court needs to do.  Anything

23 further for today?

24         MR. SHAPIRO:  It was July 6th and July 22nd are the

25 two operative dates?

**J&J COURT TRANSCRIBERS, INC.**

1          MR. SKLAREW:  No.  June 22nd and July 6th.

2          THE COURT:  That's correct.

3          MR. SHAPIRO:  Okay.  Thank you.

4          THE COURT:  And will counsel embody that in an order

5    and submit it, please?

6          MR. SKLAREW:  Yes.

7          THE COURT:  Thank you all very much.  That concludes

8    this telephone conference.

9          UNIDENTIFIED SPEAKER:  Thank you, Your Honor.

10                         *  *  *  *  *

### C E R T I F I C A T I O N

          I, TAMMY DeRISI, court approved transcriber, certify

that the foregoing is a correct transcript from the official

electronic sound recording of the proceedings in the above-

entitled matter.


/s/ Tammy DeRisi                Date:  July 10, 2006

TAMMY DeRISI

J&J COURT TRANSCRIBERS, INC.


**J&J COURT TRANSCRIBERS, INC.**