UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>SCOTT CABLE COMMUNICATIONS, INC.,<br><br>Debtor.<br><br>UNITED STATES OF AMERICA,<br><br>Appellant,<br>v.<br><br>SCOTT CABLE COMMUNICATIONS, INC.,<br>STATE STREET BANK AND TRUST CO. as<br>Indenture Trustee for certain note holders, and<br>AKIN, GUMP, STRAUSS, HAUER & FELD, LLP,<br><br>Appellees | **No. 3:02-CV-1725 (AWT)**<br>(consolidated bankruptcy appeals)<br>(Bankr. Ct. Case No. 98-51923) |

**UNITED STATES' POSITION AS TO HOW COURT SHOULD
PROCEED IN LIGHT OF (DI# 79) APPELLEES'
JOINT WITHDRAWAL OF OPPOSITION TO CONVERSION**

On July 21, 2006, appellees (the Debtor and the Indenture Trustee) filed a joint withdrawal of opposition to the government's appeal from the Bankruptcy Court's denial of the government's motion to convert to Chapter 7 (DI# 79). The docket indicates it is a "Response" without cross-reference to what item it is responses, and it may be a response to the United States' *Request That Court Take Judicial Notice of Certain Events in Delaware Adversary Proceeding Including Rescheduled Trial and Statement of Continued Need for a Decision as Soon as Possible on the Conversion Issue*, docketed as a "Motion to Expedite," on July 20, 2006 (DI# 78). The United States files this in reply to the joint withdrawal of opposition in order to state the government's position on how the Court should proceed.

The United States is eager to find a way that the Court can expedite the entry of an order converting the case, but maintains that the withdrawal of opposition does not mean the Court may automatically issue such an order, and also opposes the withdrawal to the extent that it might be

1

intended to cause the Court not to issue a written decision on the issue in light of the Court's previously announced intention to do so.  For the reasons indicated below, the United States respectfully suggests, first, that if the Court is able to issue a written decision within approximately two weeks, it should simply do so and ignore the withdrawal of opposition.  Otherwise, assuming that the withdrawal is clarified to constitute a waiver of the right to appeal this Court's judgment on conversion to the court of appeals,[1/] the United States requests that the Court enter an order partially remanding the case to the Bankruptcy Court with instructions to enter an order converting the case, while retaining jurisdiction to complete a written decision on the conversion issue, and that the Court then proceed to issue such a decision in the near future, possibly in conjunction with the remaining issues in these appeals.  In support of this position, the United States avers as follows:

    1.  The confession of error by an appellee in an appeal generally does not automatically empower an appellate court to reverse a trial judge's determination.[2/]

    2.  In a bankruptcy case, the bankruptcy court, although required to focus more particularly on pleadings filed by active parties in interest, must also consider the interests of inactive creditors. In the instant case, assuming the large junior secured PIK note holder creditors would agree with the appellees' consent to conversion (they are parties in the Delaware adversary proceeding but not in these appeals), the problem may be attenuated because, except for state taxing authorities, the indenture trustee indirectly represents all inactive creditors (smaller holders of the junior secured

---

  1/ Counsel for the United States has sent appellees' counsel an e-mail seeking confirmation of the correctness of this understanding of the withdrawal of opposition.

  2/ By way of example, the undersigned recently argued two government appeals in which there was no opposition – one in the U.S. District Court for the Eastern District of Michigan from an order of its bankruptcy court and another in the First Circuit from the District Court in Massachusetts).  In both instances, the undersigned acknowledged at oral argument that the appellate court could not reverse a lower court simply because no party supported the lower court's decision.  In the aforementioned Michigan case, the district court *affirmed* the adverse judgment of the bankruptcy court in a bench decision, notwithstanding the lack of an appearance or opposition by the appellee.  *In re Sherman*, Dist. Ct. Civil No. 2:05cv74663.

subordinated PIK notes). The indenture trustee's concession may thus represent a concession on behalf of the smaller note holders. In the past, however, the indenture trustee has insisted (on the record) that its representation of the note holders is limited and may not even extend, for example, to defending against the government's equitable subordination count in the Delaware adversary proceeding (even though the indenture trustee has been defending against that count in that proceeding). There are approximately ten administrative state tax claimants in the bankruptcy case, and only the State of Connecticut was active in the proceedings below (it joined the United States' motion to convert).

3. It is inappropriate to permit a party to wait until after an appellate court has announced its decision and states that it is preparing an opinion adverse to attempt to moot an appeal by concession. That is particularly so where, as here, the Court's reasoning may bear on other issues in appeals from other rulings and further proceedings in the lower court. For example, here this Court's reasoning on the conversion issue may constitute law of the case related to its decisions in the two other issues in these consolidated appeals – the cash collateral order and the order awarding interim fees to counsel for the debtor. It may also bear on issues that could arise in the future before the Bankruptcy Court in the converted case if, for example, a Chapter 7 trustee seeks disgorgement of interim distributions to debtor's counsel in order to enable the trustee to have a source of payment of his or her own litigation expenses, should the trustee determine it is appropriate to participate in the Delaware adversary proceeding.[3/]

4. Equally important, this Court's reasoning on the conversion issue may be useful to the Chapter 7 trustee in considering the arguments of the parties as to whether and to what extent the Trustee should waive the debtor's attorney-client privilege, possibly affording the government

---

3/ The Indenture Trustee and Debtor have maintained that the release of the lien from cash collateral was limited to the purpose of paying counsel for the debtor to litigate against the bankruptcy estate and in favor of the Indenture Trustee's secured claim. The United States maintains the restriction in the cash collateral orders is void and a Chapter 7 trustee may seek disgorgement of the released "collateral" for the purpose of financing litigation on behalf of the estate.

3

access to the files of the debtor's attorneys and possibly directing them to cooperate in disclosing other information to government counsel based on their oral communications with the debtor's principals. The defendants in the Delaware adversary proceeding have made it clear that they will attempt to persuade a trustee not to waive the privilege. They have also intimated that there may be litigation over the issue.[4/]

    5. Accordingly, while it may be appropriate to rely on appellees' withdrawal of opposition in order to jump-start the process of getting a Chapter 7 trustee appointed and enabling that trustee to begin reviewing the history of the bankruptcy case and of the Delaware adversary proceeding, it remains necessary and appropriate that this Court issue a written decision on the issue *before* a trustee is actually required to determine whether to waive the privilege and, for the reasons stated in the government's recent filing, significantly in advance of the trial set to begin October 16, 2006.[5/]

    WHEREFORE the United States requests that the Court, if at all possible, issue a written decision in the next 10 days, and otherwise requests that it issue an order partially remanding the case to the Bankruptcy Court with instructions to convert, while retaining jurisdiction to issue a

---

  [4/] The government's July 20, 2006 submission (DI# 78) includes copies of transcripts from a hearing in Delaware in which Mr. Schwartz, for Media Communications, argued against postponing the trial and, in the course of that argument, stated that postponing the trial for a trustee will lead to "satellite litigation over various issues of privilege and the cash collateral order, and other things." See DI# 78, Apx. 1 (transcript of June 5, 2006 hearing), p. 29.

  [5/] The government's July 20, 2006 submission quotes or concisely describes the portions of the transcripts from the Delaware Bankruptcy Court's June 5/8, 2006 hearing that bear on the lead time that would be appropriate for a trustee to have in advance of the trial, to enable the trustee to review the more important documents indicating the issues in the Delaware adversary proceeding, consider the parties' arguments and positions on whether to waive the privilege, make that determination, deal with potential litigation over such a waiver, and also determine whether to seek to take an active role in the Delaware litigation (including but not limited to whether to seek to have it be transferred back to this district). The government's July 20, 2006 submission and the transcripts submitted with it also demonstrate that the statement in the withdrawal of opposition to conversion that the Delaware adversary proceeding is "ready for trial" is not accurate and that there are other things that must be done before trial that Judge Carey has determined should await the appointment of a trustee, in the interests of efficiency.

written decision (whether or not in conjunction with the disposition of the other issues in these consolidated appeals).

        KEVIN J. O'CONNOR
        United States Attorney

        ANN M. NEVINS
        Assistant United States Attorney

          /s/ *Peter Sklarew*
        PETER SKLAREW
        Federal Bar No. CT 17864
        U.S. Department of Justice, Tax Div.
        P.O. Box 55
        Washington, D.C. 20044-0055
        (202) 307-6571

**CERTIFICATE OF SERVICE**

    IT IS CERTIFIED that I have caused the foregoing **UNITED STATES' POSITION AS TO HOW COURT SHOULD PROCEED IN LIGHT OF (DI# 79) APPELLEES' JOINT WITHDRAWAL OF OPPOSITION TO CONVERSION** to be electronically filed, which will result in automated electronic service, this  21st  day of July, 2006, by the Court's ECF system and, in addition, to the extent any of the following are not indicated as served on the ECF confirmation notice, I will immediately cause them to be served by e-mail or First Class Mail:

| | |
|---|---|
| Daniel H. Golden<br>Akin, Gump, Strauss, Hauer & Feld, LLP<br>590 Madison Avenue<br>New York, NY  10022 | Steven E. Mackey<br>Asst. U.S. Trustee<br>265 Church Street, Ste. 1103<br>New Haven, CT  06510-7016 |
| Craig I. Lifland<br>Zeisler & Zeisler<br>558 Clinton Avenue<br>Bridgeport, CT  06605 | Joan Pilver<br>Assistant Attorney General<br>State of Connecticut<br>55 Elm Street, 5th Floor<br>Hartford, CT 06141 |
| Ira Goldman<br>Shipman & Goodwin<br>One American Row<br>Hartford, CT  06103-2819 | |

                                                  /s/ *Peter Sklarew*  
                                                PETER SKLAREW  
                                                Attorney, Tax Division  
                                                U.S. Dept. of Justice