UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

```
                                .
IN RE:                          .        Chapter 11
                                .
ACE-Texas, Incorporated         .
                                .
                                .
        Debtor(s).              .    Bankruptcy #99-00166 (PJW)
...............................................................
                                .
United States of America,       .
                                .
        Plaintiff,              .
                                .
             vs.                .
                                .
State Street Bank and Trust     .
Co., as Trustee for Junior      .
Subordinated Secured PIK        .
Notes, et. al.                  .
                                .
        Defendants.             .    Adversary #01-4605 (KJC)
...............................................................
```

Wilmington, DE
July 13, 2006
9:00 a.m.

TRANSCRIPT OF TELEPHONIC STATUS HEARING
BEFORE THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

```
For The Plaintiff,            Alan Shapiro, Esq.
United States of America:     U.S. Department of Justice
                              Tax Division
                              555 4th St. N.W., Room 7122
                              Washington, DC 20044
```

```
                                    Peter Sclarew, Esq.
                                    U.S. Department of Justice
                                    Tax Division
                                    555 4th St. N.W., Room 7122
                                    Washington, DC 20044

For the Defendant(s),               Kathleen LaManna, Esq.
State Street Bank and               Shipman & Goodman, LLP
Trust Co., as Trustee:              One Constitution Plaza
                                    Hartford, CT 06103-1919

For Allstate Insurance:             Guy S. Neal, Esq.
                                    Sidley, Austin, Brown
                                    & Wood, LLP
                                    1501 K Street N.W.
                                    Washington, DC 20005

For Media Communications            Andrew Schwartz, Esq.
Partners, et. al.:                  Foley Hoag, LLP
                                    155 Seaport Boulevard
                                    Boston, MA 02210-2600

Audio Operator:                     Jason Smith

Transcribing Firm:                  Writer's Cramp, Inc.
                                    6 Norton Rd.
                                    Monmouth Jct., NJ 08852
                                    732-329-0191


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

```
1              THE CLERK:  Court is now in session.

2              THE COURT:  Good morning, Counsel.

3              ALL:  Good morning, Your Honor.

4              THE COURT:  The purpose of this status hearing is just

5    -- was initially anticipated, at least by me, it was for the

6    purpose of touching base about the status primarily of what the

7    District Court was doing and what, if anything, followed from

8    that.  I did receive the letter from the Government dated July

9    11th, along with the attachments.  And I suppose we can talk

10   about some of those things as well.  But if I could hear first

11   about the status of the District Court's decision on the appeal

12   in Connecticut, I would appreciate it.

13             MR. SCHWARTZ:  Your Honor, preliminarily, it's Andrew

14   Schwartz.  We had submitted a response to the Government's

15   letter late yesterday to your Chambers, I believe, by hand.

16   And I wonder whether that reached you.

17             THE COURT:  Well, it didn't reach my desk.  Whether

18   it's somewhere in the confines of my Chambers, I couldn't tell

19   you.

20             MR. SCHWARTZ:  All right.  Well, obviously we didn't

21   get Mr. Shapiro's letter until yesterday.  We hastened to get a

22   response in to you by the end of the day, and we were concerned

23   it might not reach your attention quickly enough, which is why

24   I've raised that as an introductory comment.

25             THE COURT:  Okay.
```

1          MR. SCHWARTZ:  We can cover the points that we've made

2    in that letter today orally.

3          THE COURT:  All righty.

4          MR. SKLAREW:  Your Honor, this is Peter Sklarew.  It

5    was my intention after the last hearing to wait for a

6    transcript and file some sort of renewed request to expedite a

7    ruling in the District Court, and unfortunately, no transcript

8    came in.  It's longer than usual that that Court has taken to -

9    - the Court Reporter has taken to respond to our request for a

10   transcript.  And the -- in the lack of transcript, Mr. Shapiro

11   has contacted the Court's reporting system, or I guess the

12   coordinator there a couple of times but has not received return

13   phone calls.  So I never filed anything.

14        Instead, what we did was yesterday I asked the appellees

15   in that case to join me on the line, and Ms. LaManna for the

16   Indentured Trustee, with the permission of Debtor's Counsel as

17   well, two of us called Chambers and spoke to the Law Clerk to

18   ask if there had been any change or whether we'd get a status

19   report from the Court on whether or not anything was imminent.

20   And what we were told was that another criminal trial had

21   intervened and had just concluded.  In other words, that over

22   the past month, Judge Thompson's presided over a new criminal

23   trial after he got off the Cendant trial that -- the testimony

24   for which ended a couple of days ago, and that post-trial --

25   and maybe even ended 2 days ago or something -- and that post-

1  trial briefs are due I don't know exactly well on -- when on

2  that.  I guess there's some motion to draw out the verdict of

3  some sort or something like that.  I gather that is happening.

4   So he hasn't actually hasn't worked on the opinion, it

5  appears, in the past month.  That's all we have.

6          MS. LAMANNA:  Your Honor, this is Katie LaManna for

7  the Indentured Trustee.  That's correct, in a nutshell.  It was

8  reported to us that nothing has happened on that since our last

9  call.

10          MR. SKLAREW:  It is still my intention, Your Honor,

11  when we get a transcript of the May 8th hearing, I believe, to

12  -- excuse me, June 5 and 8 hearings, when the continuance was

13  granted and just add some of the questions I had about how many

14  things might have to be done and some of the discovery things

15  were put on hold pending whether a Trustee is appointed and

16  when and what a Trustee does.  And -- excuse me, I've gotta

17  shut my cell phone.  It just went off several times.  I do not

18  know why.  The --

19          THE COURT:  It's Mr. Schwartz calling to distract you,

20  I think.

21      (Laughter)

22          MR. SCHWARTZ:  I'd actually like to interrupt, though,

23  and say that there is a transcript from June 5th, Mr. Sklarew.

24   We have had it for a long period of time.  June 8th, I think,

25  we do not have one.  But for June 5th, which is the critical

1  hearing as far as I think what you have in mind, we've had a

2  transcript for weeks --

3          MR. SKLAREW:  Really.

4          MR. SCHWARTZ:  -- and we'd be happy to supply it to

5  you by PDF --

6          MR. SKLAREW:  Please forward it to me --

7      (Laughter)

8          MR. SKLAREW:  Please do that.

9          MR. SCHWARTZ:  Like I said, we've had it since almost

10  immediately after the hearing, so I'm -- it's not clear why you

11  had that difficulty, but we'll certainly -- I'll ask Mr.

12  Dalmineres, who's in our office, to email it to you while I'm

13  speaking.

14          MR. SKLAREW:  That's terrific.  And I will go ahead

15  and file something.  Mr. Shapiro's left, I think, three

16  messages with the Court's reporting system over the past week

17  and a half or so for returned phone calls and not had one.  So

18  I don't know what's going on with respect to that.  But I do

19  still intend to file something, Your Honor, that will

20  essentially be trying to explain to the District Court the

21  things that we think a Trustee might have to do if the Trustee

22  decided to waive the privilege, and the time it might take to

23  do that, and then what might have to follow before the October

24  trial in the hope of apprising the District Judge that the

25  continuance to October does not mean we can wait until

1  September, for example, for a ruling.

2      So I 'm hoping that -- and as Your Honor is aware, it's

3  not quite possible to force the District Court to do anything

4  other than to beg, essentially, at this point.

5          MR. SCHWARTZ:  Your Honor, Andrew Schwartz for the

6  Media Defendants.  I'd like to speak to the issue of lack of

7  progress in the District Court proceeding.  We are not parties

8  in that, although the Indentured Trustee is, as Ms. LaManna has

9  indicated.  But what we are experiencing now, unfortunately, is

10  what we had envisioned might occur when we were before you on

11  June 5th, and that is further delay in aid of, you know, what

12  we've regarded as speculative developments to begin with.  But

13  it has been over 7 weeks since May 23rd, when there was first

14  an indication of the outcome of that appeal in Connecticut.  It

15  has been over a month since you telephoned the District Court

16  in Connecticut for confirmation of what was anticipated there.

17   And now we have all sat waiting, and nothing has occurred.

18  It's a matter of considerable concern to us.

19      As you know, we've never really accepted the notion that

20  the trial should have been continued in the first place on

21  account of this development, but you overruled our position on

22  that.  And that's a ruling we have to live with now.  But we

23  are increasingly concerned with the passage of over 7 weeks and

24  no developments that -- and now we learn that some other

25  matter, I'm sure of importance, has intervened that there may

1    be yet further drift as we get deeper into the summer.  And our

2    case, which has been pending since November 1998, is being

3    hamstrung by the lack of any progress in the Connecticut

4    proceeding.

5        And to the extent it's Mr. Sklarew's intention to submit a

6    copy of the transcript from June 5th to the Connecticut Court

7    as part of an effort to move things along there, I would

8    suggest that perhaps the transcript from today's conference

9    should be included as well.  And what the Defendants would like

10   to see is a reaffirmation, if you will, from the Court here

11   that the October 16th trial date is a firm date.  In fact, you

12   were going to set a trial for September, but on account of the

13   parties' various scheduling issues, we couldn't all convene on

14   a date in September or any earlier in October.  But that was

15   your original intention was only to continue it until

16   September.  Now here we are a month later into October, and we

17   do not want to see that date jeopardized.  If the October date

18   were to slip, then you'll end up in the holiday period, and

19   before you know it, it'll be February of 2007 before the

20   parties could all convene.

21       So what we would like to see come from today's hearing is

22   a very firm statement that this October 16th date is going to

23   hold, no matter what happens.  And if a Trustee is appointed

24   and takes various actions that may have some bearing on the

25   case between now and then, we'll all deal with those

1   developments.  But if, for whatever reason, it doesn't happen
2   in Connecticut or it doesn't happen in sufficient time in
3   Connecticut for various events, speculative as they may be, to
4   play out, at some point, you have to move on.  And we think
5   we're long past that point in this case, and we just want to
6   register our very profound sense of concern with the drift and
7   our commitment, and hopefully the Court's commitment, that we
8   can secure to go forward on October 16th.
9           THE COURT:  Well, Mr. Schwartz, I share some of your
10  frustration, and I think that my statements and rulings
11  repeatedly, over the short course of my involvement, indicate
12  that I intend to go forward with this case, and I intend take
13  it to trial.  The Government filed several motions and appealed
14  at least one of my rulings trying to move the trials elsewhere,
15  and I think what I've done tells you that.  Now that having
16  been said, as with the last ruling which granted the
17  Government's request for a delay, when developments occur which
18  warrant further delay, despite my intent to take this trial, I
19  have to consider the developments on their merits.  And based
20  upon an unequivocal statement by the District Judge, both to
21  the parties and to me in my conversation that he intended to
22  reverse the Bankruptcy Court's decision with respect to
23  conversion, I felt that that was a significant enough
24  development that the trial had to be postponed.  Now, I had
25  also expected, as I think the parties had, that that

1  decision, the written decision, was imminent.  I understand

2  that other things have intervened.  Believe me, I've had that

3  myself.

4      So I don't know when the District Court is going to render

5  a decision, but hopefully it'll be soon.  And when that comes

6  down and a Trustee is appointed, we'll then see what, if

7  anything, the Trustee wants to involve him or herself in in

8  this adversary; whether it's simply limited to deciding whether

9  to waive the privilege, or whether it involves moving to

10  intervene and/or moving to change venue with or without the

11  joinder of the Government.  And we can speculate about all the

12  possibilities of what might happen, but I -- hopefully the

13  developments will occur soon, and I'll respond to them based

14  upon the circumstances as they then exist and upon the request

15  of the respective parties.  But I -- you know, we're gonna move

16  it along, so long as it's within my power and so long as the

17  circumstances warrant that we continue to move along.

18      All right.  Anyone else care to be heard on what we've

19  discussed so far?

20          MR. SKLAREW:  Your Honor, I would only ask that Mr.

21  Schwartz, if he'd like me to include today's transcript, which

22  is perfectly fine with me, also contact me if he gets a copy as

23  soon as he does in case we don't get it again.  And assuming it

24  can come as quickly as he got the last one, I think waiting

25  another few days for it is probably appropriate so that I could

1 do one filing.

2        THE COURT:  Well, I'll order that the transcript of

3 today's teleconference be prepared on an expedited basis.

4        MR. SCHWARTZ:  Thank you, Your Honor.

5        MR. SKLAREW:  Thank you, Your Honor.

6        THE COURT:  All right.  Okay, let's turn to the other

7 issues, but before we discuss specifically what's been raised

8 in the letter and any response which I have not been able to

9 locate -- we were scurrying around while we had the discussion

10 just now and haven't turned it up.  Let me just say what I said

11 at the last hearing.  I don't want to, because of the increase

12 in cost and time and effort, continue to have a rolling

13 extension of both discovery and/or pre-trial preparation before

14 we know what a Chapter 7 Trustee is going to do, if anything.

15 I'd rather just deal with it all at once if I can.

16     Now, that having been said, I don't want to hamstring

17 anybody so that by the time the Trustee does something, you

18 know, we're faced with another request to continue trial

19 because the Trustee hasn't had enough time to do things.  I do

20 want to put us in a position where we can go forward in October

21 on a timely basis.  So with that framework, at least from my

22 standpoint, I'll turn to the Government and ask them to talk

23 about what they'd like.

24        MR. SHAPIRO:  Okay, Your Honor, this is Alan Shapiro

25 for the Government.  First, some of my overall concerns, which

1  caused me to write the letter, are that after I had received

2  all of the objections, the trial exhibits, briefs -- all the

3  other stuff that I'm supposed to receive pursuant to the pre-

4  trial order process from the Defendants -- it would be

5  something that I would like to have would be, you know, several

6  weeks without having to continue to participate in doing more

7  briefs, documents, and other things with the Defendants and

8  just have undivided time to get ready for this trial.  And that

9  is a large part of what has led me to write this letter.  And I

10  think looking at the Defendant's pre-trial order documents that

11  they have thus far turned over to the Government and that I

12  filed with my letter, together with the Government's similar

13  documents, is we can expect that there will be countless

14  evidentiary and legal substantive issues raised by the

15  Defendants.  And I feel that the Government really needs a

16  significant amount of time to research these and to incorporate

17  the results of its research into its preparation of its

18  presentation of its case in chief and what it anticipates it

19  will have to do in response to the Defendant's case in chief.

20      Now, what I propose for today is that perhaps if we turn

21  to page 4 of my letter where I lay out the beginning of about

22  seven items, maybe we could go through them one at a time.  I

23  will say a few things about, you know, the first item that is

24  not contained in my letter, and the Defendants can say what

25  they wanna say and, you know, we can take it from there.  I

1  think that might be the way that we can plough through these

2  and reach some resolution.

3          THE COURT:  Any objection?

4          MR. SKLAREW:  We have no objection to proceeding in

5  that matter, Your Honor, as long as we'll have our opportunity

6  to address these points.  We have addressed, of course, quite a

7  few of them already in the letter that --

8          THE COURT:  All right.  That was just handed to me, by

9  the way.  I do have it.

10         MR. SKLAREW:  Would you like to take -- it's only a

11 couple of pages long.  Would it make sense for us to pause long

12 enough for you to review it?

13         THE COURT:  I have actually.

14         MR. SKLAREW:  Oh.

15         MS. LAMANNA:  Your Honor, this is Katie LaManna again.

16  Just for the record, the Indentured Trustee, given the timing,

17 did not have an opportunity to join in that letter, but they do

18 join in all the principles and positions taken in the letter.

19         THE COURT:  Very well.  Mr. Shapiro?

20         MR. SHAPIRO:  All right.  As a preliminary matter, one

21 thing that I noticed in my rather quick review of the

22 Defendant's materials is that they have changed the designation

23 of one of their witnesses, James Wade, who is one of key

24 witnesses from the Media Communications Group, from a person

25 who will be called to a person who may be called.  As you may

1  recall, in the middle of May I believe, the parties were

2  required to exchange lists of witnesses that they would or may

3  call.  And we expected, both as a result of the document that I

4  just described that the parties exchanged in mid-May, but also

5  because of comments and statement made by Judge Walsh at an

6  earlier time about parties bringing their key witnesses to the

7  case, that Mr. Wade would be available for the Government to

8  question at the trial.  And quite candidly, in preparing the

9  pre-trial order and in further preparation of our case for

10 trial, I have identified that there are additional exhibits

11 listed in our trial exhibit list that Mr. Wade apparently

12 signed and that were not used at his deposition, and that I

13 expect to be able to question him about if, for no other

14 reason, to authenticate and move those documents into evidence.

15 So I would like to get some sort of ruling that indicates Mr.

16 Wade will be required to appear and be available for the

17 Government to question at trial.

18          MR. SCHWARTZ:  Your Honor, it's Andrew Schwartz.

19 There need be no ruling.  Mr. Wade will be present.  This was

20 not referenced in Mr. Shapiro's letter of the other day, but we

21 will -- whether we choose to call him or whether we may call

22 him is a strategic determination that will be made at the

23 trial.  But in terms of whether he's available, he is somebody

24 controlled by our clients, and we've always understood that to

25 be the ruling in the case, consistent with some -- what Judge

1    Walsh had said, and likewise for the Government with respect to

2    all the various witnesses it controls, so Mr. Wade will be

3    there.  This is a non-issue.

4            THE COURT:  Very well.

5            MR. SHAPIRO:  The next item from page 4 is the United

6    States' designation of pages and lines of deposition testimony.

7     As you may have seen in the Pre-Trial Information Memorandum

8    prepared by the Defendants, they raised a bunch of objections

9    about that.  And I read your letter of July 12th quickly.  I'm

10   not sure that I recall seeing anything in it regarding what

11   I've written in our July 11th letter, which you also have.  It

12   strikes me that if there isn't anything in the July 12th

13   letter, then perhaps the Defendants have withdrawn their

14   objection to the Government's designation of pages and lines of

15   deposition testimony.  But if not, I think that we have laid

16   out quite a few reasons why our designation of pages and lines

17   of deposition testimony is proper and should be accepted as

18   such.

19           MR. SCHWARTZ:  Your Honor, Andrew Schwartz.  Let me

20   just put this into context.  As you'll recall from one of the

21   prior last two conferences, we had made a reasonable request

22   that the Government amend its deposition designations so as to

23   give us the pages and lines, not just the pages that it wished

24   to designate; the rationale being we couldn't tell where Mr.

25   Shapiro was starting and where he was stopping.  And as you

16

1    know from reviewing depositions, sometimes questions carry over

2    from page to page, or answers carry over and separate subjects

3    start in the middle of a page.  So we had asked for that

4    clarification, and there was a little disagreement on that

5    about how long it would take and what-not, but eventually you

6    ordered the Government to do what we had asked, giving Mr.

7    Shapiro considerable time to do something that, in our

8    estimation, should have only taken several hours.  But in any

9    event, we then received within the timeframe that you had set,

10   the Government's Amended Superseding Information, and with it

11   the deposition designations -- the new deposition designations.

12   And although you couldn't tell this from reading the covering

13   memorandum that Mr. Shapiro included, when you actually went

14   and looked at the actual deposition designations now by page

15   and line, it turned out that what the Government had done, in

16   addition to supplying the line numbers that had previously been

17   missing, was it added various pages, which it had not asked for

18   leave to do and had not indicated that it was doing.  And it

19   had withdrawn other of the designations from its original go-

20   around.  So we had already been through the process of

21   reviewing the Government's designations for purposes of making

22   counter designations.  We thought we'd just be checking the

23   opening line and closing line to make sure we understood what

24   the Government was trying to do, and it turned out the

25   Government was doing more than it had asked leave to do or been

1   ordered to do.  So we registered our objection, because there

2   had been no leave to amend these things to add additional

3   designations or withdraw other ones.  And it did impose a

4   considerable burden on us.  In essence, we had to go back and

5   go through the whole thing again a second time, which is not

6   what we anticipated.

7        Having said all that, and having had the opportunity to

8   consult with all the other Defendants' Counsel about this, and

9   given the passage of time and how long there is between now and

10  the trial, we have decided not to stand on this objection.  We

11  did note it as a matter of the record in the papers that we

12  submitted in response to the Government's Amended Superseding

13  Pre-Trial Information Memo.  But at this point, we're not gonna

14  stand on this objection; we've had adequate time to go through

15  the new additional designations and to take stock of the ones

16  that have disappeared and adjust our counter designations

17  accordingly, we think.

18       THE COURT:  Okay.  Mr. Shapiro?

19       MR. SHAPIRO:  Your Honor, this is Alan Shapiro.  I

20  will just quickly note for the record that I have several

21  additional reasons, which I would argue counter to what Mr.

22  Schwartz just said.  If the Court feels that it's necessary to

23  hear them to preserve the record, I'll provide them.  If not,

24  in light of what Mr. Schwartz said, I will not.

25       THE COURT:  Yes, I mean, he said it's okay.

1          MR. SHAPIRO:   Okay.   The next item up is the item 2.

2   When we spoke with you the last time, I believe on June 8th, I

3   had raised the issue that in light of what had occurred during

4   the depositions themselves and throughout this case with the

5   uncountable number of objections, that it would be necessary

6   for the Government's preparation to have some specificity of

7   what things designated by the Government from the deposition

8   transcripts that the Defendants are objecting to and their

9   grounds for the objections so that we can research all of their

10  objections and decide, you know, how we want to respond to

11  them, either at trial, or in some instances if necessary, we

12  may seek to file a Motion in Limine, which you may or may not

13  choose to rule on before trial.  But most importantly, by

14  having their objections and their grounds in advance, it will

15  enable us to avoid the unfair situation of going to trial not

16  knowing what specific evidence we may or may not be able to get

17  in.  It alters the way we would prepare our case.  Without

18  having certainty, or at least an idea of, you know, what things

19  we know for certain will not be objected to and what passages

20  of testimony will and then be able to prepare a contingency

21  plan in case the Court upholds objections, I think it should be

22  borne in mind that if you look at the deposition transcripts

23  themselves, the Defendants made literally hundreds of

24  objections.  I believe Ms. LaManna made 140 or more objections

25  just in the deposition of Richard Dopple.

1    Now I'm not gonna get into my characterization of what I

2    think of those objections, but I think that does at least begin

3    to give you an idea of how many objections the Government

4    anticipates, not only based on evidentiary grounds, but also

5    very different positions the parties take on the substantive

6    issues.  And we would like to have their objections made clear

7    to use at this time so we can use the summer to properly

8    prepare and be able to go into Court and to have answers for

9    you when they raise these objections.

10          THE COURT:  Mr. Shapiro, I tend to agree with you that

11    it might be helpful for everybody, including the Court, to have

12    that clarified before trial.  It's also my experience with the

13    use of designations and counter designations that objections --

14    many of the objections, sometimes most of them, made at the

15    depositions themselves are not re-made at trial.  So a lot of

16    those may fall through.  But if I decide to require that this

17    exercise take place prior to trial, I'm not inclined to do it

18    today.  We'll set -- before we're done, we'll set another

19    status conference in another 30 days or so and see where things

20    stand at that point.

21          I'm also -- it may be that further developments may

22    change some of the parties' views about this particular part of

23    the pre-trial activity, so let's -- I'm inclined to just wait a

24    little longer before so ordering.  But I'm mindful of the

25    Government's position, and it has some merit.

```
 1          MR. SHAPIRO:  Your Honor, I appreciate what you have
 2  said.  I want to at least raise one other thing for you to
 3  think about, although it may not change your view.  Certainly
 4  we can have a status conference in another 30 days, and I'm
 5  sure it will help everyone.  But the problem is that if we put
 6  off a decision once again for 30 days, you're not going to
 7  order them -- assuming you even agree with me on that date 30
 8  days from now that we should exchange these objections, you're
 9  not gonna order the parties to turn their objections over that
10  instant.  So then there'll be another lag time.  I think,
11  frankly, in making all of their objections and in all the years
12  they've had to look at this, the Defendants already should be
13  prepared to provide us what their objections are and their
14  grounds for them.  And so if you wanna provide a period of time
15  for them to turn them over, certainly that's what I expected.
16  I had proposed the end of this month.  If you feel that that's
17  an insufficient amount of time, I understand.  But I think that
18  we should set a date and allow both parties opportunities to
19  make these objections known to their opponents and let their
20  opponents have a chance to prepare for them.
21          THE COURT:  I'm not going to today, but thank you.
22  Let's move on.
23          MR. SCHWARTZ:  Your Honor, we're gonna hold our tongue
24  on this particular point.  We have things we would say if the
25  issue were going to be debated any further, but we'll save this
```

1    for another time.

2            THE COURT:  And that's why I jumped in ahead of you,

3    Mr. Schwartz.  I didn't think it was necessary.

4            MR. SHAPIRO:  All right.  Let me find my place in this

5    order, Your Honor.

6            THE COURT:  Okay.

7            MR. SHAPIRO:  Okay.  Another thing we encountered when

8    we reviewed the Defendant's Pre-Trial Information Memoranda,

9    and in particular their statement of what they allege to be

10   uncontested facts, is a significant absence of evidentiary

11   citations for their paragraphs.  I mean, I'll just note a

12   couple of quick examples:  2, 6, and 15.  We would like the

13   Defendants to provide us with the documents or testimony that

14   they relied on for the allegations in their statement of facts.

15    The Government painstakingly provided them, I believe, for

16   every paragraph, if not for every sentence of every paragraph,

17   that we employed in our statement of what we alleged to be the

18   uncontested facts.  And in addition, they did not, in cases

19   where they did cite a document, always tell us which page of

20   what might be a lengthy document where you would find, you

21   know, the information that they were relying on.  And that too

22   would be, you know, very useful to us and helpful to us in

23   doing what needs to be done in the future.

24        In addition, there are documents identified in the

25   statement of alleged uncontested facts prepared by the

1  Defendants which were not produced to the Government during the

2  course of discovery, even though it would be our contention

3  that they should have been produced.  And I give you as an

4  example paragraphs 230, 231, 234, and 235, in particular.  You

5  know, the Indentured Trustee's listing documents which they've

6  apparently had in their possession for some time, and they've

7  never produced them to us.  So it wouldn't even be possible for

8  us to even begin to decide whether to contest or not contest,

9  you know, facts for which we don't even have the documents.

10      So those are a couple of things that I feel need to be

11  upgraded with respect to #3.

12          MR. SCHWARTZ:  Your Honor, Mr. Schwartz here again.  I

13  don't think you can take up #3 without looking ahead to #4 and

14  5, because these are all related points, so let me try to --

15          THE COURT:  I agree.  They are related, and --

16          MR. SHAPIRO:  Your Honor, if you wanna take up 4 and

17  5, I'd like to finish my answers to those before Mr. Schwartz

18  proceeds.

19          THE COURT:  Go ahead.

20          MR. SHAPIRO:  I have looked through all of their --

21  the Defendant's Statement of Facts quickly and I note -- and

22  I've also read their letter of July 12th.  And I think there's

23  a very important overall theme that is running through the

24  Defendant's objections to my requests.  And that is that they

25  wish to put off turning over trial exhibits, what their basis

1  of objections will be, their trial brief -- and everything
2  until basically just before the trial.  Now the parties should
3  have been prepared to turn these things over before June 12th,
4  and the Defendants have had five or six additional weeks that
5  the Government didn't have.  And more importantly, no good
6  basis would be served by not turning these things over now.
7  And the Government needs these things now to prepare its case.
8   So with that in mind, these statements about wanting us to go
9  through this whole process of identifying paragraphs and then
10 working with their junior attorneys to prepare some sort of
11 joint statement of the facts is viewed by me as an exercise in
12 just once again trying to tie me up, since I am the only
13 attorney that really has for the Government, knowledge of all
14 of the facts and the substantive law.  In weeks if not more
15 months of this whole process of negotiating things so I don't
16 have time to prepare my case and I don't have the materials I
17 need to prepare it.  They have an army of junior attorneys
18 which they've been using to handle stipulations and things of
19 that nature.  And as an example, when we tried to stipulate
20 regarding the Channing and Company documents and the Flanagan
21 document and even the -- an order to be used for the April 12th
22 hearing, that process took easily three weeks, and much of
23 those three weeks, with countless drafts sent back and forth as
24 I would work with one or two of their attorneys and then seem
25 to have an agreement on some language and then all of a sudden

1  another attorney for another party would come in and they would

2  want to upset the apple cart.  And things went on like that

3  indefinitely.  And I'm not even getting into questions of good

4  or bad faith or anything like that.  That's just the reality of

5  what happened.  Logistically, it was extremely difficult and it

6  consumed enormous amounts of my time.  And that was involving

7  very small numbers of paragraphs.  The notion of addressing 277

8  paragraphs of the Defendants' and 680 of the Plaintiffs' and

9  trying to work out some sort of joint statement, given the

10  history in this case, it just is something that would take us

11  beyond October 16th.  And in addition to that, we do not agree

12  on the law.  We do not agree on the application of the law.  We

13  do not agree on what facts are relevant.  And we believe that

14  nothing of any meaningfulness will come out of that exercise of

15  trying to come up with a joint statement.  Now having read what

16  the Defendants wrote in their July 12th letter, I have a

17  compromise position.  My suggestion would be this.  I'll go

18  through their 277 paragraphs and I will write the letter C

19  beside those that I -- that the Government seeks to -- or

20  intends to introduce evidence at trial to contest.  And then

21  the Defendants -- they should go back through the Government's

22  680 paragraphs and they should address them similarly, writing

23  a C beside the ones that they wish to contest.  But before they

24  merely just take what they've already done and just transfer it

25  to a piece of paper, I want to point out that I believe that an

1  enormous number of what they listed as contested should be

2  revisited.  For example, they have acknowledged in their papers

3  that many of the things that they have objected to were simply

4  because they didn't agree with an abbreviation that we used for

5  the notes at issue or they didn't agree with how we summarized

6  a block of the Defendants.  Those are the types of things that

7  should be able to be resolved and should enable the Defendants

8  to write uncontested or not write a C on some of the things.

9  Those are the types of things that I would imagine could be

10 easily resolved.  And in the end, when this exercise of both

11 sides writing a C beside the other side's list of facts is

12 complete, we could submit those two lists to the Court and

13 instead of continuing to spend months trying to hammer out

14 something else which would never have any context and would

15 not, you know, given how many paragraphs both sides wouldn't

16 agree to, have anything but other or totally provide anything

17 other than a totally distorted view of what the case is about,

18  such that the Government would never agree to it.  And I doubt

19 the Defendants would be happy with it either.  This would at

20 least provide the parties with an understanding of what things

21 will or will not be contested and will also do that for the

22 Court and it'll also let the Court read each side's prepared

23 Statement of Facts, looking at it quickly to see those that'll

24 be contested and those that are not, but at least also seeing

25 it in some context where each party felt that it was being able

1  to present to the Court before trial what the facts will be at

2  trial.  And that way it won't lead to the just incessant and

3  lengthy process of trying to reach an agreement that will never

4  happen.

5          THE COURT:  Mr. Shapiro, my practice is not -- is

6  usually not to proceed with trial until the parties have

7  submitted a truly joint statement.  There are circumstances

8  under which I sometimes relieve the parties of their

9  obligations or modify them because either of the difficulty of

10  dealing with each other or sometimes the adversaries involved

11  pro se litigants.  This is a circumstance in which,at least

12  according to what I've heard so far and the Government has

13  certainly asserted, that the record will be so voluminous that

14  I am -- I will tell you, I am unwilling at this point to

15  relieve the parties of their obligation to continue good faith

16  efforts to arrange -- to arrive at a Statement of Uncontested

17  Facts.  I don't -- at this point I'm not inclined to require

18  that anybody identify those contested paragraphs in which it

19  intends to introduce evidence at trial -- the pretrial order

20  says that if you're not going to agree to a fact, you know,

21  you've got to show me something about why at trial.  And I

22  don't think anything further needs to be ordered at this point.

23   So I do want the parties to continue to try to work to develop

24  a Statement of Uncontested Facts.  I do expect that the parties

25  will be able to, the designation of entities.  And I did read

1   the concern in the July 12th letter that was expressed about

2   that but it seems to me that can be overcome.  I am not going

3   to require that the Defendants designate evidentiary citations

4   for their Statement of Facts.  I realize that would be helpful

5   to the Government and frankly it would be helpful to the Court.

6    But I have not required that in the past and I'm not inclined

7   to require that here.  We really did also talk about #6 which

8   was exchange of exhibits.  And I typically don't require them

9   this early.  But frankly, I happen to agree with you, Mr.

10  Shapiro.  I don't see any reason why there couldn't be an

11  exhibit exchange at this point.  And I would be willing to

12  consider a reasonable period of time for the parties to do

13  that.  I'm also jumping to #7, not inclined to require that a

14  trial brief be submitted this early.  Again, if we have to face

15  that issue I think I'll do it at the next status conference.

16  Mr. Schwartz, any response to what I've just indicated in light

17  of Mr. Shapiro's requests?

18       MR. SCHWARTZ:  Well, I'll be very brief.  We don't

19  want to be relieved of the obligation to try to work out a

20  truly joint Statement of Uncontested Facts with the Government.

21   We think it'll be quite helpful if we do meet with the

22  Government.  We think it should be done in person.  We're not

23  asking for an order to that effect but the Government did serve

24  on us 681 proposed undisputed facts.  We mobilized our so-

25  called army and went through those with great care and agreed

 1  to more than half of them, which is itself I think, you know, a
 2  testament to our good faith.  There remain 330-some-odd of the
 3  Government's proposed undisputed facts that are still the
 4  subject of objections by us in whole or in part.  I happen to
 5  think that there are some significant number of them where if
 6  we spend some time with the Government's Counsel working
 7  through what are language issues and other not-always terribly
 8  substantive concerns, we ought to be able to narrow even
 9  further the scope of the disagreement.  We would like the
10  Government to take the same time we did and go through our 277
11  proposed undisputed facts.  I'd like to think there are some
12  significant number of those where the Government will see that
13  they are truly uncontested and at the end of the day I think we
14  ought to be able to submit to the Court one consolidated joint
15  Statement of Undisputed Facts.  It'll be in the hundreds.
16  That's certain already.  And it will serve to greatly
17  streamline the proceedings, narrow the issues.  And I
18  ultimately believe, shorten the trial.  And we are prepared to
19  meet with the Government in good faith.  And if it will make
20  the Government feel any better about not having the so-called
21  junior lawyers participate, I'll assure Mr. Shapiro that I'll
22  personally participate in that session.  And we won't gain any
23  unfair advantage in terms of tying up his time if he perceives
24  it that way.  But that's what we'd like to see happen.  The
25  only other thing I'll address is the exchange of exhibits.

1   We're not trying to hide the ball in any respect with that.

2   There are hundreds of exhibits.  Each side has nearly 200 if I

3   recall this correctly.  And the lion's share of these documents

4   -- they've all been identified now.  And the overwhelming

5   majority of them are familiar to both sides.  The only reason

6   we had resisted actually compiling notebooks now and exchanging

7   them is that there is going to be at least one more deposition

8   in the case that's being held in abeyance.  If a trustee ever

9   gets appointed, and that leads to further discovery which may

10  or may not happen for a variety of reasons.  There may be more

11  documents and more depositions.  So we were resistant to

12  compiling notebooks and then having to take them apart and put

13  them back together again when the parties already know what the

14  documents are.  If there are some documents the Government says

15  it hasn't seen before, if Mr. Shapiro wanted to identify those,

16  at least as far as I'm concerned and the other Defendants can

17  speak to that, we would provide those to him right away.  But

18  with regard to ones where we know what he's talking about and

19  he knows what we're talking about, and we all have the

20  documents to start stickering them and putting them in

21  notebooks and exchanging them now knowing we'll have to take

22  them apart and put them back together again doesn't seem to be

23  a particularly useful exercise.

24          THE COURT:  Well, I'm not so --

25          MR. SCHWARTZ:  I don't think the case is going to turn

1  on this, but that's really the reason we had in mind for

2  looking to put that off somewhat.

3       THE COURT:  Yes.  And I'm not so concerned about the

4  form.  So long as whatever's produced is easily searchable, I

5  mean, so that Mr. Shapiro just doesn't get a stack of

6  documents, you know, without tabs or without an index.  They

7  don't have to be in notebooks as far as the Court's concerned

8  but I think -- and it's -- and by the way the exchange now I

9  understand may be open to, you know, there'll be supplemental.

10  Possibility there'll be other documents and we'll -- you know,

11  we can set a firm deadline at the next status hearing for that.

12  But there's no reason why the lion's share of what the parties

13  intend to use at this point and -- those they intend to use

14  shouldn't be made known to each other given the volume.

15       MR. SCHWARTZ:  Oh, it has been known to each other is

16  my point, though.  Where for example, somebody has identified a

17  particular deposition exhibit as one of their trial exhibits.

18  Everybody has those already.  So the -- not sure what point is

19  served by sticking a trial exhibit sticker on them and

20  exchanging them now.  If there are indeed documents where

21  there's a legitimate question as to what is being referred to,

22  that's a very different situation and my view is we ought to

23  each exchange with the other any such documents where there's

24  some uncertainty as to what they are.

25       THE COURT:  Mr. --

 1         MR. SCHWARTZ:  Other than that it's just housekeeping.

 2         MR. SHAPIRO:  Your Honor, may I respond to that?

 3         THE COURT:  Yes.

 4         MR. SHAPIRO:  First of all these exhibit books should

 5    have been ready a long time ago.  The Government has already

 6    prepared its exhibit books.  We could give them to the

 7    Defendants tomorrow.  And it would be extraordinarily difficult

 8    and time consuming for me to go through 60 to 100 cartons of

 9    documents.  To go pull out by Bate stamp number all of the

10    stuff that they listed plus all the documents that they didn't

11    produce to us during discovery.  And while I disagree with you

12    that anything of real significance in terms of advancing or

13    streamlining this case will come out of the exercise of meeting

14    with Mr. Schwartz and any other attorneys for the Defendants to

15    try to work out a statement, if we're going to sit down and try

16    to work things out and I'm going to spend a lot of time doing

17    that it would be greatly advanced if I were given hard copies

18    of their exhibits now.  They should have had them ready weeks

19    ago.  So if they want to go through this exercise and they in

20    good faith genuinely think that they're going to negotiate with

21    me for that purpose they should give us the documents now.

22    We'll give them the documents now ourselves.  We're ready to

23    go.  If they don't want to put them in binders fine, but I

24    think they should give us hard copies with the stickers on it.

25     If we take some more depositions and there are more exhibits

1   that come out of this case then both parties will just simply

2   throw them into the back of their trial exhibit binders and add

3   them to their list of trial exhibits.  But that's not going to

4   in any way impact what has already been done and what should

5   already be exchanged now in order to let the parties prepare

6   for this case.  In addition regarding trial briefs, your

7   Pretrial Order requires, and I'll read from it.  Legal issues

8   presented and the constitutional statutory regulatory and

9   decisional authorities relied upon, Counsel should include a

10  brief statement regarding which party has the burden of proof

11  on each legal issue.  When I saw that in preparing the

12  Government's pretrial information memoranda, I thought that

13  there was a couple of ways of handling it.  Of course, the way

14  a lot of attorneys handle that is they write the most smallest

15  and least amount of information they can and turn that over.

16  What I figured was, you got to go ahead and prepare what your

17  position legally is anyhow.  I prepared a trial brief.  And I

18  turned that over in lieu of giving a much shorter explanation

19  of what the legal authorities were and what the Government's

20  position was as well as its legal issues.  Certainly the

21  Defendants have already identified what their legal issues are

22  because they did list those in their pretrial memo.  And I

23  assume that in listing those issues they have already done the

24  research and decided what they're going to argue.  But what

25  they did not put in their pretrial information memoranda and

1  what your rules require was at least what I just read.  So

2  either they should give us that or they should give us their

3  trial brief in a reasonably short period of time.  And that

4  (indiscern.) will go towards an effort to try to work out any

5  joint statement, because once again I just view it as an effort

6  for them to 1, tie me up while they have an army of attorneys

7  and 2, sandbag us by getting us to reach agreements and

8  springing everything on us a week before trial.  Dumping all

9  kinds of legal issues and objections and everything else so

10 that I won't have time to prepare for the trial.

11         THE COURT:  I assume, Mr. --

12         MR. SHAPIRO:  I feel that we should just get --

13         THE COURT:  -- Shapiro --

14         MR. SHAPIRO:  -- things overwith now in terms of

15 exchanging things and making whatever efforts can be made at

16 working out a joint statement.  Get it overwith and then let

17 the parties separate and spend the rest of the summer getting

18 ready for the trial.  That's what I think is fairest for

19 everyone.

20         THE COURT:  I assume, Mr. Shapiro, that the joint

21 pretrial memorandum will be submitted in the form that is

22 required by the order.  So you'll have whatever information the

23 order requires unless I relieve the parties of that.  Which I'm

24 not --

25         MR. SHAPIRO:  But you already ordered them to produce

1  those things to us on July 6th and they didn't do it.

2      MR. SCHWARTZ:  Your Honor, I have no idea what Mr.

3  Shapiro is referring to here.  It's our view that we did comply

4  with the requirements of what needed to be exchanged both as a

5  matter of fact and law and with regard to identifying documents

6  et cetera.  And despite the repeated suggestions that we're

7  somehow trying to take advantage of the Government or use our

8  superior resources to leverage some unfair outcome, we're

9  really just trying to get through the process, do what's

10  required of us as Counsel and get this case set up for a trial

11  in the most efficient manner.  And we're going to continue to

12  approach the exercise despite the accusations in that spirit.

13      THE COURT:  All right.

14      MS. LAMANNA:  Your Honor, this is Katie LaManna.  I

15  just want to add that this process, as you know and everyone

16  knows, is aimed at narrowing the issues.  And we very much

17  think that we can do that in this case.  Many of the issues I

18  think are not in dispute.  We could not fail to contest

19  statements that were factually inaccurate or misleading but the

20  underlying principles in many cases I think are in agreement.

21  So this is a productive exercise.  With respect to the

22  Government's representations that documents were not produced

23  during discover and we're trying to sandbag them with last

24  minute information, I looked quickly at the references that Mr.

25  Shapiro alluded to earlier with respect to documents that had

1   not been produced.  I believe what he was referring to is an

2   updated list of registered holders which is simply a very

3   recent list of registered holders.  We obviously produced

4   everything that was in the file at the time of discovery and

5   we'd be happy to provide this to Mr. Shapiro.  But there's no

6   bad faith here.  And we really are trying to just work with the

7   process as Mr. Schwartz indicated.

8            THE COURT:  All right.  Well, I will ask that

9   Defendants' trial exhibits be put, if not in books, then in

10  some produced and in some easily usable form.  How much time

11  would the Defendants need?  The Government says it's ready to

12  do that now.  How much time do the Defendants need?

13           MR. SCHWARTZ:  Let me ask Mr. Dalmonares to address

14  that.  I can't imagine it will be much --

15           MR. DALMONARES:  Your Honor, we were thinking, at

16  least from our side, August 4th would be a good date to do

17  that.  If the parties could Fed-Ex the exhibits to each other

18  on the 3rd for arrival on the 4th.  We think that's an

19  appropriate amount of time.

20           THE COURT:  All right.  That's fine.

21           MS. LAMANNA:  And Your Honor, I believe you indicated

22  earlier that these are subject to be modified as we get closer

23  to trial and things may or may not change.

24           THE COURT:  That's correct.

25           MS. LAMANNA:  Just want to make sure that's correct.

1          THE COURT:  All right.  Let me summarize our

2    discussions using Mr. Shapiro's letter.  Defendants indicated

3    they had no objection to his request in # –- paragraph #1.  #2

4    we'll hold to the next status hearing which we'll fix in a

5    minute.  I'm not requiring that Defendants provide the evidence

6    through citations called for.  And 3, not requiring what's been

7    asked in paragraph #4, with respect to identifying in

8    paragraphs –- with respect to Defendant's statement of facts it

9    will introduce evidence to contest at trial.  Parties are not

10   relieved from their obligations under the Pretrial Order to

11   continue to try to develop a joint pretrial statement.  Trial

12   exhibits will be exchanged so that they are received no later

13   than August 4th and we'll consider further trial brief –

14   whether I will require an earlier filing of the trial brief at

15   the next status hearing.  Have I left anything out, Counsel?

16          MR. SHAPIRO:  Yes, Your Honor.  As I was trying to

17   make clear with regard to #7, your Pretrial Order requires the

18   parties to exchange constitutional statutory regulatory and

19   decisional authorities that --

20          THE COURT:  I'm sorry, Mr. Shapiro?

21          MR. SHAPIRO:  -- they're relying upon.

22          THE COURT:  I thought I responded to that by telling

23   the parties that I expected them to continue to work to provide

24   a joint pretrial memorandum in the form that's required by the

25   order.  And the form that's required by the order requires that

1  that be included.  So I expect that the Defendants will supply

2  that information in the form in which it is required.

3        MR. SHAPIRO:  All right.  And in addition, if we

4  encounter difficulties in making headway through the joint

5  Statement of Uncontested Facts, I take it we can request a

6  conference at that point or in some way bring it to your

7  attention?

8        THE COURT:  Yes, I'm available by conference

9  telephone.  All right.  Now looking at the week of August 14th

10  for our next status hearing.

11        MR. SHAPIRO:  Will this be telephonic, Your Honor?

12        THE COURT:  Yes, telephonic.

13        MR. SHAPIRO:  Your Honor, this is Alan Shapiro for the

14  Government.  I don't necessarily object to what you've

15  proposed.  But that is only 10 days from when I'm going to get

16  their exhibit books.  So I don't know how much is going to be

17  accomplished in that period of time.  If you want, you know, we

18  can have that.  I mean, I'll just assume that I'm going to get

19  their books on the 4th and you know, maybe we'll have met with

20  them before the 14th and have something to report to you.

21        MR. SCHWARTZ:  Incidentally, Mr. Shapiro, I assume if

22  we are able to get our exhibit books assembled and sent to you

23  in advance of that date, logistically then you have no

24  objection to reciprocating by return mail and sending us yours?

25        MR. SHAPIRO:  I have no objection to that.

1          MR. SCHWARTZ:  Thank you.

2          MR. SHAPIRO:  In fact, I think that that would

3    actually make the August 14th date more useful because it would

4    theoretically permit us to have done more work together to try

5    to work out a joint statement.

6          MR. SCHWARTZ:  All right, well we'll do what we can.

7    I don't want to make any promises because I'm not -- you know,

8    the general of the army is not in charge of that aspect of the

9    war.  But if we can do it we will.

10         THE COURT:  All right.  Well, let's set a --

11         MR. SHAPIRO:  Any date but the 18th, Your Honor, would

12   work from my standpoint.

13         THE COURT:  Okay.  Let's do Wednesday, August 16th at

14   10 o'clock for a telephone conference.  Is that suitable?

15         MR. SCHWARTZ:  From the Media Defendant standpoint

16   that's fine.

17         MS. LAMANNA:  Yes, that's fine for the Indentured

18   Trustee.

19         THE COURT:  All right.

20         MR. NEAL:  And it works for Allstate Insurance

21   Company, Your Honor.  Guy Neal.

22         THE COURT:  All right.

23         MS. PRASAD:  And that works for the Debtors, Your

24   Honor.  Shupa Sethi Prasad from Mason Gill.

25         THE COURT:  And Mr. --

1          MR. SHAPIRO:  Your Honor, this is Alan Shapiro again.

2   I have no objection to that date but I would like some

3   clarification on the joint efforts to work out a statement.  I

4   assume the parties are left to try to make some sort of

5   arrangements to discuss these things either in person or by

6   telephone.  But I also want to make clear something else.  I

7   don't want to be put in a position as I was before where I

8   think I have worked out some language with one party and then

9   you know, it ends up being upset by every subsequent party.

10  Wouldn't it be more logistically useful for the Defendants to

11  choose one or two of their attorneys that can speak for all of

12  them and just discuss these things with me and perhaps one

13  other attorney from our office such as Mr. Sclarew to try to

14  get the joint statement together that you've spoken of?

15          MS. LAMANNA:  Your Honor, this is Katie LaManna.

16  There are -- the Government has named various Defendants in

17  this case.  And you know, they have an entitlement to speak on

18  their own behalf.

19          THE COURT:  Well, let's put --

20          MS. LAMANNA:  We -- absolutely want to work with the

21  parties but I don't think we can name one Defendant to

22  determine --

23          THE COURT:  I'm not going to require that but I will

24  ask that the Defendants make the process as efficient and

25  economical for the Plaintiff in this case as is possible.  I do

1  understand Mr. Shapiro's situation and ask that you act

2  collectively as much as possible that way.

3         MR. SCHWARTZ:  May I make a request in that regard,

4  Your Honor?

5         THE COURT:  Yes.

6         MR. SCHWARTZ:  On this point, by the way, I happen to

7  agree with Mr. Shapiro to a limited extent.  And that is that

8  we probably should all be present when these conversations take

9  place.  I don't want to be acquiescing in his characterization

10 of anything that's happened previously with those other

11 stipulations but the Defendants' interests are not all

12 precisely aligned in every issue.  Even though they often are

13 and they all need to have a look at what's going on.  And maybe

14 it ought to be done with a representative or more

15 representatives of each of the parties.  And I happen to

16 believe, not that I'm asking for a Court Order that it should

17 be done in person.  I think that would be most constructive.

18 The other thing I would request and again, I don't, I'm not

19 seeking a Court Order on this.  But in order for the process to

20 work we will need from Mr. Shapiro some time relatively soon

21 the equivalent of what we did with his proposed 681 assertions

22 of fact and that is at least a preliminary indication of which

23 of our 277 he can agree with and then we know the others are

24 the ones we have to concentrate on.  And again I, you know,

25 that's part of the process.  I know ordinarily there wouldn't

1 be a Court Order requiring that.  I'm just noting for the

2 record that we have an expectation that for the process to be

3 conducted meaningfully we would need that ahead of time from

4 the Government.  The Government says it needs our exhibits in

5 the same vein and I understand that request.  So I just note

6 that, that it won't work unless we have that from the

7 Government in advance of our getting together.

8          MR. SHAPIRO:  Well, as soon as I get their exhibits

9 I'll go through it and try to put something together and turn

10 it over to them quickly so that then we can have joint

11 discussions.

12          MR. SCHWARTZ:  Thank you.

13          THE COURT:  All right.  Counsel, anything further for

14 this morning?  Thank you.  That concludes this conference.

15          MR. SHAPIRO:  Thank you, Your Honor.

16          MS. LAMANNA:  Thank you, Your Honor.

17          MR. SCHWARTZ:  Thank you.

18          MS. PRASAD:  Thank you.

19          THE COURT:  All right.  Court will stand in recess to

20 permit the parties in the next matter to set up.

21      (Court adjourned)

22

23

24

25

```
1                          CERTIFICATION
2    I certify that the foregoing is a correct transcript from the
3    electronic sound recording of the proceedings in the above-
4    entitled matter.
5
6
7    _____        _____
8    Signature of Transcriber                     Date
```