UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE


| | | |
|---|---|---|
| IN RE: | . | Chapter 11 |
| | . | |
| ACE-Texas, Inc., | . | Case No. 96-00166(KJC) |
| | . | |
| Debtor. | . | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | . | |
| | . | |
| Plaintiff, | . | |
| | . | |
| vs. | . | Adv. Proc. No. 01-4605(KJC) |
| | . | |
| STATE STREET BANK AND TRUST | . | |
| CO., as Trustee for Junior Subordinated | . | |
| Secured PIK Notes, *et.al.,* | . | |
| | . | August 16, 2006 (10 a.m.) |
| Defendants. | . | (Wilmington) |


TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY COURT JUDGE


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

1           THE COURT: Good morning, counsel.

2           ALL (TELEPHONIC): Good morning, Your Honor.

3           THE COURT: All right, this is a status hearing in

4    Adversary 01-4605.  Let me ask for a report from counsel.

5           MR. SKLAREW (TELEPHONIC): Your Honor, this is Peter

6    Sklarew.  Thought I would just report first on an inquiry to

7    the District Court on what's going on up there in

8    Connecticut.

9           THE COURT: Go ahead.

10          MR. SKLAREW (TELEPHONIC): After the last hearing, I

11   did - I waited a little while for the July 13th transcript,

12   and it didn't come in right away.  I filed a request that the

13   Court in Connecticut take judicial notice of certain events

14   in the Delaware adversary proceeding including the

15   rescheduled trial and a statement of continued need for a

16   decision as soon as possible on the conversion issue.  I then

17   was planning to supplement with the July 13th transcript,

18   which I did eventually when that was created.  In the

19   meantime, the appellees in that proceeding filed a response

20   to that pleading in which they indicated that they were

21   withdrawing opposition to conversion, and I filed a reply to

22   that indicating that I, you know, agreed essentially to the

23   withdrawal of opposition, but I felt that that still required

24   - it didn't automatically enable the Judge to simply enter a

25   conversion order, and he still had to explain what he was

1    doing in remanding to the Bankruptcy Judge with instructions

2    to convert the case.  So I just - saving a position on what

3    the government felt should happen in light of their

4    withdrawal.  After that, yesterday, I, along with counsel for

5    the appellees on the line, contacted Judge Thompson's law

6    clerk, as we did last time, just to ask if we could get any

7    kind of progress report in light of the hearing today that

8    was coming up on this case, and the law clerk indicated she

9    was aware and the Judge was aware of the recent filings in

10   the appeal, but that there was no change to report.  She

11   added, after the fact, simply that Judge Thompson had been

12   sick for the past couple of days, and I gathered from the

13   statements that she had gone to consult with him while we

14   were on hold with the phone that he must have been better

15   because he was, apparently, in chambers, and that's all we

16   have to report on that.

17          MS. LaMANNA (TELEPHONIC): Your Honor, this is

18   Kathleen LaManna.  I just want to add to that.  We did, in

19   fact, on July 21st - and when I say "we" it was a joint

20   withdrawal by the Indenture Trustee and the debtor withdrew

21   our opposition to the conversion on the grounds that the

22   District Court had stated that it was going to convert, and,

23   as you know, we want this to move forward.  The government

24   did respond, and that was not a response to the government's

25   previous filing.  That was our independent decision that this

1    needs to move forward, and in response the government did

2    file an additional pleading indicating that it did not think

3    a summary order could be entered, which we think could

4    frankly, but in any event, nothing has happened in the

5    District Court despite that withdrawal on July 21st, so we

6    await the Court's action.

7         THE COURT: All right.

8         MR. SCHWARTZ (TELEPHONIC): Your Honor, Andrew

9    Schwartz for the Media defendants.  Just to complete the

10   picture on things that have happened, I guess Mr. Sklarew and

11   Ms. LaManna have addressed what's not happened.  Certain

12   things have happened since we left.  I spoke with you in

13   July.  Ahead of schedule, both sides did exchange their trial

14   exhibits at the end of July and that was supplemented, to a

15   limited extent, in August, and Mr. Shapiro was kind enough

16   yesterday to give us his responses to the defendants'

17   proposed undisputed facts, and we received those late

18   yesterday.  We haven't had a chance yet to analyze them, but

19   at first blush, it appears that there were a considerable

20   number of our proposed undisputed facts that Mr. Shapiro was

21   not objecting to or with certain language changes would not

22   be objecting to, so, progress is being made in that regard.

23   The parties have agreed to convene in person in Washington,

24   D.C. on August 28th and then again immediately after Labor Day

25   to undertake the exercise of going through the remaining

1   statements of undisputed facts that were submitted by each
2   side and the objections that remain outstanding to try to
3   further narrow what is in dispute factually and what is not,
4   which I think is constructive, and so we are making progress
5   with regard to those matters we can control.  As for the
6   matter that cannot be controlled, I find myself in the same
7   position I was when we spoke with you a month ago, and that
8   is I'm increasingly concerned that the time has passed by my
9   quick count.  I think it's been twelve weeks since the
10  District Court first indicated in May the intention to order
11  conversion, and here we are on August 16th, and there has been
12  no movement in that direction.  The trial in this case is
13  scheduled for two months from today, if I have my dates
14  straight, on October 16th, and again, to repeat in part what I
15  have said the last time we met, that date was itself later
16  than what you had in mind.  You were looking for a date in
17  September.  That wasn't feasible on account of various
18  parties' schedules.  We very much want to see this case go
19  forward on October 16th, and we're now entering that two-month
20  window before the trial where we, again, have to devote
21  considerable resources and arrange our schedules and our
22  lives and our travel arrangements so as to be able to conduct
23  what could be up to a three-week trial on the road which is a
24  significant logistical exercise and involves a good deal of
25  dislocation of our professional and personal lives and while

1  there's been time for there to be movement in Connecticut,

2  which, as I've argued before and won't repeat, may or may not

3  ever make a difference on the merits of this adversary

4  proceeding, nothing has happened, and we think at this point

5  we need to point toward that October 16th trial date and

6  proceed to try the case, which has been pending since

7  November of 1998 regardless of whether anything happens in

8  Connecticut, when it happens, and what happens, if anything.

9  So, I made a similar statement on July 13th, and I'm

10  substantially repeating it now, but we're that much closer to

11  the trial, and we really need to devote ourselves to it and,

12  as the date approaches, to the exclusion of other things we'd

13  be working on.

14        MR. SKLAREW (TELEPHONIC): Your Honor, if I might

15  just respond briefly to that.  This is Peter Sklarew.  To the

16  extent, and I'm not sure there's any request there, but to

17  the extent that Mr. Schwartz might implicitly be requesting

18  for an advisory ruling on what the Court's going to do if the

19  case is still not converted as we get closer to October 16th,

20  I don't think we're yet at the place where the Court has to

21  make a decision.

22        THE COURT: I think what Mr. Schwartz would like is

23  for me to sign in blood an order that says we're going to

24  trial no matter what, and that's not a criticism, Mr.

25  Schwartz.  I certainly understand the defendants' position

1   here, and, you know, Mr. Sklarew, we may not be there yet.

2   It's in a way unfortunate because one of the scenarios I had

3   anticipated might occur, and I think we talked about this on

4   the record at one of the hearings, is that, you know, upon

5   conversion and appointment of a trustee, the trustee might be

6   moving to intervene and might be moving to change venue with

7   or without the government.  And maybe the trustee will choose

8   not to participate, but considering that one scenario for a

9   moment, because it might impact on what happens here, if

10  anything, I had hoped that if that process were going to be

11  undertaken that it would have been in the works by now, and I

12  do share Mr. Schwartz' concern that, you know, again the

13  parties are going to have to gear up, again at a considerable

14  time and expense to everybody.  I hate to see us put in a

15  position where at the last minute we're haggling through

16  another venue change motion, but I have no control over that,

17  and that's - I guess that's all I can say.

18          MR. SKLAREW (TELEPHONIC): The only thing I would

19  add to that, Your Honor, that might help is, if perhaps the

20  Court could direct that the court's reporter issue a

21  transcript of this ruling as quickly as possible - excuse me,

22  ruling of this status conference as quickly as possible, I

23  will file another supplement so the Court can at least - it

24  does appear that, from what the law clerk said, that they're

25  aware of the filings we're making, the post-sort of appeal

1    filings, and if another one comes in at least indicating they

2    read what the concerns are of all the parties here, which I

3    share as well at this point.  If a trustee decides not to

4    intervene, then there's nothing I'd like better than to have

5    this case go forward on October 16th.  I do hope a trustee

6    will waive the privilege and that we will get a chance to

7    complete the Baer Marks' deposition with the benefit of

8    having inspected their files first and also having inspected

9    the files of the Aiken Gump law firm with respect to any

10    attorney/client communications regarding the purpose of these

11    bankruptcies, but that's a different issue.  I certainly hope

12    that if a trustee does decide not to intervene, that we find

13    out in time and don't have to have another delay.  So I think

14    we're all on the same page here in terms of hoping for a

15    District Court ruling, and I've done everything I can to

16    communicate that short of being - probably not short of being

17    a pest to the District Court in Connecticut, but I will file

18    a supplemental filing at least to let the Court know that

19    there's been another status conference, and if the Court

20    wishes it can read the transcript if Your Honor would ask the

21    court reporter to expedite this.

22          THE COURT: All right.  Anything further for today?

23          MR. SHAPIRO (TELEPHONIC): Yes, Your Honor, this is

24    Alan Shapiro for the Justice Department.  One of the things

25    that would put us in a better position to be ready on October

1    16th, if that can be made possible despite the things that

2    have been discussed earlier today, would be for the Court to

3    issue the order that I requested in the last two previous

4    conferences requiring the parties to exchange their

5    objections to each other's designated pages of deposition

6    testimony and the basis for those objections so that we can

7    prepare for those things, and if we feel it necessary to file

8    any appropriate motions in limine for rulings on those

9    things, and obviously, it's up to the Court whether to choose

10   to rule on those motions if any such motions are filed prior

11   to trial and how close to trial, but that would really

12   advance preparation for the case and make the trial itself

13   less of a surprise and less of a situation where people have

14   to anticipate all kinds of different possible outcomes from

15   many, many pages and lines of deposition testimony.

16        THE COURT: Let me hear from the defendants.

17        MR. SCHWARTZ (TELEPHONIC): Your Honor, Andrew

18   Schwartz for the Media defendants.  Just, first of all, by

19   way of clarification with regard to your prior comments, an

20   order in blood is not required, but we would very much, I

21   think, all benefit from a very clear statement from the Court

22   that, you know, in an ideal world one could wait indefinitely

23   for different things to happen but in this particular

24   situation where there are so many layers of speculation that

25   are involved as to whether what might happen, will happen,

1    when it will happen, and whether it would ultimately make any

2    difference whatsoever that there are powerful countervailing

3    considerations: the interests of the parties, the interest of

4    the Court, the interest of the administration of justice that

5    compels this case going forward on October 16th, a date that's

6    now been set and provided more than ample time for things to

7    happen if they were going to happen in recognition of the

8    fact that even if they happen, they might not add up to

9    anything as far as the merits of our case were concerned.

10   So, I just wanted to be clear about that, and, as far as Mr.

11   Shapiro's request, we have never opposed in concept

12   submitting objections to the designated deposition testimony.

13   I would say in that regard, just so it's clear to the Court,

14   that this is very much a one-way - Let me rephrase.  This is

15   very much a matter that places much more of a burden on one

16   side than the other because the government has made vast

17   designations of deposition testimony and the defendants very

18   little in that regard, mostly in the way of counter-

19   designations, and it's highly disproportionate, so this is

20   going to place an enormous burden on us and virtually no

21   burden on the government.  Secondly, Mr. Shapiro would like

22   to have some clarification of certain things.  I understand

23   that, but when you go to trial, there are always

24   uncertainties and contingencies that can't all be removed,

25   and to the extent that the concept is that we would submit

1   the objections so as to put the government in a position to

2   have another round of motions in limine, that we would

3   resist.  Those motions in limine were due a long time ago.

4   They were filed, they were adjudicated, and we're proceeding

5   forward from there.  We're not adverse to submitting

6   objections to designated deposition testimony before the

7   trial.  We would be adverse to having another round of motion

8   practice relative to line-by-line designation of testimony

9   and objections.  Those are things that ought to be resolved

10  in the context of the trial, and if there was any overarching

11  global issue to be put before the Court, that should have

12  happened at the time of the motions in limine.  So, I could

13  conceive of our submitting our objections to the designated

14  deposition testimony toward the end of September, and I'd

15  want to hear from my co-counsel as to whether that is

16  acceptable to them, and I do agree to a certain extent that

17  having given the government both the benefit of the

18  objections and the Court to the extent the Court wanted to

19  look at them a few weeks before the trial, would be in the

20  interest of making the trial more efficient and more

21  streamline.  So, that's my position as far as that request is

22  concerned.

23         THE COURT: Any other defendants care to be heard?

24         MS. LaMANNA (TELEPHONIC): Your Honor, this is

25  Kathleen LaManna.  I will simply join in Mr. Schwartz'

1    comments on this point.

2          MS. CHAN (TELEPHONIC): This is Teresa Chan on

3    behalf of Allstate Insurance Company, and we would just joint

4    in Mr. Schwartz' comments as well.

5          MS. SATYAPRASAD: And this is Shuba Satyaprasad for

6    Aiken Gump, and we would just support his comments as well.

7          MR. SHAPIRO: Your Honor, this is Alan Shapiro.  I'd

8    like to respond briefly to what Mr. Schwartz said.

9          THE COURT: Go ahead.

10          MR. SHAPIRO (TELEPHONIC): First of all, in a case

11    of this type, with this type of lengthy record and all of the

12    things that have been brought to the Court's attention that

13    the parties will have to do prior to trial, the schedule for

14    doing this exchange of objections to deposition testimony

15    proposed by Mr. Schwartz is not really a workable schedule.

16    It leaves too much for the crush of the last few weeks.  They

17    should have already decided what the basis of their

18    objections were when they wrote out what pages that they

19    objected to, and they should already know obviously what

20    their grounds or legal grounds are for doing that.  It is

21    only fair and reasonable to put the government in a position

22    of being able to properly prepare for trial, prepare

23    examinations of witnesses, and prepare for the upcoming

24    deposition of Baer Marks for it to know what their objections

25    are and to be able to prepare proper questioning to either

1    cure or avoid that with witnesses that will be live and also

2    to make strategic decisions about what type of testimony to

3    rely on and what contingency plans to have.  That's part of

4    the process of getting ready for trial.  All that really I'm

5    hearing from Mr. Schwartz is that they would rather have the

6    government be left with too little time to prepare and make

7    adjustments to their trial preparation and to be going

8    through a  trial by surprise where they're not going to have

9    the comfort of being able to prepare with the time they

10   already have right now.  We have the time to do these things

11   now, and in addition, the trustee - when the trustee's

12   appointed will cause all the parties to have additional work

13   to do that we may not even be able to anticipate right now,

14   and those things will happen, and at the later stage of the

15   two-month period that remains before October 16th, but it

16   makes more sense also to get these things done now rather

17   than in the last couple of weeks of the two-month period.

18   Plus, the trustee - when the trustee's appointed it may want

19   to know what the basis of the defendant's objections are to

20   all of the testimony of the witnesses whose testimony will

21   come in by way of depositions.  So, I would suggest that the

22   parties exchange their objections and their basis for

23   objections to designated testimony by September 1st, and

24   that's plenty of time.

25             THE COURT: When -

1          MR. SCHWARTZ (TELEPHONIC): Your Honor, it's Andrew

2     Schwartz.  I'd like to just respond to that if I could

3     briefly.

4          THE COURT: Mr. Schwartz before you do, let me ask

5     this: It was reported that the parties would be convening

6     personally in Washington on August 28th and then again after

7     Labor Day.  Do you have a date for the second meeting?

8          MR. SCHWARTZ (TELEPHONIC): Yes, we have set aside I

9     think it's the 5th through the 8th, a Tuesday through the

10    Friday immediately after Labor Day.  I'm just looking at my

11    calendar - Yeah, the 5th through the 8th.  We may not need all

12    of those days, but those are the ones we have offered to Mr.

13    Shapiro, and which he's suggested that we hold, and we're

14    holding them.  So, in fact, that actually anticipates the

15    next thing I was going to say which is that we are going -

16    First of all, it's the end of August.  I've been on vacation

17    and I'm back, but other of the different attorneys involved

18    on our side of the case are either now on vacation or going

19    on vacation between now and Labor Day, so this is not an

20    ideal time to be placing obligations on the defendant group.

21    Setting that aside, we are going to be tied up with the

22    government in what I expect will be relatively intense hand-

23    to-hand combat on August 28th and then again September 5th

24    through 8th, and in part, when I proposed the end of

25    September, I was thinking that we're going to be tied up with

1    this case doing this fact designation exercise in the

2    upcoming weeks.  So that's one thing.  The other thing I

3    wanted to say is this: I think Mr. Shapiro corrected himself

4    in his closing remark, but he suggested, I think, that we had

5    already submitted the objections to the deposition testimony

6    and now it was only a matter of explaining what the basis

7    was.  I think that's mistaken.  There has been no requirement

8    that one object yet to deposition testimony.  So, the process

9    of giving him the objections does require reviewing all of

10   the deposition testimony with that question in mind.  Yes, we

11   went through his designations when we did counter-

12   designations, but that's a different exercise than taking a

13   look at all the objections that were made on the record at

14   the time of the deposition and figuring out which ones to

15   preserve now or waive.  So it will be a relatively time-

16   consuming exercise, and I think it would be appropriate for

17   us to have a couple of weeks after we are done with the fact

18   designation exercise which is ending on - let's say September

19   8th, which is why I was suggesting the end of September for

20   purposes of the deposition designations - objections, I

21   should say, to deposition designations and specification of

22   the grounds.

23         THE COURT: What - Refresh me, please, what present

24   scheduling order, if any, is in place concerning pretrial

25   activity?

1          MR. SHAPIRO (TELEPHONIC): My understanding - This

2     is Alan Shapiro, Your Honor.  My understanding is that we're

3     complying with the Court's website standard order coupled

4     with any additional modifications that you've made at the

5     last couple of status conferences.

6          THE COURT: Has it been memorialized in any written

7     order, Mr. Shapiro?

8          MR. SHAPIRO (TELEPHONIC): I don't think that it

9     really has, Your Honor.

10         THE COURT: Okay.  I was just curious about that.

11    Let me - I do think that both sides make good points here

12    given what's going to be an extensive record.  I think that

13    given the time of year and the activity that the parties have

14    already agreed to engage in, it's appropriate to fix a target

15    and to pick another status hearing, and I'm thinking the

16    objections to designations should be exchanged by September

17    14th, and that we have another status conference on the 15th.

18    With respect to what happens after that, I would not expect

19    motions in limine to deal with objections to designations,

20    and I'll tell you why: I almost always find that by the time

21    trial is concluded, most, if not all of the parties'

22    objections to designations fall away.  Now, it doesn't mean

23    that it will happen here, but I think it would be not - it

24    would be an uneconomical use of all of our resources for the

25    Court to hear these objections prior to the commencement of

1  trial, but I do think it's appropriate for the government to

2  know what they are sufficiently in advance of trial that it

3  will help tailor its presentation, and I think that would be

4  helpful to us all.  Any comment to the dates I've suggested?

5      MR. SHAPIRO (TELEPHONIC): The government has no

6  objection, Your Honor.

7      MR. SCHWARTZ (TELEPHONIC): (Microphone not

8  recording) . . . without trying to tinker extensively with

9  what you've suggested, I would like a bit of relief from it,

10  and I'll just emphasize that the government has made massive

11  designations of deposition testimony.  It's not a criticism.

12  Most of the government's attempt to put on a case is going to

13  come in, if it comes in at all, through depositions, so we

14  understand why they've done what they've done, but it is a

15  great volume of material.  So, if it were possible to give us

16  the entire week of the 11th so that we serve the designations

17  on the 15th, the Friday, and then you'd have the next

18  conference early the week of September 18th, I think that

19  would be helpful to us.

20      MS. LaMANNA (TELEPHONIC): Your Honor, this is

21  Kathleen LaManna, and we will obviously respect whatever

22  dates Your Honor decides to go with, but I think there's an

23  additional, perhaps, reason to give maybe a little bit extra

24  leeway there.  It strikes me that the exercise that we

25  undergo with respect to the statements of uncontested facts,

1  which I'm hoping will actually be an amicable exercise,

2  because I think the parties can agree on a lot of facts in

3  this case, but I'm thinking that that may narrow issues such

4  that it makes a lot of sense to take another look at the

5  designations following the conclusion of that exercise, and

6  therefore, at least that full week following may make some

7  sense.

8          MR. SHAPIRO (TELEPHONIC): Your Honor, this is Alan

9  Shapiro for the Justice Department.  I have no objection to

10  your proposal of September 14th or Mr. Schwartz' request for

11  an additional day of September 15, beyond that I would

12  object.

13          THE COURT: Okay.  Let's make the objections due by

14  the 15th, and we'll have a status conference the following

15  week.  How does Tuesday the 19th suit counsel?

16          MR. SCHWARTZ (TELEPHONIC): Will this be telephonic,

17  Your Honor?

18          THE COURT: Yes.

19          MR. SCHWARTZ (TELEPHONIC): This is fine for the

20  Media defendants.

21          MS. LaMANNA (TELEPHONIC):  That's fine for the

22  Indenture Trustee, Your Honor.

23          MS. CHAN: That's fine for Allstate as well.

24          UNIDENTIFIED SPEAKER (TELEPHONIC): That's fine for

25  the debtor.

1          MR. SHAPIRO (TELEPHONIC): The government has no

2   objection.

3          THE COURT: All right.  We'll set the next status

4   conference for Tuesday the 19th at 10 o'clock.

5          MR. SHAPIRO (TELEPHONIC): Your Honor, this is Alan

6   Shapiro again.  Can we bring up another topic?

7          THE COURT: Go ahead.

8          MR. SHAPIRO (TELEPHONIC): I've also previously

9   asked that the defendants' supply their trial brief, and I

10  explained that the government has already long since provided

11  its trial brief due the defendant as part of the pretrial

12  order materials that it turned over quite some time ago.  So

13  they've enjoyed now quite some time of being able to see our

14  legal theories of our case and our case law and all of that

15  laid out in a nice package for them.  They previously argued

16  that they shouldn't have to supply their trial brief any

17  sooner than the Court's pretrial order which generally

18  requires it, I believe, two or three days before the trial

19  date.  This case is already working on a modified pretrial

20  order schedule, and given everything that's been discussed,

21  again, it seems like the type of thing that if we wait until

22  that late date to receive what their legal theories and

23  arguments are, then it really places the government in a

24  great prejudice because they will have had months to utilize

25  our trial brief to prepare their case, and we, of course,

1  will not.  In addition, since we're negotiating with them on

2  a joint statement of facts and as we take depositions of the

3  Baer Marks firm, other things like that, it would again seem

4  to be fair to put the government on an equal footing with the

5  defendants by giving us their trial brief so that we can

6  adequately, you know, prepare ourselves both for what

7  remaining discovery there is in the case and also so that we

8  can prepare the pretrial order, which is supposed to be a

9  joint exercise.  We shouldn't be operating at a disadvantage

10  of not fully knowing what our opponents want to do with

11  whatever stipulations and things like that we're trying to

12  work out.  So, again, I think that this is something that

13  really needs to be turned over at this time.  Frankly, I've

14  already argued it should have been turned over in the past,

15  but that is something I would like the Court to place a date

16  on for the defendants to turn that over, and, again, I would

17  suggest that that's something that should be done probably

18  the same time that the objections should be exchanged.  Their

19  legal theories should have been worked out quite sometime

20  ago, and it really shouldn't place much of a burden on them

21  to do what, frankly, they should have prepared quite sometime

22  ago.

23          THE COURT: Well, I would surprised, given the

24  history of this litigation, that the defendants would have

25  learned anything new about the government's theory when it

1  received its trial brief, whenever they got them, and I would

2  be surprised also if the government learned anything new from

3  the defendants' trial brief, and in fact, the exercise of

4  putting together the joint pretrial statement is intended,

5  among other things, to put in concrete all of the parties' -

6  at least what the parties believe to be the legal issues.

7  So, you'll be learning it, if you don't already know it, in

8  that process.  That having been said, I wouldn't be adverse

9  to, you know, advancing the filing date by a period of time,

10  but I don't think it needs to be now.  You know, maybe

11  something like October 6th or something, ten days before

12  trial?  Does that cause any heartburn for the defendants?

13          MR. SCHWARTZ (TELEPHONIC): Well, that's exactly

14  what I was going to propose, Your Honor.

15          MR. SHAPIRO (TELEPHONIC): Your Honor, that doesn't

16  really give us much time to utilize their trial brief, and I

17  have to, you know, disagree with you politely that we won't

18  learn anything new.  I think, frankly, that there probably

19  will be something that we will learn as a result of just

20  looking at the pretrial materials they've already turned

21  over.  It shows that they are trying to evolve their various

22  legal theories as the discovery process continues and as they

23  work on their case more.  So, you know, I think that it would

24  be helpful to have it at least say by the end of September,

25  September 30th, perhaps.  It's not really requesting a great

1    deal of difference from what you've suggested, but it does

2    give us another week to at least have the benefit of knowing

3    what their legal theories are before we do our final

4    preparation for trial.

5         THE COURT: October 6th.  Anything further for today?

6    All right, thank you, counsel.

7         ALL (TELEPHONIC): Thank you, Your Honor.

8         THE COURT: That concludes the status conference.

9    Court is adjourned.

10        (Whereupon at 10:53 a.m. the hearing in this matter

11   was concluded for this date.)

12

13

14

15

16

17

18        I, Elaine M. Ryan, approved transcriber for the

19   United States Courts, certify that the foregoing is a correct

20   transcript from the electronic sound recording of the

21   proceedings in the above-entitled matter.

22

23   /s/ Elaine M. Ryan                    August 20, 2006
     Elaine M. Ryan
     2801 Faulkland Road
     Wilmington, DE 19808
     (302) 683-0221