# BAER MARKS & UPHAM
805 Third Avenue
New York, New York  10022

Stanley E. Bloch

Telephone: 212-702-5871
Facsimile: 212-702-5797

TO: Jeffrey M. Cole

FROM: Stanley E. Bloch

DATE: July 12, 1995

RE: American Cable Entertainment - Scott (42473-01-01)

---

We have been working on the various alternatives in restructuring the debt of American Cable Entertainment - Scott. As you may recall, the potential income tax obligation that would arise on a sale of its assets would be a significant concern. While a large part of the debt of the company is presently secured and, therefore, as I understand it, the creditors will come ahead of any income tax liability, a significant portion of the debt is unsecured and, therefore, if there was a sale of assets at this time, the tax liability, which could amount to as much as $40,000,000-$50,000,000, would significantly adversely affect the amount the unsecured debt holders would receive. We are, therefore, thinking of requesting the unsecured debt holders to extend the due date of their debt or to make certain other concessions with respect thereto, in exchange for, among other things, the granting by the company to them of a security interest in all of the assets of the company. These granted security interests would rank in the order of the debt obligations (i.e., junior subordinated debt would be behind subordinated debt, which would be behind senior subordinated debt).

If the company, after such granting, sold some of its assets and used the proceeds to pay off some of its existing debt, there would be no funds available to pay the income tax liability associated with the sale. What would IRS' rights be with respect to the company in pursuing the tax liability and what type of timing would you reasonably expect? Would the officers, directors or stockholders have any liability for the tax and assuming that the assets are sold for fair value, would the transferee have any liability for taxes? Would the IRS, among other rights, have the right to file an involuntary bankruptcy petition against the company?

Assuming that your answers to the foregoing questions are not negative, is there any reason why we could not indicate in writing to the unsecured creditors that one of the reasons they should acquiesce in our restructuring proposal is that the security interest to be granted to them will come ahead of tax liabilities. Please note that there might be a similar disclosure in any bankruptcy reorganization plan which we file and any such plan would, as a matter of law, have to be filed with the IRS.

It is important that I have your answers to the foregoing as soon as possible and, in any event, by Monday at about Noon.

SEB/nmh

cc: MVB

SCP5726