UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>SCOTT CABLE COMMUNICATIONS,<br>    Debtor.<br><br>UNITED STATES OF AMERICA,<br>    Appellant,<br><br>v.<br><br>SCOTT CABLE COMMUNICATIONS,<br>INC., STATE STREET BANK AND<br>TRUST CO. as Indenture Trustee for<br>certain note holders, and AKIN, GUMP,<br>STRAUSS, HAUER & FELD, LLP,<br>    Appellees | No. 3:02-CV-1725 (AWT)<br>Consolidated Bankruptcy Appeals<br>(Bankruptcy Court Case No. 98-51923) |

**RESPONSE AND OBJECTION OF U.S. BANK NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE, TO UNITED STATES' MOTION TO STAY
DELAWARE ADVERSARY PROCEEDING (and Request for Emergency Hearing)**

U.S. Bank National Association, as Indenture Trustee, (the "Indenture Trustee"), hereby objects to the above-referenced motion filed by the United States on October 3, 2006 (the "Stay Motion").

The Stay Motion seeks to have this Court usurp the authority of the Bankruptcy Court in Delaware, before which the adversary proceeding is to be tried beginning October 16, 2006. Just this past Tuesday, October 3, 2006, Judge Carey, who will preside over the trial in Delaware, denied yet another motion filed on September 25, 2006 by the United States to postpone the trial (the "September 25 Continuance Motion"). The Indenture Trustee respectfully submits that, even if this Court had jurisdiction to intervene and

entertain a motion for stay, which it does not, it would be wholly inappropriate for this Court to reverse the discretionary case management decision made by the Court in Delaware, the court in the best position to make such a decision with all of the facts before it.

The instant motion by the United States was <u>filed the day of</u> the ruling by the court in Delaware that the October 16 trial will proceed, at which time the Delaware court was keenly aware of the status of the government's conversion appeal in Connecticut. The instant motion is the most recent in a series of efforts by the United States to avoid bringing an already eight-year old adversary proceeding – that it initiated – to trial.

The motion for stay of the adversary proceeding was in fact filed in this appeal, an appeal of the Connecticut bankruptcy court's denial of the government's motion to convert the case to chapter 7. The government's stay motion is improperly filed in this conversion appeal. Even if such a motion were proper and this court did have jurisdiction, the stay should be denied since further delay is severely prejudicial to the parties in interest, since the interests of justice require that the legal process move forward, and in deference to the Delaware court's ability to address these issues and handle its own case management.

Having been unsuccessful before Judge Carey, the government then turned around and filed this motion, which seeks the very same continuance denied by Judge Carey earlier that day. Yet, nothing had changed since Judge Carey issued his decision that the trial should proceed.

Throughout the various proceedings, the Indenture Trustee has been defending the adversary proceeding with a goal of seeking timely resolution of issues so as to serve the interests of all parties and the courts in closure of a dispute that began eight years ago. The Indenture Trustee has been arguing since at least 2001 that the ultimate merits of the case should be addressed as soon as practicable, either by summary judgment or if necessary at

trial. What has transpired has been a tortured series of events that have brought about delay after delay, which has served the interests of neither the courts nor the parties. Now, for the second time in four months, we are on the eve of trial, on the verge of resolving the case once and for all on the merits. No further delay should be permitted.

The government's motion raises many issues, and attaches various documents, inapplicable to what is before this Court. The Indenture Trustee will not engage in arguing the merits of the underlying dispute except as to state the obvious – there are two sides to this story. This is not the forum for introducing evidence in support of the Defendants' case at trial, and we will not burden the Court by doing so. The government filed a voluminous summary judgment motion in the Delaware Bankruptcy Court, representing repeatedly that it had a "rock solid" case on summary judgment. The Bankruptcy Court denied that summary judgment motion stating that the dispute involved a "close case" on the merits and that summary judgment was inappropriate. Nothing more need be said on this issue.

In each of the numerous instances in which the government has filed a motion with the Delaware Bankruptcy Court to postpone a trial of the adversary proceeding on the merits, including the most recent September 25 Continuance Motion, the Delaware Bankruptcy Court has carefully considered the arguments of both sides, and has made a reasoned, informed decision. Specifically, with respect to the September 25 Continuance Motion, Defendants filed a written opposition to such motion on October 2, 2006. On October 3, 2006, Judge Carey heard telephonic oral argument on the issue of whether the trial date should be continued yet again. At the conclusion of the argument, Judge Carey denied the United States' motion.

Judge Carey's determination was made in the exercise of his discretion as the trial judge hearing the case. If such a decision is even subject to review, a reviewing court must

3

apply the very high burden of abuse of that discretion. See e.g., *Green Point Bank v. Treston*, 188 B.R. 9, 11 (S.D.N.Y. 1995); accord *In re Wilson*, 53 B.R. 123, 124 (D. Mont. 1985). Moreover, the only proper venue for such a challenge is the Delaware District Court, and then only after a motion directed to Judge Carey to stay his decision pending a ruling on the appeal by the Delaware Bankruptcy Court.

  The adversary proceeding has been transferred from the Connecticut bankruptcy court to the Delaware bankruptcy court and is about to proceed to trial in Delaware. Once venue is transferred, the transferor court, and the appellate courts in the transferor district, "lose all jurisdiction over the case and may not proceed further with regard to it." 15 Charles A. Wright et al., Federal Practice and Procedure § 3846, at 357–58 (1986); In re Warrick, 70 F.3d 736 (2d Cir. 1995) (citing loss of jurisdiction upon transfer approvingly, but granting limited mandamus because clerk's procedural error resulted in transfer of case files prior to expiration of automatic 10-day stay of order); Drabik v. Murphy, 246 F.2d 408, 408–10 (2d Cir. 1957)(denying request for writ of mandamus to require district judge to review order because transfer was complete divesting court of jurisdiction). The adversary proceeding resides in Delaware, and therefore, the Connecticut Bankruptcy and District Courts do not have jurisdiction to review decisions made in that proceeding. The government's reliance on the fact that the underlying bankruptcy case is in Connecticut is misplaced. All that is left in the underlying bankruptcy case is the minimal necessary administration of the case while it awaits a result of the trial in Delaware. The Connecticut Bankruptcy Court transferred the adversary proceeding to Delaware and made no indication, as it could not, that it would retain jurisdiction over the trial and administration of that adversary proceeding. This Court subsequently ruled that transferring the case was a proper exercise of the Bankruptcy Court's discretion.

The present motion has yet another fatal flaw. Bankruptcy Rule 8005, upon which the government relies, provides that a motion for a stay "must ordinarily be presented to the bankruptcy judge in the first instance." Even if the Delaware Bankruptcy Court's case management decision were subject to challenge, the United States would first have had to bring its motion in the Connecticut Bankruptcy Court, before Judge Shiff, where the underlying Chapter 11 case resides. The reference of the bankruptcy case has not been withdrawn, and so initial requests based upon an argument that the bankruptcy estate is affected must first be brought in the Bankruptcy Court. Certainly a motion for stay of an adversary proceeding pending in another jurisdiction is not appropriately filed in this Court sitting as an Appellate Court for purposes of hearing an appeal of a conversion motion.

If that were not enough for this Court to summarily deny the government's motion, the denial of a continuance by the court presiding over the trial and managing pretrial proceedings, is not a final order appealable as of right.[1] Therefore, the United States first must seek leave to appeal such an order. *See* 28 U.S.C. § 158 (2006). Instead, the United States has run to this Court in what can be characterized as nothing other than an effort to circumvent the jurisdiction and authority of both the Delaware Bankruptcy Court and District Court.

The Indenture Trustee wants simply to proceed before the trial court on the merits. With respect to the conversion appeal which is before this Court on appeal, this Court stated its intentions during the May 23, 2006 status conference. Most important to recognize at this juncture is the fact that the government's efforts to hold the trial hostage to the

---

[1] For the Bankruptcy Court's order to be a final order, it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief. *See e.g.*, *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1283 (2d Cir. 1990). Since the denial of a continuance of trial in the adversary proceeding did not resolve the issues pertaining to the discrete claims raised by the adversary proceeding, it is not a final order, and thus not appealable as of right.

conversion issue are based entirely upon speculation—hypothesizing that the Chapter 7 trustee will look at the issues that have been the subject of years of litigation on both procedural and substantive matters and decide, among other things, to waive the debtor's attorney-client privilege. The actual facts are (1) there are no funds in the debtor's estate to pay a Chapter 7 Trustee for any work, and (2) there is no role for a Chapter 7 trustee to play in this case since there are likewise no funds available to distribute to unsecured creditors on whose behalf the trustee customarily would act.

In reliance on the Court's stated intentions articulated during that May 23 conference and in an effort to expedite entry of an order and move the proceedings forward, on July 21, 2006, the Indenture Trustee filed a withdrawal of its opposition in this conversion appeal.[2]

The Indenture Trustee respectfully requests that this Court consider (1) the posture of the Connecticut bankruptcy proceedings, in which there is no activity and in which there is no remaining role for a Chapter 7 Trustee, (2) the posture of the adversary proceeding, once again on the eve of trial in Delaware, and (3) the lack of its own jurisdiction over a case management decision of the Bankruptcy Court in Delaware, and either refuse to consider or

---

[2] The withdrawal was jointly filed by both appellees in this matter, the Indenture Trustee and the Debtor.

deny the Stay Motion so as to avoid yet another continuance in a case that already has been delayed for an unwarranted eight years.

Dated: October 5, 2006
Hartford, Connecticut

                    **U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE,**

By    /s Kathleen M. LaManna
      Ira H. Goldman (ct05656)
      Kathleen M. LaManna (ct06740)
      For Shipman & Goodwin LLP
      One Constitution Plaza
      Hartford, CT 06103
      Its Attorneys
      (860) 251-5000

## CERTIFICATION OF SERVICE

This is to certify that on the 5th day of October, 2006 a copy of the foregoing Response and Objection of U.S. Bank National Association, as Indenture Trustee, to United States' Motion to Stay the Delaware Adversary Proceeding was electronically filed via the Court's EDF system which will result in service to parties registered with the ECF system, and for those not served via ECF, was sent via regular first class mail, postage prepaid, to:

Ann M. Nevins, Esq.
Assistant United States Attorney
915 Lafayette Blvd.
Room 309
Bridgeport, CT 06604

Alan Shapiro, Esq.
Peter Sklarew, Esq.
United States Department of Justice
Tax Division
P.O. Box 55
Washington, DC 20044-0055

Patricia Beary, Esq.
Carol Felicetta, Esq.
Assistant United States Trustee
265 Church Street, Suite 1103
New Haven, CT 06501-7016

Daniel H. Golden, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY 10022

Craig I. Lifland, Esq.
Zeisler & Zeisler
558 Clinton Avenue
Bridgeport, CT 06605

Andrew Z. Schwartz, Esq.
Euripides Dalmanieras, Esq
Foley Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

Guy S. Neal, Esq.
Theresa Chan, Esq.
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

    /s Kathleen M. LaManna
    Kathleen M. LaManna