UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br><br>SCOTT CABLE COMMUNICATIONS,<br>Debtor.<br><br>UNITED STATES OF AMERICA,<br>Appellant,<br><br>v.<br><br>SCOTT CABLE COMMUNICATIONS, INC., STATE STREET BANK AND TRUST CO. as Indenture Trustee for certain note holders, and AKIN, GUMP, STRAUSS, HAUER & FELD, LLP,<br>Appellees | No. 3:02-CV-1725 (AWT)<br>Consolidated Bankruptcy Appeals<br>(Bankruptcy Court Case No. 98-51923) |

**RESPONSE OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, TO UNITED STATES' OCTOBER 10, 2006 LETTER TO THE COURT**

U.S. Bank National Association, as Indenture Trustee, (the "Indenture Trustee"), respectfully submits this response to the letter dated October 10, 2006, filed by the United States (the "United States' Letter Brief").

As this Court is no doubt aware, trial in the Adversary Proceeding in the Delaware Bankruptcy Court is scheduled to commence at 9:00 am on Monday, October 16, 2006. The United States' Letter Brief is the latest in a series of attempts by the United States to delay the commencement of the trial.

As a preliminary matter, the Indenture Trustee notes that the letter submitted by the United States, constituting six (6) pages of single spaced briefing setting forth argument on a

variety of issues, many of which are not properly before this court, was not requested or authorized by the Court and should be disregarded and stricken from the record. Specifically, during a status conference on October 6, 2006 (the "October 6 Conference"), this Court agreed to permit the parties to have a follow up call with the Court, indicating that "if there are questions that you want to think about ... I'll be happy to see if I can answer them." (October 6 Conference Transcript, at 5, attached hereto as Exhibit A ("Transcript")). The Court then instructed the United States to "give [defendants] a couple of hours notice of what it is you want to raise on the call." Id., at 6. The Court did not invite the United States to make further argument on the appeal of Judge Shiff's denial of the United States' Motion to Convert the case to a Chapter 7 (the "Conversion Appeal"), to file a reply brief to its improperly filed Motion to Stay the Delaware Adversary Proceeding (and Request for Expedited Hearing) (the "Stay Motion"), or to otherwise take the opportunity to discuss at length the United States' version of the history of the bankruptcy case or the adversary proceeding pending in Delaware. Such filing is not authorized by the federal rules and is inappropriate. The Indenture Trustee requests that this Court disregard the United States' Letter Brief in its entirety, or in the alternative disregard the paragraph on page 1 beginning with "Preliminarily," and all remaining portions of the letter starting on page 2 at the heading, "Our position as to what the Court has overlooked and how it is about to err."

In the event that the Court does not disregard the United States' Letter Brief, the Indenture Trustee will nevertheless address the most blatant mischaracterizations contained therein so that the record is clear.

### Objection to the Appeal of the Motion to Convert

The Appellees in this proceeding, the Indenture Trustee and the Debtor, have briefed and argued their position that the bankruptcy court's decision denying conversion was not an

abuse of discretion and should not be reversed by this Court. The Indenture Trustee incorporates the arguments already set forth by Appellees and refers the Court to the briefs filed by Appellees dated April 22, 2005 and May 18, 2005 (DI# 39 and 46) (the "Appellees' Briefs") for a more thorough discussion of the relevant issues.

The arguments made in the United States' Letter Brief are centered on speculation as to what the government believes Judge Shiff "must have been thinking" when he denied conversion, what the government believes Judge Shiff "felt constrained by," and on what the government believes a Chapter 7 Trustee will do, if appointed. All of the reasons why conversion did not make sense were presented to Judge Shiff by the Defendants thoroughly in both briefs and oral argument. Judge Shiff, as this Court has noted, properly exercised his discretion in deciding not to convert the case. There is no basis on which to now conclude that such informed decision was an abuse of discretion.

Judge Shiff concluded that conversion was not appropriate. As the Appellees have pointed out repeatedly, conversion would not be in the best interests of creditors or the estate, conversion would not promote judicial economy, and conversion of the case and appointment of a Chapter 7 Trustee would serve no legitimate purpose and would only lead to additional delay and cost in this bankruptcy where all that remained was the resolution of an adversary proceeding between an administrative claimant and a secured creditor. Further, it is the appropriate role of the Debtor to defend its own capital structure.

It is undisputed that all that remains of the underlying bankruptcy case is the litigation pending in Delaware between the United States and third party secured creditors. Depending on the outcome of that dispute, the funds remaining in the estate that are the subject of the adversary proceeding, will go either to this class of secured creditors or to pay an administrative tax claim. There is no possibility of a distribution to unsecured creditors.

There are no parties in interest who are not currently involved, directly or indirectly, in the Adversary Proceeding. There is absolutely nothing, consistent with its duties under the Bankruptcy Code, for a Chapter 7 Trustee to do. All of these factors were before Judge Shiff at the time he decided the conversion motion that is the subject of this appeal.

As this Court stated at the status conference held on October 6, 2006, it would be inappropriate to conclude that "it was an abuse of discretion for Judge Schiff [sic] to deny the motion to convert or appoint a trustee in Chapter XI" (Transcript, at 3). This Court should, as it has stated that it will do, affirm the Bankruptcy Court's ruling and deny the Conversion Appeal.

### Objection to the Stay Motion

On October 5, 2006, the Indenture Trustee filed a response and objection to the Stay Motion, which was joined by the Debtor, asserting that, among other things, this Court, sitting as an appellate court on the Conversion Appeal, does not have jurisdiction to entertain such a motion for a stay of an adversary proceeding pending in the United States Bankruptcy Court for the District of Delaware (the "Stay Objection") (DI# 85). The Indenture Trustee will not burden the Court by restating its arguments as to why the Stay Motion is not properly before this Court, but incorporates by reference all of the arguments set forth in the Stay Objection.

In addition to those arguments, it is important to recognize that there are other parties to the Adversary Proceeding, namely Media/Communications Partners, L.P., Milk Street Partners, Inc., Chestnut Street Partners, Inc., TA Investors and Allstate Insurance Company (the "Noteholder Defendants"), who are not parties to this Conversion Appeal. Consideration of whether the trial scheduled to begin in three business days in the Adversary Proceeding should be stayed will directly affect the rights of the Noteholder Defendants.

The Indenture Trustee respectfully submits that it is inappropriate for the Court to entertain a motion to stay an action in the context of an unrelated appeal in an ancillary proceeding, where all the parties to the action are not parties to the appeal.

The Government acknowledges that the withdrawal filed by Appellees is not determinative of the outcome of the Conversion Appeal. Out of an abundance of caution, the Indenture Trustee notes that the withdrawal was filed solely based on representations that the Court made during the May 23, 2006 status conference, and in an effort to expedite a ruling on the Conversion Appeal, so as to avoid further delay. (DI# 79) The withdrawal was not intended to be and was not addressed to the merits of the appeal. As the United States noted on page 6 of the United States' Letter Brief, the withdrawal "does not mean that this Court may reverse the bankruptcy court without actually concluding that it erred." In light of the Court's statements during October 6 Conference, the withdrawal is now moot.

For the reasons stated above and in the Appellees' Briefs and Stay Objection, the Indenture Trustee respectfully requests that this Court: (1) disregard the United States' Letter Brief in its entirety, or alternatively disregard the United States' Letter Brief in part as discussed above; (2) affirm the ruling of Judge Shiff denying the United States' Motion to

Convert; and (3) either refuse to consider or deny the Stay Motion, so that the parties may finally proceed to a resolution of the Adversary Proceeding on the merits.

Dated: October 11, 2006
Hartford, Connecticut

                                          **U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE,**

By    /s Kathleen M. LaManna
      Ira H. Goldman (ct05656)
      Kathleen M. LaManna (ct06740)
      For Shipman & Goodwin LLP
      One Constitution Plaza
      Hartford, CT 06103
      Its Attorneys
      (860) 251-5000

449025

CERTIFICATION OF SERVICE

This is to certify that on the 11th day of October, 2006 a copy of the foregoing Response of U.S. Bank National Association, as Indenture Trustee, to United States' October 10, 2006 Letter to the Court was electronically filed via the Court's EDF system which will result in service to parties registered with the ECF system, and for those not served via ECF, was sent via regular first class mail, postage prepaid, to:

Ann M. Nevins, Esq.
Assistant United States Attorney
915 Lafayette Blvd.
Room 309
Bridgeport, CT 06604

Alan Shapiro, Esq.
Peter Sklarew, Esq.
United States Department of Justice
Tax Division
P.O. Box 55
Washington, DC 20044-0055

Patricia Beary, Esq.
Carol Felicetta, Esq.
Assistant United States Trustee
265 Church Street, Suite 1103
New Haven, CT 06501-7016

Daniel H. Golden, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY 10022

Craig I. Lifland, Esq.
Zeisler & Zeisler
558 Clinton Avenue
Bridgeport, CT 06605

Andrew Z. Schwartz, Esq.
Euripides Dalmanieras, Esq.
Foley Hoag, LLP
155 Seaport Boulevard
Boston, Massachusetts 02210-2600

Guy S. Neal, Esq.
Theresa Chan, Esq.
Sidley Austin LLP
1501 K Street, N.W.
Washington, D.C. 20005

    /s Kathleen M. LaManna
    Kathleen M. LaManna

# Exhibit A

c100606

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x
IN RE:                             No.3:02CV01725(AWT)
    SCOTT CABLE
                                       HARTFORD, CONNECTICUT
                                       OCTOBER 6, 2006
- - - - - - - - - - - - - - - - x

TELEPHONIC STATUS CONFERENCE

BEFORE:

    HON. ALVIN W. THOMPSON, U.S.D.J.

APPEARANCES:

    FOR THE PLAINTIFF:

        AKIN, GUMP, STRAUSS, HAUER & FELD
            590 Madison Avenue
            New York, New York 10022
        BY: SHUBA SATYAPRASAD, ESQ.

    FOR THE APPELLANT:

        U. S. ATTORNEY'S OFFICE
            915 Lafayette Boulevard
            Bridgeport, Connecticut 06604
        BY: ANN M. NEVINS, AUSA
            ALAN SHAPIRO

    FOR THE APPELLEE:

        SHIPMAN & GOODWIN
            One Constitution Plaza
            Hartford, Connecticut 06103
        BY: KATHLEEN M. LAMANNA, ESQ.

                                               Corinna F. Thompson, RPR
                                               Official Court Reporter

☐

                                                                  2

1                       11:01 a.m.

2          THE COURT: Good morning.

c100606

3      MS. NEVINS:  Good morning, Your Honor.
4      THE COURT:  Could I ask everyone to identify
5 themselves for the record.
6      MS. NEVINS:  Yes, Your Honor.  Ann Nevins,
7 assistant United States Attorney for the Internal Revenue
8 Service.
9      MS. LaMANNA:  Kathleen LaManna, Shipman &
10 Goodwin, for U.S. Bank, the indentured trustee.
11      MS. SATYAPRASAD:  Shuba Satyaprasad from Akin,
12 Gump, Strauss, Hauer & Feld on behalf of the debtor.
13      MR. SHAPIRO:  Your Honor, my name is Alan
14 Shapiro.  I'm a trial attorney with the U.S. Department of
15 Justice on behalf of the United States.
16      THE COURT:  I think that's everybody?
17      MS. NEVINS:  Yes, I think that's everyone on the
18 call, Your Honor.
19      THE COURT:  Okay.
20      I haven't read your papers because I was
21 planning to call you this week anyway, and the reason I
22 was planning to call you is that I think you know I have
23 been working on writing up a ruling on the appeal.
24      I think when we talked back in May I expressed
25 that I had concluded that the case should be converted to

3

1 a Chapter VII case and I would be working on an opinion.
2      In the course of working on the opinion, I came
3 across a couple of lines of authority that weren't
4 mentioned in the papers.  One related to the fact that I
5 found it very noteworthy, I'll say, that there was no
6 clear articulation of the reasons for denying the motion
7 to convert or the motion to appoint a trustee in Chapter

c100606

8  XI, and I did do some looking into how do you approach
9  those situations.
10       The second was a line of cases that we came
11 across that were cases where the conflict of interest was
12 addressed by other than converting the case.
13       And to get to the point, I still think that if I
14 had been presented with this particular issue myself, I
15 would have converted the case or appointed a trustee.
16       I really wanted to be absolutely certain on
17 this -- and I am now -- based on the authority I've read,
18 I do not believe that it's appropriate for me to conclude
19 that, notwithstanding the fact that I would have decided
20 it differently, that it was an abuse of discretion for
21 Judge Schiff to deny the motion to convert or appoint a
22 trustee in Chapter XI. And I know that is a complete
23 reversal of my earlier stated conclusion. I apologize for
24 the inconvenience, but it was simply authority I was not
25 aware of at the time I read the papers the first time.

4

1       I don't know whether that would change what you
2  want to discuss today or not, but it seemed to me to be
3  what I ought to focus on. And if there are questions you
4  have or comments, I would be happy to take them.
5       MS. NEVINS: Your Honor, it's Ann Nevins. I
6  have just a preliminary question. This is the first time
7  sort of thinking about this, not realizing this was where
8  you were going today, but is it your intention to remand
9  the case for further findings?
10      THE COURT: I don't believe it's necessary.
11      In the parties' papers I'm told that I can --

Page 3

c100606

12  it's implicit that Judge Schiff knew this, understood
13  this. I think it's also -- I can presume that Judge
14  Schiff was aware of the law in the area of bankruptcy; in
15  fact, probably much more familiar with it than I am.
16          Any other questions?
17          MS. NEVINS:  Alan, do you have any concern or
18  questions at this time?
19          THE COURT:  And I understand that this isn't
20  what you all were expecting, so if there are questions
21  that you want to think about and call in and set up a call
22  next week, I'll be happy to see if I can answer them.
23          MS. NEVINS:  Your Honor, I'd like to take you up
24  on that offer and ask if we could have a continued call
25  with Your Honor on Tuesday. Monday is a holiday, but I'm

                                                        5

1   wondering if you would have time on Tuesday for a
2   continued call. I would like the opportunity to think
3   about this. I do think that the government may have
4   additional request.
5           THE COURT:  Sure. Let me see what my schedule
6   is like on Tuesday. I know I am preparing for two
7   sentencings on Wednesday and I'm actually away this
8   weekend.
9           (Pause)
10          THE COURT:  I do have a change of plea I have to
11  prepare for early afternoon, so it starts at 3:00. I
12  think to be on the safe side we ought to say 4:30 because
13  there's an interpreter.
14          MS. NEVINS:  That would be great, Your Honor.
15  Thank you.
16          THE COURT:  Okay.

Page 4

c100606

17   MS. NEVINS: So we can have a call at 4:30 on
18 Tuesday the 10th.
19   THE COURT: Maybe in order to expedite things so
20 that the other parties are not caught by surprise and are
21 in a position to respond to anything that you might want
22 me to do, maybe you could talk with opposing counsel by --
23 give them at least a couple hours' notice of what it is
24 that you want to raise on the call so they have time to
25 think about it.

6

1   MS. NEVINS: Sure. We could agree to say by
2 noon on Tuesday.
3   THE COURT: You'll give them a heads-up as to
4 what you want to discuss?
5   MS. NEVINS: Yes.
6   THE COURT: And then we'll talk at 4:30.
7   MS. NEVINS: Yes.
8   THE COURT: Okay.
9   MS. NEVINS: Thank you, Your Honor.
10  THE COURT: All right. Hope I haven't made
11 everybody's weekend too interesting.
12      Bye-bye.
13      (Whereupon, a recess followed)
14
15
16
17
18
19
20

Page 5

```
                          c100606
21
22
23
24
25
```

                                                                7

```
 1
 2
 3              C E R T I F I C A T E
 4
 5              IN RE:   SCOTT CABLE
 6                       3:02CV01725(AWT)
 7                       October 6, 2006
 8
 9
10         I, Corinna F. Thompson, RPR, Official Court
11   Reporter for the United States District Court for the
12   District of Connecticut, do hereby certify that the
13   foregoing pages, pages 1 - 6, are a true and accurate
14   transcription of my shorthand notes taken in the
15   aforementioned matter to the best of my skill and ability.
16
17
18
19
20              _____
                    CORINNA F. THOMPSON, RPR
21                     Official Court Reporter
                    450 Main Street, Room #225
22                  Hartford, Connecticut 06103
                          (860) 547-0580
23
24
25
```

c100606

Page 7