UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re:<br><br>SCOTT CABLE COMMUNICATIONS, INC.,<br><br>    Debtor.<br><br>UNITED STATES OF AMERICA,<br><br>    Appellant,<br>  v.<br><br>SCOTT CABLE COMMUNICATIONS, INC.,<br>STATE STREET BANK AND TRUST CO. as<br>Indenture Trustee for certain note holders, and<br>AKIN, GUMP, STRAUSS, HAUER & FELD, LLP,<br><br>    Appellees | No. 3:02-CV-1725 (AWT)<br>(consolidated bankruptcy appeals)<br>(Bankr. Ct. Case No. 98-51923)<br><br><br><br><br><br><br><br><br><br>October 12, 2006 |

**United States Request That Court Take Judicial Notice of Items in
the Bankruptcy Court File (Attached) Demonstrating That One Brand
New Argument in the Intenture Trustee's Surreply (DI# 88) Is
Patently False and Another Brand New Argument Is Misleading**

What the Electronic Order of 10/11/06 treats as the Indenture Trustee's "surreply" (DI# 88) opposing the United States' motion for a stay of the Delaware Trial (DI# 85) contains two brand new arguments and the government briefly asks that the Court take judicial notice of documents in the bankruptcy court's file that demonstrate that one is factually false and other misleading.[1] At the top of page 4, the surreply asserts that "There are no parties in interest who are not currently involved, directly or indirectly, in the Adversary Proceeding" and therefore nothing for a Chapter 7 trustee to do. The United States asks this Court to take judicial notice of the four claims filed by state taxing authorities in the Chapter 11 case (Bkcy Ct. Case No. 98-51923) (copies attached

---

[1] It is with considerable hesitation and reluctance that we file a further paper on the stay issue, but the two arguments could plainly have been included in original response of the Indenture Trustee and we cannot allow the record to be tainted by unrebutted false factual allegations.

- 1 -

hereto) claiming capital gains taxes based on tax returns filed by Scott Cable in which it reported gain from the same sale of assets that generated the larger federal capital gains tax for the 1999 year. These tax claims are, like the IRS's claim, all unsecured claims entitled to administrative priority under 11 U.S.C. § 507(a)(1). They reflect assets sold within the states that filed the claims. The State claims, totaling almost $3.5 million (including only 1999 income taxes and excluding other years or taxes), will share with the IRS, *pro rata*, the $40+ million now in escrow, if a Trustee intervened and prevailed in the Delaware adversary proceeding, or if a the United States prevails, for which we seek the help of any access a Trustee may grant with respect to evidence otherwise protected by the debtor's attorney-client privilege. This is also why the State of Connecticut – the only taxing authority proximate to the Connecticut bankruptcy court – supported the United States' motion to convert the case to Chapter 7. (The Connecticut Department of Revenue's counsel informed the United States that it lacked sufficient resources to participate in this appeal in light of the amount at stake for the State.)

At the bottom of page 4, the surreply asserts that "it is important to recognize that there are other parties to the [Delaware] Adversary Proceeding, namely Media/Communications Partner, L.P., Milk Street Partners, Inc., Chestnut Street Partners, Inc., TA Investors, and Allstate Insurance Company (the 'Noteholder Defendants'), who are not parties to this Conversion Appeal." This is misleading. The United States asks this Court to take judicial notice of the fact that paragraph 5 of the Indenture Trustee's Answer in the adversary proceeding, filed in Connecticut before it was transferred to Delaware (Adv. No. 98-5104 at DI# 11), stated that "The Indenture Trustee admits the allegations of paragraph 5 of the [United States' original] Complaint," and that this paragraph of the Complaint (Adv. No. 98-5104 at DI# 1) stated: "The Defendant, State Street Bank and Trust Company as the Indenture Trustee [since replaced by U.S. Bank National Association], represents the interests of the Holders of the Junior Subordinated Secured PIK Notes, who are classified as

Class 3 claims under the Prepackaged Liquidating Plan of Reorganization filed on October 1, 1998 in this bankruptcy proceeding." Thus, the Indenture Trustee admitted that it represents the interests of the Noteholders, including the ones who intervened in the Delaware adversary proceedings. Indeed, is the Indenture Trustee who filed a prepetition secured claim on behalf of all of the junior PIK note holders. The Noteholder Defendants who intervened in the Delaware adversary proceeding have also had plenty of time to move to intervene in this appeal if they had wished to do so. (We have not attached the Complaint and Answer, but they are readily retrievable by hyperlinks on the Pacer docket.)

KEVIN J. O'CONNOR
United States Attorney

  /s/ Ann M. Nevins
ANN M. NEVINS
Assistant United States Attorney
Federal Bar No. CT06484
915 Lafayette Blvd., Room 309
Bridgeport, CT  06604
(203) 696-3000

PETER SKLAREW
Federal Bar No. CT 17864
U.S. Department of Justice, Tax Div.
P.O. Box 55
Washington, D.C. 20044-0055
(202) 307-6571

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that I have caused the foregoing **United States Request That Court Take Judicial Notice of Items in the Bankruptcy Court File (Attached) Demonstrating That One Brand New Argument in the Intenture Trustee's Surreply (DI# 88) Is False and Another Brand New Argument Is Misleading** to be electronically filed, which will result in automated electronic service, this  12th  day of October, 2006, for the same by the Court's ECF system and, in addition, to the extent any of the following are not indicated as served on the ECF confirmation notices, I will immediate cause them to be served by First Class Mail:

Daniel H. Golden
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY  10022

Craig I. Lifland
Zeisler & Zeisler
558 Clinton Avenue
Bridgeport, CT  06605

Ira Goldman
Shipman & Goodwin
One American Row
Hartford, CT  06103-2819

Patricia Beary
Asst. U.S. Trustee
265 Church Street, Ste. 1103
New Haven, CT  06510-7016

Joan Pilver
Assistant Attorney General
State of Connecticut
55 Elm Street, 5th Floor
Hartford, CT 06141

In addition, courtesy service of a pdf version of this filing is also being made on all counsel in the Delaware adversary proceeding by the following e-mail addresses:

currier@klettrooney.com; dgolden@AkinGump.com; aqureshi@akingump.com; ssatyaprasad@akingump.com; fmonaco@monlaw.com; kmangan@monlaw.com; klamanna@goodwin.com; igoldman@goodwin.com; mpollio@goodwin.com; pbenner@goodwin.com; wbowden@ashby-geddes.com; jhandlon@ashby-geddes.com; gneal@Sidley.com; tchan@sidley.com; vguldi@zuckerman.com; Tmacauley@zuckerman.com; edalmani@foleyhoag.com; AZS@foleyhoag.com;

        /s/ *Ann M. Nevins*
    ANN M. NEVINS
    Assistant U.S. Attorney