UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---

IN RE SCOTT CABLE COMMUNICATIONS, INC.,
   Debtor

---

UNITED STATES OF AMERICA,
   Appellant

v.

SCOTT CABLE COMMUNICATIONS, INC.,
STATE STREET BANK AND TRUST COMPANY,
as Trustee for certain note holders and AKIN, GUMP,
STRAUSS, HAUER & FELD, LLP,
   Appellees

No. 3:02-CV-1725 (AWT)
Consolidated Bankruptcy Appeals
(Bankruptcy Court Case No. 98-51923)

---

**OBJECTION OF U.S. BANK NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE, TO MOTION OF UNITED STATES, PURSUANT TO
RULE 8015, (1) FOR PARTIAL REHEARING ON CASH COLLATERAL AND FEES
(TO CONSIDER IF A REMAND MAY BE FUTILE, AND, IF NOT, TO CLARIFY OR
EXPAND ITS SCOPE), AND (2) FOR REHEARING ON CONVERSION (TO
CONSIDER REQUIRING THE BANKRUPTCY COURT TO RE-EXERCISE ITS
DISCRETION, FREED FROM ITS INCORRECT BELIEF THAT IT WAS
PRECLUDED FROM WEIGHING AN IMPORTANT FACTOR)**

U.S. Bank National Association, successor to State Street Bank and Trust Company, as Indenture Trustee (the "Indenture Trustee" or "U.S. Bank") for the 16% Junior Subordinated Secured PIK Notes (the "Junior Secured Notes") in the above matter, by and through its undersigned counsel, hereby submits this objection to the Motion of United States, Pursuant to Rule 8015, (1) for Partial Rehearing on Cash Collateral and Fees (to

Consider if a Remand May be Futile and, If Not, to Clarify or Expand Its Scope), and (2) for Rehearing on Conversion (to Consider Requiring the Bankruptcy Court to Re-Exercise Its Discretion, Freed From Its Incorrect Belief that It Was Precluded from Weighing an Important Factor) (the "Rehearing Motion").

The Indenture Trustee will focus primarily in this Objection on the aspects of the Rehearing Motion pertaining to the Conversion Appeal. The other Appellees will be filing a separate objection which will focus on the Cash Collateral Appeal. The Indenture Trustee also joins in the Objection of the other Appellees. However, as will be discussed below, the Indenture Trustee also specifically objects, in the context of the Cash Collateral Appeal, to the government's attempt to seek a litigation advantage by improperly asking this Court to rule on matters that are not before it.

By its Rehearing Motion, the government is asking this Court to reconsider a clear and concise Opinion and Order it issued in connection with affirming the Connecticut Bankruptcy Court's denial of conversion. The Court's reasoned Opinion and Order reflected a thorough review of the record before it, including the arguments made by the parties. The Rehearing Motion is merely a lengthy, convoluted recanting of the arguments the government previously made in this appeal, and an attempt to acquire an adversary proceeding advantage over the Indenture Trustee and the intervenor-noteholders, who are defendants in the adversary proceeding pending in the United States Bankruptcy Court for the District of Delaware (the "Adversary Proceeding"). Since the government fails to satisfy the standard for rehearing, this Court should deny the Rehearing Motion.

**Background**

Instead of restating the factual and procedural background of this matter in its entirety, the Indenture Trustee relies in part on the Factual and Procedural Background summarized in the Court's Opinion and Order dated September 7, 2007 (the "Opinion and Order").[1] In addition thereto, the Indenture Trustee respectfully states as follows:

On September 7, 2007, this Court issued its Opinion and Order in which it, *inter alia*, affirmed the Connecticut Bankruptcy Court's decision denying conversion. On September 17, 2007, the United States filed the instant 32-page, rambling Rehearing Motion.

In April and May, 2006, the parties submitted their appellate briefs. Specifically, On April 7, 2005, the United States filed the 72-page Appellant's Brief addressing every aspect of the subject appeal. (Docket No. 35) On June 10, 2005, the government filed the 36-page Appellant's Reply Brief (Docket No. 55) (the "Reply Brief").

On October 6, 2006, the Court held a status conference in which it announced its decision to affirm the denial of conversion. On October 10, 2006, the government filed a 6-page single-spaced letter with the Court (Docket No. 87) in which it argued various points with respect to the denial of conversion (the "Letter Brief"). During a status conference

---

[1] The Indenture Trustee notes that there is one factual misstatement in this Court's description of the Factual and Procedural Background of this case. On page 2 of the Opinion and Order, the Court mentions that "certain shareholders of the debtor exchanged unsecured notes for Junior Subordinated Secured Payment in Kind Notes ('Jr. Secured Notes')." The parties receiving the Jr. Secured Notes were in fact creditors of the Debtor. Indeed, their status as creditors is one of the key issues in the Adversary Proceeding. To the extent that the Indenture Trustee relies on the Court's Procedural and Factual Background herein, the Indenture Trustee is not conceding that the entities receiving Jr. Secured Notes were anything but creditors of the Debtor.

with the Court that same day, the government reiterated those arguments. Thereafter, the Indenture Trustee and Debtor filed responses to the Letter Brief. (Docket Nos. 88, 91)

On October 16, 2006, trial on the merits of the Adversary Proceeding commenced in the Delaware Bankruptcy Court. Since that day, at least thirty-seven (37) days of trial have been held, with closing arguments heard on June 22, 2007. The parties are currently engaged in the process of drafting post-trial briefs and proposed findings of fact and conclusions of law. The first round of submissions is due on October 19, 2007. Thus, we are finally nearing the point at which we will receive a decision on the merits regarding the appropriate distribution of the Debtor's estate.

**Argument**

Federal Rule of Bankruptcy Procedure 8015[2] provides the procedure for filing a motion for rehearing when a district court has acted as an appellate court in a bankruptcy case. J.P. Morgan Sec. v. Spiegel Creditor Trust (In re Spiegel, Inc.), 06-CV-13477, 2007 U.S. Dist. LEXIS 62303, *3 (S.D.N.Y. Aug. 21, 2007). In an effort to "avoid repetitive arguments on issues that have already been fully considered by the Court," the standard for granting a motion for rehearing is especially stringent in the Second Circuit. 47-49 Charles Street, Inc. v. Pereira, 95 Civ. 9537, 1997 U.S. Dist. LEXIS 121, at *4 (S.D.N.Y. Jan. 10,

---

[2] Rule 8015 provides,
  Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment. Fed. R. Bankr. P. 8015.

1997) (quoting New York News, Inc. v. Newspaper & Mail Deliverers' Union of New York, 139 F.R.D. 294, 294-95 (S.D.N.Y. 1991)).

The standard for granting a motion for rehearing is not set out within Rule 8015 itself. However, the notes to the rule "direct attention to Rule 40 of the Federal Rules of Appellate Procedure... ," for guidance in deciphering the standard. In re Spiegel, 2007 U.S. Dist. LEXIS 62303, at *3 (quoting Oren v. Kass, 04-CV-4297, 2005 U.S. Dist. LEXIS 25965, at *2 (E.D.N.Y. Nov. 1, 2005).). Rule 40 requires the petitioner to "state with particularity the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended ... ." Fed. R. App. P. 40(a). It is not a mechanism to rehash arguments already presented to and considered by the Court.

The purpose of a motion for rehearing is "to direct the court's attention to some material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." In re Spiegel, 2007 U.S. Dist. LEXIS 62303, at *4 (quoting State of New York v. Sokol, 94-CV-7392, 1996 U.S. Dist. LEXIS 10812, at *4 (S.D.N.Y. Jul. 31, 1996)). As a result, "the function of a petition for rehearing is not to permit the petitioner to reargue his case; to attempt to do so would be an abuse of the privilege of making such a petition." In re Spiegel, 2007 U.S. Dist. LEXIS 62303, at *4 (quoting Sokol, 1996 U.S. Dist. LEXIS 10812, at *4). Indeed, Courts have denied rehearing motions that do nothing more than recant arguments previously made. See e.g., In re Apponline.com, Inc. et al., 321 B.R. 614, 627 (E.D.N.Y 2004). Furthermore, since rehearing is only appropriate in the case of an

overlooked material matter of law or fact, new arguments and the existence of new evidence are not valid bases for relief under a Rule 8015 motion for rehearing. In re Spiegel, 2007 U.S. Dist. LEXIS 62303, at *4.

The arguments raised in the Rehearing Motion were not misapprehended or overlooked by the Court. The Court issued a clear and concise Opinion and Order on September 7, 2007, in which it thoroughly reviewed the record before it, including the arguments made by the parties. The arguments made in the Rehearing Motion were expressly before this Court when it issued its Opinion and Order. The government made all of the arguments contained in the Rehearing Motion in its Reply Brief and Letter Brief. In fact, the government's Rehearing Motion largely parallels the Reply Brief and Letter Brief. Specifically, on pages 2 and 3 of the Letter Brief, the government argued that Judge Shiff's conclusions regarding the preclusive effect of the intervention order were wrong as a matter of law, and that as a result, Judge Shiff failed to exercise discretion when he denied conversion. Cf., Rehearing Motion at Part II.A. Likewise, on pages 3 and 4 of the Letter Brief, the government argued that no remedy other than conversion would have ameliorated the government's concerns. Cf., Rehearing Motion at Part II.B. Finally, on pages 10 through 16 of the Reply Brief, the government essentially argued that expense and disruption were not real concerns. Cf., Rehearing Motion at Part II.C. These are the very arguments that the government relies on in the Rehearing Motion.

As indicated in the Opinion and Order, this Court considered all of the relevant facts and came to a reasoned and clear conclusion which was then embodied in the Opinion and

Order. Despite its conclusory allegations, the government has not and cannot meet the stringent requirements of showing that this Court misapprehended or failed to consider material facts or law, as they must do to prevail on a motion for rehearing under Rule 8015, especially when the government made all of the identical arguments in prior pleadings in this Appeal.

Moreover, to the extent that the government raises new arguments in its Rehearing Motion, this Court should not entertain those arguments. Any arguments the government could have made, if they were not made in the first instance, have been waived. It is not permitted to make new arguments in a Rehearing Motion, and this Court should not indulge the government by permitting such arguments.

The government argues many disjointed and seemingly irrelevant issues in its Rehearing Motion. It is clear from the references scattered throughout the Rehearing Motion that the government is attempting to gain an advantage in the Adversary Proceeding by having this Court issue an advisory opinion on issues that are not properly before the Court, which is sitting in an appellate role on a fee application and a conversion motion. This is not the forum for the government to argue the merits of the causes of action in its Amended Complaint. The issues regarding the evidence available to the government, and the effect of the 1996 confirmation order are properly before the trial court in Delaware, who has had the benefit of thirty-seven (37) days of trial on the merits, has heard testimony and argument that fill thousands of pages of transcript, and has before it hundreds of exhibits.

For the reasons set forth herein and those contained in the other Appellees' objection, this Court should enter an order denying the Rehearing Motion in its entirety.

Dated: October 9, 2007
Hartford, Connecticut

                         **U.S. BANK NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE,**

                         By   /s/ Kathleen M. LaManna
                             Ira H. Goldman (ct05656)
                             Kathleen M. LaManna (ct06740)
                             Marie C. Pollio (ct26644)
                             For Shipman & Goodwin LLP
                             One Constitution Plaza
                             Hartford, CT  06103
                             (860) 251-5000

                             Its Attorneys

484782 v.03

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Objection of U.S. Bank National Association, as Indenture Trustee, was served via the Court's ECF system on the 9th day of October, 2007.

Daniel Golden, Esq.
Mitchell Hurley, Esq.
Shuba Satyaprasad, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY 10022

Peter Sklarew, Esq.
Alan M. Shapiro, Esq.
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station,
Washington, DC 20044

　　　　　　　　　　　　　　　　　　/s/    Kathleen M. LaManna