## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| In re | : Chapter 11 |
| SCOTT CABLE COMMUNICATIONS, INC. | : Case No. 3:02-CV-1725 (AWT) |
| d/b/a AMERICAN CABLE ENTERTAINMENT, | : (consolidated bankruptcy appeals Bankr. Ct. Case No. 98-51923) |
| Debtor. | : |
| UNITED STATES, | : |
| Appellant, | : |
| v. | : |
| SCOTT CABLE COMMUNICATIONS, INC., STATE STREET BANK AND TRUST CO. as Indenture Trustee for certain note holders, and AKIN GUMP STRAUSS HAUER & FELD LLP, | : |
| Appellees. | : |

---

**OBJECTION OF APPELLEES SCOTT CABLE COMMUNICATIONS, INC. AND AKIN GUMP STRAUSS HAUER & FELD LLP TO THE GOVERNMENT'S MOTION FOR REHEARING**

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Daniel H. Golden
Mitchell Hurley
Sunish Gulati
590 Madison Avenue
New York, New York 10022
Telephone (212) 872-1000
Facsimile (212) 872-1001

Attorneys for Appellees

SCOTT CABLE COMMUNICATIONS, INC. AND
AKIN GUMP STRAUSS HAUER & FELD LLP

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...........................................................................................................1

SUMMARY OF ARGUMENT ...........................................................................................................1

DISCUSSION ......................................................................................................................................1

    I.    THE REHEARING MOTION FAILS TO PRESENT ANY NEW ARGUMENTS OR MATTERS OF FACT OF ANY KIND. ...................................2

    II.   THE REHEARING MOTION DOES NOT DEMONSTRATE THAT THE COURT'S DECISION WAS CLEARLY ERRONEOUS ........................................4

CONCLUSION ....................................................................................................................................7

## TABLE OF AUTHORITIES

**Page**

**CASES**

*In re Appononlie.com Inc. et al.*, 321 B.R. 614, 627 (E.D.N.Y. 2004) ........................................... 2

*Bernheim v. Damon and Morey, LLP*,
 No. 06-3386-BK, 2007 WL 1858292, (2nd Cir. June 28 2007) .................................................. 5

*Charles Street, Inc. v. Pereira*, No. 95 Civ, 9537, 1997 U.S. Dist. LEXIS 121 (S.D.N.Y. 1997)... 2

*Hansen, Jones & Leta, P.C. v. Segal*, 220 B.R. 434 (D.Utah 1998) ................................................ 5

*In re Garrison Liquors, Inc.*, 108 B.R. 561 (Bankr. D. Md. 1989) .................................................. 6

*In re Spiegel*, Inc., No. 03-11540, 2007 WL 2609966 (S.D.N.Y. August 22, 2007) ....................... 1

*Sokol v. Sokol*, No. 94-7372, 1995 WL 317315 (S.D.N.Y. May 25, 1995) .................................... 3

*United States v. Wiles*, 106 F.3d 1516 (10th Cir. 1997) ................................................................. 2

*United States v. Molina- Tarazon*, 285 F.3d 807 (9th Cir. 2002) ................................................... 1

*United States v. State Street Bank*,
 No. A-01-04605, 2002 WL 417013 (Bankr. D. Del. March 4, 2002) ......................................... 3

*Westcot Corp. v. Edo Corp.*, 857 F.2d 1387 (10th Cir. 1988) ........................................................ 2

**STATUTES**

11 U.S.C. § 327 ................................................................................................................................ 5

11 U.S.C. § 330 ................................................................................................................................ 4

**RULES**

2d Cir. R. 40(c) ................................................................................................................................ 2

Fed. R. App. P. 40 ........................................................................................................................... 1

Fed. R. Bankr. P. 8015 .................................................................................................................... 1

Appellees Scott Cable Communications, Inc. and Akin Gump Strauss Hauer & Feld LLP respectfully submit this memorandum of law in opposition to the motion of the United States (the "Government'), pursuant to Rule 8015, for partial rehearing on cash collateral and fees issues, and for rehearing on the conversion issue ("Rehearing Motion").

## SUMMARY OF ARGUMENT

In its thirty-two page memo of law, the Government does not even bother to recite, much less satisfy, the standard for granting a motion for re-argument under Bankruptcy Rule 8015. Under that standard, the *only* issue to be determined on a Rule 8015 motion is whether the moving party has provided the court with any overlooked facts or arguments demonstrating that the court's decision was clearly erroneous. Here, the facts and arguments relied upon by the Government in its motion (i) were not overlooked and (ii) do not demonstrate the court's decision was erroneous. As such, the Government's motion must be denied.

## DISCUSSION

Motions for rehearing pursuant to Bankruptcy Rule 8015 are reviewed under the standard set forth in Rule 40 of the Federal Rules of Appellate Procedure. *See e.g.*, *In re Spiegel*, Inc., No. 03-11540, 2007 WL 2609966, at *1 (S.D.N.Y. August 22, 2007). The purpose of a Rule 8015 motion is thus "to direct the court's attention to some material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." *Id.* at *2. Parties should not attempt to use motions for rehearing "to reargue [their] case; to attempt to do so would be an abuse of the privilege of making such a [motion]." *Id.* A motion for rehearing "is not a brief on the merits. It need not, and should not, repeat arguments previously made in the briefs nor rehearse facts discussed in the opinion." *United States v. Molina- Tarazon*, 285 F.3d 807, 808 (9th Cir. 2002).

A motion for rehearing "must not be regarded by the practicing bar as another pleading which should be filed by the losing side in every appeal. This canon is particularly true when the petition consists of evidence not presented in the appeal or the equivalent of a restatement of arguments presented in the brief. . . . [R]eiteration of previously rejected legal theories will not prompt a change of mind." *Westcot Corp. v. Edo Corp.*, 857 F.2d 1387, 1388 (10th Cir. 1988); see also *United States. v. Wiles*, 106 F.3d 1516, 1517 (10th Cir. 1997). (rehearing motions which simply consist of a restatement of arguments already presented on appeal are without merit). In the Second Circuit the standard for granting a motion for rehearing is particularly high. *See Charles Street, Inc. v. Pereira*, No. 95 Civ, 9537, 1997 U.S. Dist. LEXIS 121, at *1 (S.D.N.Y. 1997) (parties must "avoid repetitive arguments on issues that have been fully considered by the Court."); see also *In re Appononlie.com Inc. et al.*, 321 B.R. 614, 627 (E.D.N.Y. 2004) (denying rehearing motion that simply rehashed arguments previously made). Indeed this Circuit's own rules provides for sanctions where petitions for rehearing are found to be "without merit, vexatious, and for delay." 2d Cir. R. 40(c). As discussed below, the Government has failed to satisfy the standards for a re-hearing and its motion must be denied.[1]

### I.  THE REHEARING MOTION FAILS TO PRESENT ANY NEW ARGUMENTS OR MATTERS OF FACT OF ANY KIND

Far from hewing to the standard supplied by Bankruptcy Rule 8015 and FRAP 40, the Government's motion for re-argument does not direct the court to any overlooked facts or arguments. Indeed, the Government expressly *admits* in its papers – and even in some of its point headings – that the arguments presented in the Rehearing Motion are recycled directly from

---

[1] In an effort to avoid duplicative submissions, this memorandum of law addresses only the Government's arguments with respect to the cash collateral order. With respect to the conversion issue, Debtor joins in full in the arguments presented by U.S. Bank National Association, successor to State Street Bank and Trust Company, as Indenture Trustee, in its brief of even date hereof, which are incorporated by reference herein.

previous submissions by the Government to this court, and identifies no credible basis for claiming that the Court "overlooked" any of those arguments, all of which were prominently featured in the Government's exhaustive prior submissions.

In its March 4, 2002, decision, the Delaware Bankruptcy Court held that the Debtor had "a fiduciary duty" to ensure that the estates' assets be distributed in their proper legal and equitable priorities, and an interest in preventing a disruption of the Debtor's capital structure, and thus granted the Debtor's motion to intervene in the adversary proceeding commenced by the Government on November 19, 1998 *United States v. State Street Bank*, No. A-01-04605, 2002 WL 417013, at *3 (Bankr. D. Del. March 4, 2002). The Government argues at great length that this finding of the Delaware Bankruptcy Court is not the "law of the case" and can have no preclusive effect of any kind with respect to the cash collateral application or, presumably, any other issue presented to the Court.

The Government's argument is patently incorrect. However, the Court need not address the putative merits of the Government's contentions in connection with this motion, because they are nothing more than a rehash of arguments made to this court *ad nauseam* already in connection with this appeal. Indeed, it appears that much of the Government's motion for rehearing has simply been copied from its prior submissions to the Court. *See* IRS Appeal Br. at 32-33, 44-45, 56-60; IRS Reply Br. at 16-24; Letter Brief at 2-5. Since, nothing in this Court's Order indicates that the Court "misapprehended" or "overlooked" these arguments, and because the Government directs this Court to no new matters of fact, legal arguments or authorities which demonstrate that the Court's decision was clearly erroneous, re-argument must be denied. *Sokol v. Sokol*, No. 94-7372, 1995 WL 317315, at *1 (S.D.N.Y. May 25, 1995) ("The *only* issue on a Bankruptcy Rule 8015 motion is 'whether the [movant] has provided the court with any *new*

3

facts or arguments demonstrating that the [] court's decision was clearly erroneous.'") (emphasis added)).

## II  THE REHEARING MOTION DOES NOT DEMONSTRATE THAT THE COURT'S DECISION WAS CLEARLY ERRONEOUS

Even if the Rehearing Motion were based on "overlooked" or "misapprehended" facts or arguments – and it is based on neither – the relief sought still would have to be denied, because the arguments set forth in the Rehearing Motion are fatally flawed, and therefore would not have changed the outcome of the appeal.

In the Rehearing Motion, the Government insists that "the Court's decision is ambiguous" as to whether or not the Delaware Bankruptcy Court's un-appealed holdings in March, 2002 established the law of the case. Rehearing Motion at 12. In fact, the Court's ruling was not ambiguous on this point at all, and did not in no way suggest that the Government can now collaterally attack the Delaware Bankruptcy Court's findings that (i) the Debtor has a fiduciary obligation to ensure that its assets are distributed in accordance with legal and equitable principals and (ii) the Debtor has an interest in protecting the capital structure established in the 1996 bankruptcy, and thus an interest in participating in the adversary proceeding  Indeed, it would be manifestly unfair to allow such a collateral attack some 5 1/2 years after the Delaware Bankruptcy Court rendered its decision, and after the Debtor incurred substantial expenses in deference to, and in reliance upon, that decision.

Rather, this Court remanded to permit the Bankruptcy Court to make the "express finding" required by the statute that the specific legal standard for granting a cash collateral application has been met. The Government's contention that "the specific restrictions on compensating counsel for a debtor in possession under § 330 negate, as a matter of law, any possibility of a legitimate business reason to authorize the use of estate money" in this case is

4

clearly wrong. It is the law of this case that the Debtor has an interest in protecting its capital structure and in exercising its fiduciary duties, and that these interests were not adequately represented by the Government and the Indenture Trustee in the adversary proceeding. Accordingly, the cash collateral stipulation proposed in good faith a litigation budget for the adversary proceeding in reliance on Judge Walsh's holding that the Debtor has an affirmative fiduciary duty to and interest in intervening in the adversary proceeding. Judge Walsh's holding contemplates that the Debtor would employ counsel to assist it in carrying out these duties, and payment of attorneys' fees for services performed in accordance with this holding would certainly not be "contrary to the interests of the estate." *C.f.* § 327 (a debtor-in-possession is entitled to "employ one or more attorneys. . . or other professional persons" to assist it in carrying out its duties).

Nothing in this Court's Order questions the Debtor's duty to intervene in the adversary proceeding and there is simply no reason to re-litigate the issues of whether the Debtor has an interest in protecting its capital structure and negotiated plan or reorganization, or a fiduciary duty to oppose claims by certain creditors which seek to undermine the priority position of other creditors. These issues have long been decided. It has likewise been decided that the Debtor is capable of exercising its fiduciary duties notwithstanding the alleged conflict of interest, and in any event it is clear that neither this alleged conflict of interest nor any incidental benefit conferred on corporate insiders requires a court to deny legal fees. *See Bernheim v. Damon and Morey, LLP*, No. 06-3386-BK, 2007 WL 1858292, at *1 (2nd Cir. June 28 2007) ("The fact that [Debtor's counsel] admitted to having labored temporarily under one of the conflicts alleged by the Debtor. . . . does not require the court to deny legal fees or disgorge previously paid fees in all cases"); *Hansen, Jones & Leta, P.C. v. Segal*, 220 B.R. 434, 467 (D.Utah 1998) ("[A] finding

5

of no benefit to the estate [from counsel's services] should be because of over-litigation of futile or hopeless positions, rather than because the positions taken would benefit the ownership interest as such."); *In re Garrison Liquors, Inc.*, 108 B.R. 561, 564 (Bankr. D. Md. 1989). ("The fact that some services provided by the law firm conferred an incidental benefit upon the corporate insiders is not a sufficient basis to deny counsel compensation so long as the actual services conferred a direct benefit upon the debtor and appeared to be reasonable and necessary at the time they were performed.").[2]

For the past five years the Debtor has relied on Judge Walsh's finding that it has an affirmative fiduciary duty to intervene in the adversary proceeding, and has acted according by attempting to preserve as much of the estate as possible for the benefit of its rightful creditors. Nothing in this Court's order is inconsistent with this finding, and it would be unfair to now hold that the Debtor somehow has no interest in protecting its capital structure or that it does not have any fiduciary duty to intervene in the adversary proceeding. Accordingly the motion for rehearing should be denied.

---

[2] As explained in Appellees' Brief of Scott Cable Communications, Inc. and Akin Gump Strauss Hauer & Feld LLP, dated May 17, 2005 ("May 15 2005 Br.") (docket no. 46), the Debtor's management "was intentionally given an interest in any recovery for the Junior Secured PIK Note Holders in connection with the Debtor's first case in order to induce management to maximize the enterprise value of the Debtor's businesses and, thereby, the recovery for creditors upon a sale of the Debtor's assets, which is a fairly typical arrangement in chapter 11 cases." May 15, 2005 Br. at 30.

6

## **CONCLUSION**

For the foregoing reasons, the Court should deny the Government's Motion for Rehearing.

Dated: New York, New York
October 9, 2007

AKIN GUMP STRAUSS HAUER & FELD LLP

_____
Daniel H. Golden
Mitchell Hurley
Sunish Gulati
590 Madison Avenue
New York, New York  10022
(212) 872-1000

-and-

ZEISLER & ZEISLER P.C.
Craig Lifland
558 Clinton Avenue
Bridgeport, CT 06605
(203) 368-4234

Co-Counsel to the Debtor

7

**Certificate of Service**

  IT IS CERTIFIED that on October 9, 2007 a copy of the foregoing Objection Of Appellees Scott Cable Communications, Inc. and Akin Gump Strauss Hauer & Feld LLP to the Government's Motion For Rehearing was filed electronically and served via the Court's ECF system on the following:

Ira Goldman
Kathleen M. LaManna
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

Patricia Beary
Asst. U.S. Trustee
265 Church Street, Ste. 1103
New Haven, CT 06510-7016

Joan Pilver
Assistant Attorney General
State of Connecticut
55 Elm Street, 5th Floor
Hartford, CT 06141

Peter Sklarew
United States Department of Justice
Tax Division
P.O. Box 55
Washington, D.C. 20044

Ann M. Nevins
U.S. Attorney's Office-BPT
915 Lafayette Blvd. Room 309
Bridgeport, CT 06604

                 /s/ Craig I. Lifland
                 Craig I. Lifland, Esq.