UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---

IN RE SCOTT CABLE COMMUNICATIONS, INC.,
    Debtor

---

UNITED STATES OF AMERICA,
    Appellant

v.

SCOTT CABLE COMMUNICATIONS, INC.,
STATE STREET BANK AND TRUST COMPANY,
as Trustee for certain note holders and **AKIN, GUMP,
STRAUSS, HAUER & FELD, LLP,**
    Appellees

No. 3:02-CV-1725 (AWT)
Consolidated Bankruptcy Appeals
(Bankruptcy Court Case No.
98-51923)

---

### REQUEST OF APPELLEE U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, TO FILE SUR-REPLY IN CONNECTION WITH UNITED STATES' MOTION FOR REHEARING

U.S. Bank National Association, successor to State Street Bank and Trust

Company, as Indenture Trustee (the "Indenture Trustee" or "U.S. Bank") for the 16%

Junior Subordinated Secured PIK Notes (the "Junior Secured Notes") and an appellee in

the above matter, by and through its undersigned counsel, hereby respectfully submits

this request to file a sur-reply, in the form attached, to the *United States' Letter Reply on*

*Rule 8015 Motion, With Request for Judicial Notice (and Suggestion for Telephonic*

*Argument) dated October 22, 2007* (the "Letter Reply"). This matter relates to the

*Motion of United States, Pursuant to Rule 8015, (1) for Partial Rehearing on Cash*

*Collateral and Fees (to Consider if a Remand May be Futile and, If Not, to Clarify or*

*Expand Its Scope), and (2) for Rehearing on Conversion (to Consider Requiring the*

1

*Bankruptcy Court to Re-Exercise Its Discretion, Freed From Its Incorrect Belief that It Was Precluded from Weighing an Important Factor)* (the "<u>Rehearing Motion</u>").

As explained more fully in the attached proposed Sur-Reply, the United States' Letter Reply is an inappropriate attempt to reargue issues already addressed at length in the government's initial papers, and to burden this Court with other extraneous issues more appropriately addressed by the Delaware Bankruptcy Court which has now presided over thirty-seven trial days devoted to the government's case on the merits. The Sur-Reply is not an effort to address the myriad of issues argued and reargued in the government's Letter Reply, but rather is intended to simply respond to the inappropriate nature of the Letter Reply.

WHEREFORE, U.S. Bank respectfully requests that the Court accept the attached Sur-Reply to the United States' Letter Reply.

Dated: November 5, 2007
Hartford, Connecticut

**U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE,**


By    <u>/s/ Kathleen M. LaManna</u>
       Ira H. Goldman (ct05656)
       Kathleen M. LaManna (ct06740)
       Marie C. Pollio (ct26644)
       For Shipman & Goodwin LLP
       One Constitution Plaza
       Hartford, CT  06103
       (860) 251-5000

       Its Attorneys

488477 v.03 S1

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Request of U.S. Bank National Association, as Indenture Trustee, was filed with the Court's ECF system which will result in service to all parties entitled thereto on the 5th day of November, 2007.

Daniel Golden, Esq.
Mitchell Hurley, Esq.
Shuba Satyaprasad, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY 10022

Peter Sklarew, Esq.
Alan M. Shapiro, Esq.
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station,
Washington, DC 20044

_/s/___ Kathleen M. LaManna_____

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---

IN RE SCOTT CABLE COMMUNICATIONS, INC.,
    Debtor

---

UNITED STATES OF AMERICA,
    Appellant

v.

SCOTT CABLE COMMUNICATIONS, INC.,
STATE STREET BANK AND TRUST COMPANY,
as Trustee for certain note holders and AKIN, GUMP,
STRAUSS, HAUER & FELD, LLP,
    Appellees

No. 3:02-CV-1725 (AWT)
Consolidated Bankruptcy Appeals
(Bankruptcy Court Case No.
98-51923)

---

SUR-REPLY OF U.S. BANK NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE TO UNITED STATES' MOTION FOR REHEARING

U.S. Bank National Association, successor to State Street Bank and Trust

Company, as Indenture Trustee (the "Indenture Trustee" or "U.S. Bank") for the 16%

Junior Subordinated Secured PIK Notes (the "Junior Secured Notes") and an Appellee in

the above matter, by and through its undersigned counsel, hereby respectfully submits

this Sur-reply to the *United States' Letter Reply on Rule 8015 Motion, With Request for*

*Judicial Notice (and Suggestion for Telephonic Argument)* dated October 22, 2007 (the

"Letter Reply").

      The United States' Letter Reply is no "reply" at all. It is an unabashed attempt

i) to reargue issues already addressed in the government's motion for rehearing, and (ii)

1

to raise other substantive matters relating to the trial on the government's underlying action on the merits pending before the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), which matters are not determinative of this Court's Order that is the subject of the Rehearing Motion. The Motion before this Court is the United States' motion for rehearing challenging this Court's Order on appeal of the trial court's denial of conversion and approval of a cash collateral stipulation (the "Rehearing Motion"). Rather than focus on the issue raised by that Rehearing Motion, the Letter Reply seeks to have this Court instead opine on issues going to the merits of its equitable subordination and recharacterization causes of action and defenses thereto that are properly pending before the Delaware Bankruptcy Court.

Moreover, the Letter Reply, which was filed as a response to Appellees' Objections to the Rehearing Motion ("Appellees' Objections"), does not relate to Appellees' Objections. Rather than reply to the issues raised in Appellees' Objections, the Letter Reply addresses arguments made by the Defendants in their post-trial briefs filed in the adversary proceeding pending in the Delaware Bankruptcy Court (the "Adversary Proceeding") and argues the United States' position on such issues at length. In so doing, the government is attempting to have this Court address substantive matters relating to the causes of action brought in the Adversary Proceeding and that are currently pending before the Delaware Bankruptcy Court. The United States apparently seeks a ruling on issues not before this Court in the hope that such a ruling, if obtained, might be of some advantage to it in the trial on the merits. These issues – such as defenses to equitable subordination raised in the Adversary Proceeding, or the evidence available to the government – are more properly addressed by the Court in Delaware which has had

2

the benefit of thirty-seven (37) days of trial on the merits, has heard testimony and argument that fill thousands of pages of transcript, has admitted hundreds of exhibits, has before it 2,689 proposed findings of fact, 558 proposed conclusions of law, and post-trial briefing that occupies in excess of 405 pages[1], and is now finally poised to render a decision on the merits of the causes of action that took ten (10) years to get to trial.

The Indenture Trustee will not burden this Court with argument on the myriad of tangential issues that the United States raised in its Letter Reply. To the extent this Court believes that such argument is necessary or helpful on any of these issues, the Indenture Trustee will be happy to address such issues substantively. This Sur-reply is intended, however, to simply point out the deficiencies in the government's Letter Reply and the inappropriate nature of its contents in the context of the pending Rehearing Motion.

The standards for rehearing are thoroughly addressed in Appellees' Objections and the Indenture Trustee will not reiterate the legal standards in depth here. Rehearing is not an opportunity to recant what was previously presented to the Court or for simply "another bite at the apple." Rehearing is also not an opportunity to raise issues not before the Court for the purpose of seeking some advantage in a matter pending before another court.

In its seven-page single-spaced letter submission, which if filed in pleading form we estimate would have exceeded 15 pages, the United States blatantly reargues matters already thoroughly addressed in its original motion and rehearing papers and in this Court's Order that is the subject of the rehearing motion. In addition, the Letter Reply constitutes a further tirade on various new matters i) not discussed in the Appellees'

---

[1] The United States' submissions occupy 476 pages with 1 ½ spaces between lines, while the defendants' combined submissions occupy 405 pages.

Objections to the Rehearing Motion and ii) not directly relating to the Order that is the subject of the Rehearing Motion. Such pleading is inappropriate and should be treated accordingly.

For the reasons set forth herein and in the Appellees' Objections to the Rehearing Motion, this Court should enter an order denying the Rehearing Motion in its entirety. The Indenture Trustee does not believe that oral argument or further burden on this Court is necessary on the Rehearing Motion, but the Indenture Trustee will be available for argument to the extent this Court deems it necessary or helpful.

Dated:  November 5, 2007
Hartford, Connecticut

**U.S. BANK NATIONAL
ASSOCIATION, AS INDENTURE
TRUSTEE,**


By ___/s/ Kathleen M. LaManna___
    Ira H. Goldman (ct05656)
    Kathleen M. LaManna (ct06740)
    Marie C. Pollio (ct26644)
    For Shipman & Goodwin LLP
    One Constitution Plaza
    Hartford, CT  06103
    (860) 251-5000

    Its Attorneys

488477 v.03 S2

4

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Sur-reply of U.S. Bank National Association, as Indenture Trustee, was filed via the Court's ECF system which will result in service on all parties entitled thereto on the 5th day of November, 2007.

Daniel Golden, Esq.
Mitchell Hurley, Esq.
Shuba Satyaprasad, Esq.
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY 10022

Peter Sklarew, Esq.
Alan M. Shapiro, Esq.
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station,
Washington, DC 20044

_/s/___ Kathleen M. LaManna_____

5