UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: ) | |
| ) | **No. 3:02-CV-1725 (AWT)** |
| SCOTT CABLE COMMUNICATIONS, INC., ) | (Consolidated Bankruptcy Appeals) |
| ) | |
| Debtor. ) | (Bankr. Ct. Case No. 98-51923) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Appellant, ) | |
| v. ) | |
| ) | |
| SCOTT CABLE COMMUNICATIONS, INC. and ) | |
| STATE STREET BANK AND TRUST CO. as ) | |
| Indenture Trustee for certain note holders ) | |
| ) | |
| Appellees ) | |

**NON-OBJECTION TO APPELLEE'S REQUEST TO FILE SUR-REPLY,
PROVIDED THE COURT RECOGNIZES THAT IT IS REALLY AN
INITIAL OBJECTION TO THE UNITED STATES' REQUEST FOR
JUDICIAL NOTICE, AND THEREFORE ALSO CONSIDERS THIS
REPLY (Including Citations to Cases in Support of Judicial Notice)**

While DI# 104 is styled as a request to file a sur-reply, it is really more in the nature of an objection to the government's request for judicial notice of certain recent events in the Delaware Adversary Proceeding, which was combined with the government's reply in support of rehearing (DI# 102). Thus, the sur-reply states that it will not address our rehearing arguments (although it does attempt to reformulate them), and instead argues that the government is "inappropriately" raising arguments more properly left to the Delaware Bankruptcy Court. We therefore reply to the opposition to judicial notice in order (1) to assure that we are not asking this Court to rule on matters before the Court in Delaware, (2) to clarify the purpose for which judicial notice *is* sought, and (3) supply case law in support of it. We do not object to the Court granting the Indenture Trustee's request to file, provided this reply to the objection to judicial notice is also considered.

Contrary, to the sur-reply's misstatements, the government is absolutely ***not*** asking this Court in any way to adjudicate any issue that is before the Court in Delaware. To the extent the

- 1 -

Indenture Trustee is suggesting that it is improper even to consider the fact that it and its co-defendants in Delaware are *presenting* certain contentions to the bankruptcy court there, judicial notice is proper for the limited purposes for which we are requesting it, as ample case law confirms.[1]   (This Court previously, in 2005, granted a request for judicial notice of events in Delaware.[2])

      What the government is actually asking is primarily that this Court *consider* that the Indenture Trustee and its Delaware co-defendants are arguing in Delaware that only a Chapter 7 Trustee can seek equitable subordination of the secured claim with respect to the junior (16%) PIK notes.[3]   Further, since they have presented that issue as one of jurisdiction (standing), even a judgment in the government's favor at this stage in the Delaware adversary proceeding will leave the government at risk that, in a subsequent appeal, the Delaware District Court or the Third Circuit might conclude that it was essential for the government to get a trustee appointed in Connecticut, and for such a trustee to adopt the government's pleading in Delaware, in order for

---

1/ See Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir.1992) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings"; internal quotation omitted); Scherer v. Equitable Life Assurance Soc., 347 F.3d 394, 402 (2d Cir. 2003) (court of appeals may take judicial notice of events in related cases); Lyons v. Stovall, 188 F.3d 327, 333 n.3 (6th Cir. 1999), cert. denied 120 S.Ct. 2197 ("it is well-settled that '[f]ederal courts may take judicial notice of proceedings in other courts of record' and we have done so here by obtaining Petitioner's state appellate briefs from the Michigan appellate courts"); Veg-Mix, Inc. v. United States Dep't of Agric., 832 F.2d 601, 607 (D.C.Cir.1987) (court of appeals may take judicial notice of official court records in other cases involving the same subject matter or questions of a related nature between the same parties, including bankruptcy pleadings); Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983) (same).

2/ *See* 3/14/05 hearing transcript (DI# 34) at 3.

3/ The other thing the government is asking this Court to take judicial notice of is the government's unsuccessful efforts to gain authority to represent the bankruptcy estate in asserting a fraudulent transfer defense, under 11 U.S.C. § 502(d) and § 544(b), to the security interest transferred to the junior (16%) PIK note holders for inadequate consideration during the 1996 reorganization.  An appeal from the denial of the government's request for authority to represent the estate in order to be able to present that defense is pending in Delaware, and is being held in abeyance for eventual consolidation with any appeal(s) that made be taken by either side from any judgment on the merits of the equitable subordination and debt/equity recharacterization claims asserted in the government's complaint.

the equitable subordination count of the Delaware adversary complaint to be justiciable.  This means that a failure by the government to appeal this Court's affirmance of the denial of its motion to convert to Chapter 7 would expose the government to a risk that, after nine years of litigation, one count of its two-count complaint in Delaware may have to be dismissed for lack of jurisdiction.

   Without regard to the correctness of the arguments of the Indenture Trustee and its co-defendants in Delaware, there mere existence of those arguments are highly relevant to the appeal from the denial of conversion, and reflect a risk of a whipsaw.  Without addressing the merits of any issue, first, there is no dispute (and this Court's decision acknowledges) that the bankruptcy court denied conversion without giving any explanation of its reasons or how it weighed any factors in exercising discretion.  Second, the bankruptcy court nonetheless had indicated in several hearings and stated again in the order on appeal (albeit in connection with the cash collateral issue), that the government was precluded, based on the Delaware bankruptcy court's grant of the debtor's motion to intervene, from raising any issues with respect to the conflict of interest of the debtor's management.  Third, the government has been arguing consistently since these appeals started that the issue-preclusion assumption is wrong and unprecedented.  Fourth, this Court's decision relies on comments of the bankruptcy judge at a hearing indicating that several other factors *may have* influenced its exercise of discretion, but there remains no way to know how discretion would have been exercised if the bankruptcy court had not considered itself precluded from considering the conflict of interest.  Fifth, this Court also surmised that appointing a trustee is not the only way to ameliorate a conflict of interest on the part of a debtor, suggesting that a creditor can be appointed to represent the estate.

   With this in mind, the request for judicial notice is entirely proper and appropriate because the positions of the defendants, and particularly the debtor, in the Delaware proceeding (and the ruling of the Delaware court on the government's request to represent the estate in asserting a

fraudulent transfer defense to the assertion of the secured claim for the junior notes), serve to confirm the arguments that the government has been consistently pressing throughout these appeals, regarding the need for a disinterested trustee. The debtor is *still, to this day,* the estate's fiduciary (debtor in possession). It is *still, to this day,* refusing to seek equitable subordination on behalf of the bankruptcy estate. It is *still, to this day*, refusing to assert a § 502(d) defense, in the nature of fraudulent transfer of a security interest avoidable under § 544(b), to the secured claim of the junior (16%) PIK note holders.[4/] The debtor and the Indenture Trustee at the same time have successfully persuaded the Delaware court that the government lacks standing to present that defense, and they successfully opposed authorizing the government to represent the estate in that regard. Worse still, they are now both insisting that the Delaware Bankruptcy Court lacks jurisdiction to resolve the government's equitable subordination claims for similar reasons. Meanwhile, they continue to argue in this Court that there was no need for an independent trustee and that the bankruptcy court did not abuse its discretion in refusing to convert or otherwise appoint one. And, they continue to maintain that the reason is that the "law of the case" did in fact

---

4/ A perfect example of how a *disinterested* fiduciary acts when faced with conflicts of interest and evidence of a fraudulent transfer is revealed by the attached copy of a pleading just filed today by a recently appointed Chapter 7 trustee in another case, *In re Hirsch*. In that case, an individual debtor with a conflict of interest failed to assert a fraudulent transfer against a trust for his children of which he was the trustee, until after the period of limitations in 11 U.S.C. § 546 on a claim under 11 U.S.C. § 544(b) expired. (Using the fraudulent transfer claim only defensively under § 502(d), arguably rendering the limitations period inapplicable, is not possible in the *Hirsch* case because the transfer was of cash and real property and not just the grant of a security interest.) That case was eventually, after five years, converted to Chapter 7. The Trustee has already moved to lift the automatic bankruptcy stay to intervene in and thereby join the debtor's spouse in a pending state law fraudulent transfer action (as described in the attached pleading). In addition, the trustee in the *Hirsch* case now seeks to condition any allowance of fees for the debtors' counsel on an explicit waiver by said counsel of any issue preclusion arguments if the Trustee later brings a malpractice action against the debtor's counsel for allowing the period of limitations on a fraudulent transfer action to expire. The *Hirsch* trustee explains that he intends to take the position that the period of limitations has been equitably tolled, which could mitigate the estate's damages, and that therefore, the Trustee feels that a malpractice action would be premature at this time. He wants all the other issues to be resolved first, before any fees are awarded, unless the debtor's counsel waives issue-preclusion arguments, and he wants the actual distribution of any fees that are allowed to be held in abeyance to preserve the estate's offset rights in the event a malpractice action becomes necessary. The need for a trustee in the instant case is even greater because a corporate Chapter 7 Trustee assumes the corporation's right to assert or waive the attorney-client privilege.

bar the government's arguments based on the undisputed conflict of interest of the debtor's management, which stands to make millions of dollars *personally* if the government loses the Delaware proceeding.

In repeatedly reformulating the government's contentions, the appellees seem to be hoping that the Court will throw up its hands and stick to an appellate decision that does not resolve the government's main argument in these appeals – a decision that, because of the latest events in Delaware, will, in our view, all but compel a further appeal.  The government respectfully submits that if rehearing is denied, and assuming an appeal is authorized by the Solicitor General, the Second Circuit will be wondering why this Court did not address what the government has always presented as one of its foremost and primary arguments – *i.e.*, that the Connecticut Bankruptcy Court's denial of conversion was influenced by a legally incorrect belief that "law of the case" precluded it, in the exercise of its discretion, from giving any consideration to the conflict of interest of the debtor's management.  Given the debtor's admission that no plan will ever be confirmable, that conflict should have weighed heavily in favor of the appointment of disinterested trustee to act as the estate's fiduciary in determining whether to assert a § 544(b) fraudulent transfer of a security interest as a defense to the secured claim for the junior PIK notes, and in determining whether to join the government's adversary complaint.

The Court should take judicial notice of the events in Delaware (and should reconsider its decision).  The government continues to suggest that oral argument may be helpful to the Court.

          KEVIN J. O'CONNOR
          United States Attorney

            */s/ Peter Sklarew*
          PETER SKLAREW
          Federal Bar No. CT 17864
          U.S. Department of Justice, Tax Div.
          P.O. Box 55
          Washington, D.C. 20044-0055
          (202) 307-6571
          peter.a.sklarew@usdoj.gov

## CERTIFICATE OF SERVICE

      IT IS CERTIFIED that I have caused the foregoing **NON-OBJECTION TO APPELLEE'S REQUEST TO FILE SUR-REPLY, PROVIDED THE COURT RECOG- NIZES THAT IT IS REALLY AN INITIAL OBJECTION TO THE UNITED STATES' REQUEST FOR JUDICIAL NOTICE AND THEREFORE ALSO CONSIDERS THIS REPLY (Including Citations to Cases in Support of Judicial Notice)** to be electronically filed, which will result in automated electronic service, this  6th  day of November, 2007, for the same by the Court's ECF system and, in addition, to the extent any of the following are not indicated as served on the ECF confirmation notices, I will immediate cause them to be served by other means.

Daniel H. Golden
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY  10022

Craig I. Lifland
Zeisler & Zeisler
558 Clinton Avenue
Bridgeport, CT  06605

Ira Goldman
Shipman & Goodwin
One American Row
Hartford, CT  06103-2819

United States Trustee
265 Church Street, Ste. 1103
New Haven, CT  06510-7016

Joan Pilver
Assistant Attorney General
State of Connecticut
55 Elm Street, 5th Floor
Hartford, CT 06141

          */s/ Peter Sklarew*
PETER SKLAREW
Federal Bar No. CT 17864
U.S. Department of Justice, Tax Div.
P.O. Box 55
Washington, D.C. 20044-0055
(202) 307-6571