| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing Date: November 27, 2007<br>@ 10:00 a.m. |

In re:

Benjamin Hirsch,

        Debtor.

bw-4730

CHAPTER 7

CASE NO. 02-17966-633

**TRUSTEE'S RESPONSE TO PROPOSED SETTLEMENT
BETWEEN THE IRS AND THE ATTORNEYS FOR
THE DEBTOR OF THE IRS OBJECTION TO THE
FEE REQUESTS OF THE ATTORNEYS FOR THE DEBTOR**

TO: THE HONORABLE DENNIS E. MILTON,
     U.S. BANKRUPTCY JUDGE

     Robert J. Musso, chapter 7 trustee ("Trustee") of the estate of Benjamin Hirsch ("Debtor"), by his attorneys, Rosenberg Musso & Weiner, LLP, submits this response to the proposed settlement between the Internal Revenue Service ("IRS") and the attorneys for the Debtor resolving the objection to the final fee applications filed by the attorneys for the Debtor, as follows:

     1.     The Debtor filed a voluntary Chapter 11 petition on June 21, 2002. On January 5, 2007, this Court converted the Debtor's case to one under Chapter 7.

     2.     The Trustee, was appointed interim trustee, subsequently qualified, and is serving as permanent trustee.

     3.     In this case, the Debtor was represented by Stein Riso Mantel LLP ("SRM") and Joseph J. Haspel, Esq. ("Haspel"). After the case was converted, SRM and Haspel filed final fee requests with this Court. The Trustee, the United States Trustee, and the IRS filed objections to the fee requests. On the eve of the last hearing, the IRS, SRM, and Haspel reached a settlement of the IRS objections to the fee requests, and the IRS agreed not to object to allowed fees and expenses totaling $180,000.00. The Trustee files this response to state his position on the settlement and his

concerns about the potential effect of the settlement on claims that the estate may have against SRM and Haspel.

4.  The Trustee previously filed objections to the fee request. The Trustee will not repeat those objections at length in this response, but incorporates those objection by reference. In the objections, the Trustee detailed what he believes to be the numerous failures and conflicts of interest of SRM and Haspel in representing the estate in the Chapter 11 case. The Trustee believes that SRM and Haspel failed to pursue fraudulent conveyances by the Debtor, failed to pursue alter ego claims against the Hirsch Family Trust, and generally represented the interests of the Debtor, not the Debtor's estate. The Trustee intends to pursue those actions, if necessary, but is concerned that he may be barred by Section 546 of the Bankruptcy Code from bringing such actions. The Trustee says "if necessary" because the Trustee has recently filed a motion to modify the automatic stay to permit the Trustee to intervene in the marital action and to present in that action, jointly with Nachama Hirsch, a final judgment setting aside fraudulent transfers from the Debtor to the Hirsch Family Trust and declaring the Trust to be the alter ego of the Debtor. Even if the Trustee succeeds in that regard, or even if the Trustee may bring the Section 544 actions, and it is the Trustee's position that he can under equitable tolling principles, the properties in question may have been further transferred to third parties, or the Debtor, the Entity Debtors, or the Hirsch Family Trust may have encumbered the properties so as to cause them to have little value. If the Trustee cannot pursue the properties or other claims or if those claims have lost value during the Chapter 11 case, the Trustee intends to pursue malpractice and conflict of issue claims against SRM and Haspel.

5.  The Trustee has researched the issue of the effect of a court determination of a final fee application on a future malpractice action against the professionals that obtained a final fee award. Three United States Circuit Courts of Appeal have held that under principles of *res*

*judicata*, approval of a final fee application bars any later malpractice action or fraud claim against the professionals who fees were approved. *Grausz v. Englander*, 321 F.3d 467 (4th Cir. 2003); *Iannochino v. Rodolakis (In re Iannochino)*, 242 F.3d 36 (1st Cir. 2001); *Osherow v. Ernst & Young, LLP*, 200 F.3d 382 (5th Cir. 2000). Those courts held that the issues of malpractice must be raised as a counterclaim to the final fee application at the time that the bankruptcy court considers and approves the final fee application. *Grausz*, 321 F.3d at 475. Because the malpractice or fraud claim could have been raised in connection with the fee application, it cannot be raised later in a separate action. *Id.*

   6. Because the Trustee believes that the Debtor's estate has malpractice claims and conflict of interest claims against SRM and Haspel, the Trustee does not want determination of the fee applications to preclude the estate from bringing those actions. The Trustee recognizes that the estate could bring the actions now as a counterclaim to the final fee applications, but submits that it would not be in the best interests of the estate to have the malpractice and conflict of interest claims heard now. The reason for this is that the Trustee believes that the estate can establish liability and conflict of interest, but at this time does not know the damages to the estate. As noted above, the Trustee filed a motion to modify the automatic stay to have the state court enter a judgment avoiding the fraudulent conveyance of the Debtor's interest in the Entity Debtors and other property to the Hirsch Family Trust and to have the Hirsch Family Trust declared the alter ego of the Debtor. If the Trustee is successful in having the state court judgment entered, and successful in recovering the properties or their value for the estate, the estate may not be damaged by the actions of SRM and Haspel. This is why the Trustee believes that it is not in the best interests of the estate to bring the malpractice and conflict of interest actions now.

   7. For the reasons set forth in this response, the Trustee objects to the settlement between the IRS and SRM and Haspel unless SRM and Haspel affirmatively waive all *res judicata*,

collateral estoppel, issue preclusion, and other defenses that they may have because this Court awarded them fees. This must include that there will be no evidentiary bar to use of any evidence of any conflicts of interest in the pursuit of any future malpractice or related claim against SRM or Haspel.  The Trustee also requests that if fees are awarded, those fees not be paid until the final meeting to preserve any right of offset that the estate may have against SRM and Haspel.  If SRM and Haspel are not willing to waive such defenses, and if they will not agree that fees will not be paid until the final accounting, the Trustee requests that their fee applications be adjourned until the final accounting, or such earlier time as the Trustee can determine if it should bring malpractice and conflict of interest actions against SRM and Haspel.

WHEREFORE, the Trustee requests that this Court not approve the settlement between the IRS and SRM and Haspel unless they agree that any fee award cannot be used as a defense to any action the Trustee may bring against SRM and Haspel, agree that a fee award shall not raise any basis for any kind of evidentiary exclusion, and agree that fees, if awarded, will not be paid until the final accounting, or alternatively, in the event that SRM and Haspel do not agree, that the fee applications of SRM and Haspel be adjourned until the final accounting, together with such other and further relief as is just and proper.

Dated: Brooklyn, New York  
       November 5, 2007

Rosenberg, Musso & Weiner, LLP  
Attorneys for Trustee

By:    /s/  
Bruce Weiner (BW-4730)  
26 Court St., Suite 2211  
Brooklyn, New York 11242  
(718) 855-6840