IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: | ) |
| | ) **No. 3:02-CV-1725 (AWT)** |
| SCOTT CABLE COMMUNICATIONS, INC., | )       (Consolidated Bankruptcy Appeals) |
| | ) |
| Debtor. | ) |
| _____ | )(Bankr. Ct. Case No. 98-51923) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Appellant, | ) |
| v. | ) |
| | ) |
| SCOTT CABLE COMMUNICATIONS, INC. and | ) |
| STATE STREET BANK AND TRUST CO. as | ) |
| Indenture Trustee for certain note holders | ) |
| | ) |
| Appellees | ) |

**MOTION OF THE COMMONWEALTH OF VIRGINIA, DEPARTMENT OF TAXATION TO PRESENT A STATEMENT IN SUPPORT OF THE UNITED STATES**

COMES NOW the Commonwealth of Virginia, Department of Taxation, ("the Department") by Counsel, and respectfully moves for leave from this Court to present the following statement in support of the relief sought by the United States in its motion made pursuant to Rule 8015 and filed on September 17, 2007. The United States filed its motion in light of legal arguments now being made in the related Delaware proceeding. In support of its motion to make a statement in support of the United States, the Department states as follows:

1. The Department is a taxing authority for the Commonwealth of Virginia and administers corporate income taxes imposed upon businesses located in and/or doing business within the Commonwealth. As such, the Department is a creditor in this case with an administrative claim for these taxes imposed upon the income from the 1999 sale of the debtor's assets. The Department has filed a claim in the amount of $1,350,041.46, plus

Mark K. Ames, VSB 27409
Taxing Authority Consulting Services, P.C.
2812 Emerywood Parkway, Suite 220
Richmond, Virginia 23294
(804) 649-2445   mark@taxva.com

      accrued interest to date.  (See proof of claim designated No. 155 under the CM/ECF Claims Register for bankruptcy case no. 98-51923 ).

2.     Up until the date of this pleading, the Department has remained inactive in this case relying upon the actions of the United States because its activities seemed directed at relief that would benefit all members of the administrative tax claimant class of which the Department is a member.  As an administrative tax claimant, the Department stands to recover a substantial portion of its claim should the United States prevail in the adversary proceeding currently pending in the United States Bankruptcy Court for the District of Delaware as Case No. 01-4605.  In this case, the United States is seeking to either recharacterize the secured "junior notes" as equity or to subordinate the claim supported by these notes and transfer the lien securing that claim to the estate as provided in 11 U.S.C. 510(c).   That relief would benefit the claims of all the taxing authorities.

STATEMENT OF THE COMMONWEALTH OF VIRGINIA, DEPARTMENT OF TAXATION
IN SUPPORT OF THE UNITED STATES MOTION TO REHEAR AND REVERSE
THE DECISION OF THE CONECTICUT BANKRUPTCY COURT DENYING THE
MOTION TO CONVERT TO CHAPTER 7

3.     The United States reports to the Court that in the Delaware adversary proceeding it has been determined that it cannot represent the interests of the other administrative tax claimants as a trustee pursuant to Bankruptcy Code § 544(b). The United States further reports to this Court that the defendants in the Delaware adversary proceeding are now attempting to expand that procedural victory into an argument that the United States also lacks standing to seek equitable subordination or debt/equity recharacterization, and that only a Bankruptcy Trustee or debtor in possession may seek such relief as well.  The United States also reports to this Court that the defendants in Delaware argue, in the alternative, that even if the United States may seek relief, if may do so only for itself and not for the benefit of the state taxing authorities.  Since the United States debt/equity recharacterization argument is in the nature of an objection to a claim, the Department does not understand why there is any reason why a creditor like the United States cannot pursue this argument.  The issue for equitable subordination is more complicated because

11 U.S.C. § 510(c)(2) provides that a lien for an equitably subordinated claim may "be transferred to the estate" so there is at least a plausible argument that only the representative of the estate may seek this relief.  It also appears from the papers filed in Delaware that the equitable subordination claims are particularly strong, based on evidence that the company received little or nothing in exchange for granting a security interest to the holders of the junior notes and on documentary evidence proving that the very purpose of the gratuitous grant of the security interest was to enable the junior noteholders to claim priority over taxes that would be incurred in a sale of assets.  The debt/equity recharacterization claim, on the other hand, appear from the papers filed to involve a battle of financial experts.  The Department therefore would be disturbed to learn that equitable subordination is not within the jurisdiction of the Delaware Court simply because a trustee has not been appointed.   It is therefore imperative that this case be converted so that the trustee will have the opportunity to intervene in the Delaware litigation on behalf of the administrative tax claimants other than the United states and to assure that there is jurisdiction to determine the equitable subordination issue, and also possibly to pursue an avoidance action under 11 U.S.C. § 544(b) if the trustee determines that such an action is warranted on the existing trial record.

WHEREFORE, the Virginia Department of Taxation respectfully requests this Court to grant the relief the United States seeks in its Motion to Rehear.

.                                        Respectfully submitted,

                                         COMMONWEALTH OF VIRGINIA
                                         DEPARTMENT OF TAXATION

                                         BY: _____
                                                Mark K. Ames, VSB 27409
                                                Taxing Authority Consulting Services, P.C.
                                                2812 Emerywood Parkway, Suite 220
                                                Richmond, Virginia 23294
                                                (804) 649-2445

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of foregoing Motion and Statement was sent by first class mail this ___ day of November 2007 to the following:

Daniel H. Golden
Akin, Gump, Strauss, Hauer & Feld, LLP
590 Madison Avenue
New York, NY 10022

Craig I. Lifland
Zeisler & Zeisler
558 Clinton Avenue
Bridgeport, CT 06605

Ira Goldman
Shipman & Goodwin
One American Row
Hartford, CT 06103-2819

Patricia Beary
Asst. U.S. Trustee
265 Church Street, Ste. 1103
New Haven, CT 06510-7016

Joan Pilver
Assistant Attorney GeneralState of Connecticut
55 Elm Street, 5th Floor
Hartford, CT 06141

Peter Sklarew, Assistant Chief
U.S. Department of Justice, Tax Division
P.O. Box 55
Washington, D.C. 20004-0055

_____

Mark Ames