

member Betty T. Yee
member Michael C. Genest

State of California
Franchise Tax Board


<u>Via Telecopier and First-Class Mail</u>

December 14, 2007

Daniel H. Golden, Esq.
Akin Gump Strauss Hauer & Feld LLP
590 Madison Avenue
New York, New York 10022

   Re: <u>In re Scott Cable Communications, Inc.</u>
      (Bankruptcy Case No. 98-51923)

Dear Mr. Golden:

I am an attorney with the California Franchise Tax Board ("FTB") and am writing in regard to the Scott Cable Communications, Inc. ("Scott Cable") bankruptcy case. As you should be aware, FTB holds an administrative claim, filed September 18, 2000 in the Scott Cable case, in the amount of $355,195.81, as of September 13, 2000. Interest continues to accrue on such claim from and after September 13, 2000.

I have reviewed the following pleadings and decisions filed in connection with the Scott Cable case: *In re Scott Cable Communications, Inc.*, 227 B.R. 596 (Bankr. D. Conn. 1998); *In re Scott Cable Communications, Inc.*, 259 B.R. 536 (Bankr. D. Conn. 2001); Debtor's Motion to Intervene, dated January 1, 2002; *United States v. State Street Bank and Trust Co.*, 2002 WL 417013 (Bankr. D. Del. 2002); *In re Scott Cable Communications, Inc.*, 287 B.R. 1 (Bankr. D. Conn. 2002); United States Opening Brief, dated April 4, 2005; Brief of Appellee U.S. Bank National Association, filed April 22, 2005; Apellees' Brief of Scott Cable Communications, Inc. and Akin Gump Strauss Hauer & Feld LLP ("Debtor's Brief"), dated May 17, 2005; United States' Combined Reply Brief, dated May 31, 2005; transcript of hearing before the Connecticut District Court, dated May 23, 2006; transcript of hearing before the Connecticut District Court, dated October 6, 2006; Opinion and Order of the Connecticut District Court, filed September 7, 2007; Motion of United States, Pursuant to Rule 8015, filed September 17, 2007; Objection of U. S. Bank National Association, as Indenture Trustee, to Motion of United States, Pursuant to Rule 8015, filed October 9, 2007; Objection of Appellees Scott Cable Communications, Inc. and Akin Gump Strauss Hauer & Fled LLP to Government's Motion for Rehearing, filed October 9, 2007; Reply on Rule 8015 Motion, with Request for Judicial Notice (and Suggestion for Telephonic Argument), filed October 23, 2007; Sur-Reply of U.S. Bank National Association, as Indenture Trustee to United States' Motion for Rehearing, filed November 5, 2007; and Motion of Commonwealth of Virginia, Department of Taxation to Present a Statement in Support of United States, filed November 26, 2007.

Legal Division MS A260  tel 916.845.6340
PO BOX 1720  fax 916.855.5607
Rancho Cordova CA 95741-1720  Todd.Bailey@ftb.ca.gov

Daniel H. Golden, Esq.
Akin Gump Strauss Hauer & Feld LLP
December 14, 2007
page 2

Based on this review, the Scott Cable case should immediately be converted to Chapter 7 for the following reasons:

    1.    Based on the conduct of the debtor, as debtor in possession in the Scott Cable case, as is described herein, a trustee must be appointed.

    2.    There is no justification for the case to remain in Chapter 11. Accordingly, conversion is the only proper course to ensure the appointment of a trustee.

    3.    The debtor, as debtor in possession, is improperly supporting the position of the junior noteholders in the Delaware adversary proceeding. There is simply no justification for the debtor in possession to oppose the United States' objection to the junior noteholders' claim. Moreover, the debtor's support of the junior noteholders' position must be seen for what it is: a continuation of the debtor's effort to avoid the payment of taxes. The Connecticut bankruptcy court has already determined that such effort is improper in refusing to confirm the debtor's plan, a plan that also improperly included releases of third parties. *In re Scott Communications, Inc.,* 227 B.R. 596 (Bankr. D. Conn. 1998). This determination is, of course, binding on the debtor. Finally, the only possible explanation for the debtor's improper conduct is its conflict of interest in this case, which arises by virtue of the debtor's management's 21.5 % interest in the junior notes.

    The debtor, as debtor in possession, should have asked itself what a trustee would have done, and the debtor, as debtor in possession, should have done what a trustee would have done. With this in mind, the answer is clear: the debtor should not have supported the junior noteholders' position, and, if anything, should have opposed the junior noteholders' position.

    Truly, the debtor, as a debtor, has no further interest in the Scott Cable case. The remaining funds will either go to the junior noteholders or to the administrative tax claimants. Thus, a trustee (and therefore a debtor in possession) should do nothing to represent the debtor's interest in this case. Indeed, the debtor's interest is only as a stakeholder and the debtor's interest can protected by insuring that those would claim an interest in the funds are given a right to claim such interest. Outside of bankruptcy, the debtor would commence an interpleader action (or a bankruptcy case) and then remove itself from that action.

    4.    The debtor, as debtor in possession, is improperly not acting to protect the interests of all administrative claimants, including FTB. The junior noteholders are presently represented by counsel in the Scott Cable case and in the Delaware adversary proceeding, and the United States is presently represented by counsel in the Scott Cable

Daniel H. Golden, Esq.
Akin Gump Strauss Hauer & Feld LLP
December 14, 2007
page 3

case and in the Delaware adversary proceeding. Thus, only the other administrative tax
claimants do not have current representation. Although the debtor claims to agree with
the decision of the Delaware bankruptcy court that it has a fiduciary duty to represent all
creditors (Debtor's Brief at page 6), the debtor has failed to fulfill that duty with respect
to the other administrative tax claimants, including FTB.

5.      The debtor, as debtor in possession, is improperly seeking to use estate
funds to support the position of the junior noteholders in the Delaware adversary
proceeding.

6.      The debtor, as debtor in possession, is improperly expending estate
resources to support the position of the junior noteholders, when the junior noteholders
are well represented by their own counsel. This then is an unnecessary expenditure of
funds.

7.      The debtor, as debtor in possession, is improperly requesting authority to
use cash collateral of the junior noteholders. Given that the junior noteholders consent to
the use of their cash collateral, it is apparent that the debtor's purpose in seeking such
authority is something other than to obtain such authority under Bankruptcy Code § 363.

8.      The debtor, as debtor in possession, is improperly opposing the United
States' motion to convert the case from Chapter 11 to Chapter 7, or, in the alternative, to
appoint a Chapter 11 trustee.

9.      The debtor, as debtor in possession, is improperly failing to allow an
independent party (i.e., a trustee or examiner) to review those documents that the debtor
in possession contends in the Delaware adversary proceeding are protected by the
attorney-client privilege. In so doing, the debtor is failing to fulfill one of the reasons that
the Delaware Bankruptcy Court allowed its intervention, namely to provide information
to assist the court in determining whether the junior noteholders' claims should be
subordinated. *United States v. State Street Bank and Trust Co.*, 2002 WL 417013 (Bankr.
D. Del. 2002) ("Debtor clearly has information relating to the secured status of those
claims which would be pertinent to the Court's determination of whether the Notes should
be recharacterized as equity, or whether the PIK Note Holders liens should be invalidated
and/or subordinated.").

10.     The debtor, as debtor in possession, is improperly failing to seek the
position of administrative claimants and report that position to the Bankruptcy Court and
the District Court related to the pending cash collateral motion, the pending application
for compensation and the pending motion to convert or appoint a trustee.

Daniel H. Golden, Esq.
Akin Gump Strauss Hauer & Feld LLP
December 14, 2007
page 4

11.    The debtor, as debtor in possession, is improperly failing to oppose the junior noteholders' argument in the Delaware adversary proceeding that the United States lacks standing on the equitable subordination claim, because (as the junior noteholders argue) only a trustee (i.e., a debtor in possession) has standing to bring such a claim.

12.    In light of the junior noteholders' argument in paragraph 11, the debtor, as debtor in possession, is improperly failing to immediately take such actions as are necessary to prosecute the United States' position related to equitable subordination in the Delaware adversary proceeding on behalf of the potentially unrepresented bankruptcy estate (i.e., the other administrative tax claims). Significantly, this failure is a new failure that has never been considered by any court related to the motion to convert or appoint a trustee.

13.    The debtor, as debtor in possession, is improperly failing to bring a Bankruptcy Code § 544(b) claim against the junior noteholders after successfully precluding the United States from doing so and is failing to argue that the limitations period in § 546 is inapplicable when § 544(b) is asserted in defense to a secured claim under § 502(d).

14.    The debtor, as debtor in possession, is improperly failing to oppose the junior noteholders' position in the Delaware adversary proceeding that, if the United States prevails on its equitable subordination argument, only the United States will benefit.

15.    In light of the junior noteholders' position described in paragraph 14, the debtor, as debtor in possession, is improperly failing to immediately take the position in the Delaware adversary proceeding that, if the United States prevails on its equitable subordination argument, the debtor in possession, on behalf of the estate, shall be determined to prevail on such argument against the junior noteholders. Significantly, this failure is a new failure that has never been considered by any court related to the motion to convert or appoint a trustee.

16.    The debtor, as debtor in possession, is improperly arguing that the March 4, 2002 Order in the Delaware proceeding had any effect on any decisions in the Connecticut Bankruptcy Court related to the cash collateral motion, the motion to convert or to appoint a trustee or the fee application. First, such an interlocutory order does not, as a matter of law, bind any court in considering these or any other matters. Second, the order merely authorized the debtor to intervene; it did not determine that the debtor's support of the junior noteholders was consistent with the debtor's fiduciary duty as a debtor in possession in this case. Third, to the extent that the order determined that it is proper for the debtor to support the junior noteholders, the decision was wrong. Fourth, the order cannot bind creditors who were not served with the underlying motion,

Daniel H. Golden, Esq.
Akin Gump Strauss Hauer & Feld LLP
December 14, 2007
page 5

including FTB. Indeed, the failure to serve all creditors demonstrates that it was not the Delaware Bankruptcy Court's intent that the order be a determination of whether the debtor's decision to support the junior lienholders is consistent with the debtor's fiduciary duty as a debtor in possession in the Scott Cable case.

Based on the above, the debtor, as debtor in possession, has a duty to immediately consent to conversion of the case to Chapter 7, and FTB hereby demands that the debtor do so.

In addition, FTB hereby demands that, as long as the debtor remains as debtor in possession, you, as counsel for the debtor in possession, keep me informed in writing of all material actions that are occurring in the Scott Cable case and in the Delaware adversary proceeding so that, if the debtor continues to fail to represent the estate's interests, FTB can makes its position know to the appropriate court.

Sincerely,

Todd M. Bailey
Tax Counsel IV
Lead, Bankruptcy and Collections Unit
General Counsel Section

cc:     Peter Sklarew, Esq. (via e-mail and first-class mail)
        Kathleen M. LaManna, Esq. (via first-class mail)
        Joan Pilver, Esq. (via first-class mail)
        Connecticut Office of the United States Trustee (via first-class mail)
        Mark K. Ames, Esq. (via first-class mail)
        Craig Lifland, Esq. (via first-class mail)
        State of Louisiana, Department of Revenue (via first-class mail)